Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:       (703) 280-9081
E-Mail:           benglander@whitefordlaw.com
                  adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE
REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS**

The debtors and debtors in possession in the above-captioned cases (together, the "**Debtors**") move (this "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC, (9270), Case No. 23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-ELG; SSC 1901 Brooks MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574), Case No. 23-00143-ELG; SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321 Fifth Canopy DC, LLC (3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472), Case No. 23-00146-ELG; SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-ELG; SSC 2501 N DC, LLC (6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC (9082), Case No. 23-00149-ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate Debtors are referred to collectively herein as the "**Debtors**").

(the "**Bankruptcy Rules**"), and Rule 6006-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "**Local Rules**"), authorizing the Debtors to reject those certain executory contracts and unexpired leases identified on Schedule 1 to the Motion (the "**Contracts**"), effective as of the date of this Motion. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. To the extent that it may be determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution, the Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion.

2. Venue of the cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory bases for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1.

**Background**

*A.   General Background*

5. On February 2, 2023, the Initial Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.

6. Concurrently with the filing of its petition, SaveSolar Corporation, Inc. filed Form 108, electing that the above-captioned cases be treated as a Complex Case under this Court's Complex Case Procedures. These cases are eligible for treatment under the Complex Case

Procedures because the aggregate liabilities of all affiliated debtors total more than $10,000,000 and/or the total number of creditors is more than 50. *See* Complex Case Procedures I(a)(1) and I(a)(2).

7. On May 31, 2023, the Affiliate Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code. The Debtors' cases are jointly administered pursuant to the *Orders Directing Joint Administration*. *See* Docket Nos. 39, 157.

8. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

9. As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

10. Additional information regarding the Debtors' business may be found in the *Declaration of Karl Unterlechner In Support of Debtors' First Day Motions*, filed on February 8, 2023 (Docket No. 24).

### B. The Sale Process

11. On July 28, 2023, the Court entered the *Order (A) Approving Sale of Substantially All of Debtors' Property Free and Clear of Liens, Claims, Interests and Encumbrances; (B) Approving Amended Sales Contract; (C) Waiving Stays Under Bankruptcy Rule 6004; and (D) Granting Related Relief* (Docket No. 231) (the "**Sale Order**"), approving the sale of substantially all of the Debtors' assets to Edson Redball DevCo LLC, a Delaware limited liability (the "**Purchaser**"), pursuant to that certain Asset Purchase Agreement between the Debtors and the Purchaser (as amended, the "**Sales Contract**").

12. The Sale Order included as an exhibit the First Amendment to Asset Purchase Agreement (the "**First Amendment**"). Appendix A to the First Amendment included a list of

3

excluded contracts. *See* Sale Order at pages 24-25. The Contracts were designated as excluded contracts.

13. On July 31, 2023, the Court entered the *Order Granting Debtors' Motion for Authority to Assume and Assign Executory Contracts and Unexpired Leases* (Docket No. 233), authorizing the Debtors to assume and assign the majority of their executory contracts and unexpired leases to the Purchaser in connection with the sale. As excluded contracts, the Contracts were not assumed or assigned to Purchaser at closing.

14. On or about August 7, 2023, the Debtors closed the sale of substantially all of their assets to the Purchaser (the "**Closing**"). *See* Docket No. 248.

15. In conjunction with the Closing, the Debtors have taken certain steps to winddown their businesses, including, among other things, terminating all of their U.S.-based employees.

### Relief Requested and Basis Therefor

16. By this Motion, the Debtors request entry of the Proposed Order authorizing the Debtors to reject the Contracts, effective as of the date of this Motion, pursuant to section 365 of the Bankruptcy Code.

17. Section 365 of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

18. The standard governing whether to approve a motion pursuant to section 365 is the business judgment test, which requires a showing that the proposed course of action will be advantageous to the estate and the decision is based on sound business judgment. *See Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993) ("[A] bankruptcy court reviewing a trustee's or debtor-in-possession's decision to assume

4

or reject an executory contract should examine a contract and the surrounding circumstances and apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it. In reviewing a trustee's or debtor-in-possession's decision to assume an executory contract, then, a bankruptcy court sits as an overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee or debtor-in-possession and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate."); *In re Wheeling–Pittsburgh Steel Corp.,* 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987) (applying the business judgment test to a motion to reject an executory contact); *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046 (4th Cir. 1985) (citation omitted) superseded by statute on other grounds by 11 U.S.C. §365(n) ("[G]enerally formulated and applied in corporate litigation the rule is that courts should defer to — should not interfere with — decisions of corporate directors upon matters entrusted to their business judgment except upon a finding of bad faith or gross abuse of their "business discretion."); *In re Constant Care Cmty. Health Ctr., Inc.*, 99 B.R. 697, 702 (Bankr. D. Md. 1989) ("The issue is 'whether the decision of the debtor that rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim or caprice.'") (quoting *Lubrizol Enters., Inc.*, 756 F.2d at 1047).

19. Once the debtor articulates a valid business justification, "the business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. *Id.*; see also *In re Johns-*

5

*Manville Corp.*, 60 B.R. 612, 615 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

20. In applying the "business judgment" standard, courts show great deference to a debtor's decision to reject executory contracts. *See In re Constant Care Cmty. Health Ctr., Inc.*, 99 B.R. at 702; *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *In re Rickel Home Centers, Inc.*, 209 F.3d 291, 298 (3d Cir. 2000).

21. The relief requested herein is in the best interest of the estates and is a proper exercise of the Debtors' business judgment.

