The order below is hereby signed.

Signed: October 4 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| SAVESOLAR CORPORATION, INC., *et al.*,[1] | ) ) ) | Case No.: 23-00045-ELG |
| Debtors. | ) ) ) | (Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MENDELSON & MENDELSON P.C. AS ACCOUNTANTS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF AUGUST 15, 2023

Upon the application (the "**Application**")[2] of the debtors and debtors in possession in the (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**")

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LC (7389), Case No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC, (9270), Case No. 23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-ELG; SSC 1901 Brooks MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574), Case No. 23-00143-ELG; SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321 Fifth Canopy DC, LLC (3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472), Case No. 23-00146-ELG; SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-ELG; SSC 2501 N DC, LLC (6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC (9082), Case No. 23-00149-ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate Debtors are referred to collectively herein as the "**Debtors**").

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

for an entry of an order (this "**Order**") authorizing the Debtors to employ and retain Mendelson & Mendelson P.C. ("**Mendelson**") as their accountants, effective as of August 15, 2023, and upon consideration of the Declaration of Louis B. Ruebelmann (the "**Ruebelmann Declaration**") in support of the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and due and proper notice of the Application having been provided to the necessary parties, and the Court having found that no other or further notice is necessary; and the Debtors being authorized under Bankruptcy Code section 327, 328 and 330, Bankruptcy Rule 2014 and 2016 and Local Rules 2014-1 and 2016-1 to retain and employ, with the Court's approval, certain professional persons; and the Court having reviewed the Application and the Ruebelmann Declaration and having heard statements in support of the relief requested therein at any hearing held before the Court (the "**Hearing**"); and the Court having found based on the representations made in the Application and at the Hearing that Mendelson is a "disinterested person," as the term is defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a) and that Mendelson does not hold or represent an interest adverse to the Debtors or their estates; and the Court having found that the terms and conditions of Mendelson's employment as set forth in and as summarized in the Application are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and it appearing, and the Court having found that the retention and employment of Mendelson, which has the capability and experience to provide the services described in the Application, is in the best interests of the Debtors' estates, their creditors and other parties in interest; and any objections to

the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** to the extent set forth herein.

2. The Debtors are authorized to retain and employ Mendelson as their accountants as of August 15, 2023 in accordance with the terms and conditions set forth in the Application, except as limited or modified herein.

3. Mendelson is authorized to provide the Debtors with the professional services as described in the Application and specifically, but without limitation, to render the following tax and accounting services: (a) prepare and file federal and state tax returns on behalf of the Debtors; (b) provide tax and accounting advice; and (c) render such other accounting or tax assistance as the Debtors or their counsel may deem necessary.

4. Mendelson shall apply for compensation for services rendered incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and order of the Court.

5. In addition, Mendelson will also seek reimbursement for actual and necessary out-of-pocket expenses incurred in connection with its engagement with the Debtors in these Chapter 11 cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging. Consistent with local practice, nonworking travel time will be charged at half of actual time incurred. Expenses for actual costs incurred will be charged in accordance with the applicable Bankruptcy Rules, Local Rules and orders of the Court.

6. Prior to implementing any increases in Mendelson's rates from those described in the Application and in the Ruebelmann Declaration, Marcum shall file a supplemental declaration with the Court and provide ten (10) business days' prior notice to the Debtors, the United States Trustee, and any official Committee of such increase. The supplemental declaration shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee, and any official Committee retain all rights to object to any rate increase on all grounds including, but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review under section 330 of the Bankruptcy Code and rate increase.

7. The terms of this Order shall supersede any prior agreement between Mendelson and any of the Debtors, including any pre-petition or post-petition agreements.

8. The Debtors and Mendelson are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Notwithstanding anything in the Application to the contrary, during the pendency of these Chapter 11 Cases, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**END OF ORDER**

I ASK FOR THIS:

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:    (703) 280-9081
E-Mail:         benglander@whitefordlaw.com
                    adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*


SEEN AND NO OBJECTION:

*/s/ Sara Kathryn Mayson (with permission via email dated October 3, 2023)*
Sara Kathryn Mayson, Esq.
**OFFICE OF THE UNITED STATES TRUSTEE**
1725 Duke Street
Alexandria, Virginia 22314
Telephone:    (202) 841-8501
E-Mail:         sara.kathryn.mayson@usdoj.gov

*Counsel to the United States Trustee*

cc:      All Parties on Master Service List