22. The Contracts have no value to the estates. They require substantial efforts by the Debtors to perform. Having terminated all of their U.S.-based workforce and ceased their operations, the Debtors have no ability to perform under the Contracts. Continued obligation under the Contracts would be impractical and may give rise to administrative claims in these cases, thereby further burdening the estates.

23. Accordingly, the Debtors submit that the rejection of the Contracts as of the date of this Motion is in the best interest of the Debtors, the estates, and their creditors.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors request entry of the Proposed Order authorizing the Debtors to reject the Contracts, effective as of the date of this Motion and granting such other and further relief as the Court deems just and proper.

Dated: September 14, 2023                    WHITEFORD, TAYLOR & PRESTON L.L.P.

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:     (703) 280-9081
E-Mail:          benglander@whitefordlaw.com
                    adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2023, I caused a copy of the foregoing ***Debtors' Motion For Entry Of An Order Authorizing The Rejection Of Certain Unexpired Leases And Executory Contracts*** to be served *via* CM/ECF upon all parties receiving notice thereby and by first-class mail or e-mail, where an e-mail address was available, on all persons on the Master Service List established pursuant to Article VI of the Court's Complex Case Procedures, and to the counterparties identified on Schedule 1.

*/s/ Alexandra G. DeSimone*
Alexandra G. DeSimone
Counsel

**Schedule 1**

Rejected Contracts

| Debtor | Contract Date | Counterparty | Name of Contract |
|---|---|---|---|
| SaveSolar Corporation, Inc. | 8/16/2019 | Enflection LLC | Enflection Subscription Management SOW & MSA |
| SaveSolar Corporation, Inc. | 12/4/2019 | Capital Energy Management LLC (New Columbia Solar) | NCS Subscription Management SOW |
| SaveSolar Corporation, Inc. | 12/1/2019 | Capital Energy Management LLC | Services Agreement |
| SaveSolar Corporation, Inc. | 11/12/2020 | Woodberry Apartments, LP | Project Equipment, Procurement, and Construction Contract, together with all change orders thereto |
| SaveSolar Corporation, Inc. | 5/14/2021 | RER Energy Group LLC | Woodberry Apartments, Installation Subcontract (EPC Agreement) |
| SaveSolar Corporation, Inc. | 7/12/2021 | Alvarez & Marsal Valuation Services, LLC | Master Services Agreement |
| SaveSolar Corporation, Inc. | 12/6/2021 | Industrious WDC 600 H Street NE LLC | Membership Agreement |
| SSC 1110 Kennebec MD, LLC | 10/18/2022 | BP Energy Company | REC Confirmation Agreement |
| SSC 1110 Kennebec MD, LLC | 12/9/2022 | SSC Subscriber Services | Subscriber Acquisition Agreement |
| SSC 116 Irvington DC, LLC | 10/18/2022 | BP Energy Company | REC Confirmation Agreement |
| SSC 1323 I DC, LLC | 6/1/2022 | BP Energy Company | REC Confirmation Agreement |
| SSC 1901 Brooks MD, LLC | 10/18/2022 | BP Energy Company | REC Confirmation Agreement |
| SSC 1901 Brooks MD, LLC | 12/9/2022 | SSC Subscriber Services | Subscriber Acquisition Agreement |
| SSC 2501 N DC, LLC | 8/29/2022 | Grapler Construction | Roofing Contract |
| SSC 3320 Wheeler DC, LLC | 12/9/2022 | SSC Subscriber Services | Subscriber Acquisition Agreement |

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER AUTHORIZING SAVESOLAR CORPORATION TO
REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (together, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC, (9270), Case No. 23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-ELG; SSC 1901 Brooks MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574), Case No. 23-00143-ELG; SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321 Fifth Canopy DC, LLC (3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472), Case No. 23-00146-ELG; SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-ELG; SSC 2501 N DC, LLC (6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC (9082), Case No. 23-00149-ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate Debtors are referred to collectively herein as the "**Debtors**").

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

105(a) and 365 of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1, authorizing the Debtors to reject certain executory contracts and unexpired leases identified on Schedule 1 attached to the Motion (the "**Contracts**"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief granted herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and proper notice of the Motion having been given and the requirements of Bankruptcy Rule 6006 having been satisfied by such notice; and no other or further notice of the Motion being required; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Contracts identified on Schedule 1 attached to the Motion are hereby **rejected**, effective as of September 14, 2023.

3. The Debtors shall serve this Order within five (5) business days following its entry on any counterparty to a Contract.

4. The Debtors do not waive any claims that they may have against any counterparty to the Contracts, whether or not such claims arise under, are related to the rejection of, or are independent of the Contracts, all such claims being expressly reserved.

5. Nothing herein shall prejudice any party's rights to assert that any of the Contracts are not unexpired leases within the meaning of section 365 of the Bankruptcy Code.

6. Claims arising out of the rejection of any of the Contracts, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) 30 days after entry of this Order. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

7. Nothing herein shall prejudice the rights of the Debtors to argue that any of the Contracts were terminated prior to the Petition Date or the effective date of this Order, or that any claim for damages arising from the rejection of the Contracts is limited to the remedies available under any applicable termination provision of such lease, sublease, or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

8. Nothing contained in the Motion or this Order is intended, or should be construed, to create an administrative priority claim.

9. The Debtors are authorized and empowered to take steps and to perform such acts as may be necessary to implement and effectuate the terms of this Order.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF ORDER**

I ASK FOR THIS:

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:    (703) 280-9081
E-Mail:    benglander@whitefordlaw.com
          adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*