Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:       (703) 280-9081
E-Mail:          benglander@whitefordlaw.com
                 adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**FIRST INTERIM APPLICATION OF WHITEFORD, TAYLOR & PRESTON L.L.P. AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 2, 2023 THROUGH AUGUST 31, 2023**

Whiteford, Taylor & Preston, L.L.P. ("Whiteford"), counsel to the debtors and debtors in possession in the above-captioned jointly administered bankruptcy cases, files this *First Interim Application of Whiteford, Taylor & Preston, L.L.P. as Counsel to the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses for the Period from*

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC, (9270), Case No. 23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-ELG; SSC 1901 Brooks MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574), Case No. 23-00143-ELG; SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321 Fifth Canopy DC, LLC (3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472), Case No. 23-00146-ELG; SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-ELG; SSC 2501 N DC, LLC (6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC (9082), Case No. 23-00149-ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate Debtors are referred to collectively herein as the "**Debtors**").

*February 2, 2023 through August 31, 2023* (the "Application" and, the period from February 2, 2023 through August 31, 2023, the "Application Period"), pursuant to 11 U.S.C. §§ 328, 330, and 331 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules"). Whiteford seeks the interim allowance of fees in the amount of $1,112,886.00, less a voluntary reduction in its billing discretion in the amount of $20,000.00, and the reimbursement of expenses in the amount of $29,736.67.

## Summary of Application

**Total Compensation Requested**: $1,112,886.00
**Total Expenses Requested:** $29,736.67
**Amounts Previously Requested:** $0.00
**Amounts Previously Awarded:** $0.00
**Prepetition Retainer Held**: $175,000.00

**Summary by Professional:**

| Professional/ Paraprofessional | Position | Bar Year | Rate | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|---|
| Elizabeth Atkinson | Partner | 1993 | $790 | 5.5 | $4,345.00 |
| Bradford F. Englander | Partner | 1985 | $780 | 770.5[2] | $600,990.00[3] |
| Jeffrey C. Seaman | Counsel | 1992 | $775 | 6.8 | $5,270.00 |
| Edward U. Lee, III | Partner | 1996 | $755 | 2.0 | $1,510.00 |
| Christopher A. Jones | Partner | 1996 | $745 | 1.4 | $1,043.00 |
| Patrick McKevitt | Partner | 2011 | $560 | 1.7 | $952.00 |
| Stephen E. Luttrell | Partner | 2011 | $540 | 478.9 | $258,606.00 |
| Rafiq R. Gharbi | Associate | 2015 | $475 | 2.8 | $1,330.00 |

---

[2] This amount includes 768.3 hours related to the representation of all Debtors jointly; 1.3 hours related to the representation of SaveSolar Corporation, Inc ("SaveSolar"); and 0.9 hours related to the representation of SaveSolar Alpha HoldCo, LLC ("HoldCo").

[3] This amount includes $599,274.00 in fees related to the representation of all Debtors jointly; $1,014.00 related to the representation of SaveSolar; and $702.00 related to the representation of HoldCo.

2

| Alexandra L. Neifert | Associate | 2016 | $470 | 4.5 | $2,115.00 |
|---|---|---|---|---|---|
| Jae W. Ha | Associate | 2019 | $450 | 37.4 | $16,830.00 |
| Alexandra G. DeSimone | Associate | 2020 | $440 | 204.3 | $89,892.00 |
| Angad S. Kanwal | Associate | 2020 | $435 | 19.6 | $8,526.00 |
| Kathleen G. McCruden | Paralegal | N/A | $415 | 185.3[4] | $76,899.50[5] |
| Jacob Ziff | Associate | 2020 | $395 | 6.0 | $2,370.00 |
| Claire Allenbach | Associate | 2021 | $360 | 100.0 | $36,000.00 |
| Andrew Barnes | Associate | 2022 | $350 | 5.4 | $1,890.00 |
| Sara A. Dimeglio | Paralegal | N/A | $275 | 15.7 | $4,317.50 |
| **Totals:** | | | | **1,847.8** | **$1,112,886.00** |

**Jurisdiction, Venue and Governing Law**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

2. The bases for the relief requested herein are sections 328(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 3016, and Local Rule 2016-1.

**Background**

3. On February 2, 2023, the Initial Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.

4. Concurrently with the filing of its petition, SaveSolar Corporation, Inc. filed Form 108, electing that the above-captioned cases be treated as a Complex Case under this Court's Complex Case Procedures. These cases are eligible for treatment under the Complex Case

---

[4] This amount includes 179.4 hours related to the representation of all Debtors jointly; 2.8 hours related to the representation of SaveSolar; and 3.1 hours related to the representation of HoldCo.

[5] This amount includes $74,451.00 in fees related to the representation of all Debtors jointly; $1,162.00 related to the representation of SaveSolar; and $1,286.50 related to the representation of HoldCo.

Procedures because the aggregate liabilities of all affiliated debtors total more than $10,000,000 and/or the total number of creditors is more than 50. *See* Complex Case Procedures I(a)(1) and I(a)(2).

5. On May 31, 2023, the Affiliate Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code. The Debtors' cases are jointly administered pursuant to the *Orders Directing Joint Administration*. *See* Docket Nos. 39, 157.

6. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

7. As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

8. Additional information regarding the Debtors' business may be found in the *Declaration of Karl Unterlechner In Support of Debtors' First Day Motions*, filed on February 8, 2023 (Docket No. 24).

## Employment of Whiteford

9. On March 9, 2023, the Court entered the *Order Authorizing the Retention and Employment of Whiteford, Taylor & Preston, LLP as Attorneys for the Debtors and Debtors in Possession,* effective as of the Petition Date. *See* Docket No. 75.

## Significant Events During the Application Period

10. Substantial activity occurred during the Application Period. Among other things, the Debtors, with the advice and assistance of their professionals, obtained the "first day" relief necessary to continue their normal operations in chapter 11 bankruptcy, negotiated with their prepetition stakeholders to determine the best path toward a successful reorganization, secured post-petition financing to further sustain their operations and fund these cases, filed chapter 11

4

cases for ten of the Initial Debtors' affiliates, and marketed and sold substantially all of their assets pursuant to section 363 of the Bankruptcy Code.

### A. *First Day Relief*

11. On February 6, 2023, the Initial Debtors filed various first day motions, including, among others, the *Debtors' Motion for Order Authorizing the Debtors to Pay Prepetition Wages, Salaries, and Other Compensation* (Docket No. 11) (the "Wages Motion"), the *Debtors' Motion to Maintain Existing Bank Accounts and Business Forms* (Docket No. 12) (the "Bank Account Motion"), and the *Debtors' Motion for Entry of Interim Order Authorizing the Debtors to Use Cash Collateral* (Docket No. 13) (the "Cash Collateral Motion" and, together with the Wages Motion and the Bank Account Motion, the "First Day Motions"). The First Day Motions requested necessary relief to allow the Debtors to continue their normal operations during these chapter 11 cases.

12. The Debtors' prepetition secured lender, LRC SaveSolar Investco LLC ("Leyline") objected to the Wages Motion and the Cash Collateral Motion. *See* Docket Nos. 28, 30.

13. Pursuant to the *Order Granting Debtors' Motion to Expedite Hearing on an Shorten Time to Respond to First Day Motions* (Docket No. 20), the Court conducted a hearing on the First Day Motions on February 9, 2023 (the "First Day Hearing").

14. On February 13, 2023, the Court entered the *Interim Order Authorizing the Debtors to Maintain Existing Bank Accounts and Business Forms* (Docket No. 48), the *Order Authorizing the Debtors to Pay Prepetition Wages, Salaries, and Other Compensation* (Docket No. 49), and the *Interim Order Authorizing the Debtors to Use Cash Collateral* (Docket No. 50),

whereby the Court granted the First Day Motions and allowed the Debtors a smooth transition to chapter 11.

### B. Post-Petition Financing, Marketing & Sale

15. Following the Petition Date, the Debtors, through their professionals, evalutated whether a balance sheet restructuring could occur in these cases. Faced with dwindling resources and unsuccessful negotiations, the Debtors, in consultation with their professionals, began a marketing process seeking interest from new lenders and/or potential purchasers.

16. On May 15, 2023, the Debtors filed the *Debtors' Motion for (A) Approval of the Sale of Substantially All of Debtors' Property Free and Clear of Liens, Claims, Interests and Encumbrances; (B) Approval of Sales Contract; (C) Approval of Bid Procedures, Including a Break-Up Fee and Expense Reimbursement; (D) Scheduling Bid Deadline, Auction and Sale Hearing; (E) Approval of Interim and Final Debtor-In-Possession Financing; (F) Approval of Form and Manner of Notice; (G) Setting a Bar Date for Filing Cure Claims with Respect to Executory Contracts and Unexpired Leases; (H) Waiver of Stays Under Bankruptcy Rules 6004 and 6006; and (I) Granting of Related Relief* (Docket No. 115) (the "Bid Procedures Motion"). By the Bid Procedures Motion, the Debtors requested approval of their Asset Purchase Agreement and their DIP Financing Loan and Security Agreement with Edson Redball Devco LLC (the "Stalking Horse Bidder" or the "Purchaser").

17. Leyline filed an objection, and the United States Trustee filed a limited objection, to the Bid Procedures Motion. *See* Docket Nos. 130 and 131.

18. Pursuant to the *Order Granting Debtors' Motion to Expedite Hearing and Shorten Time to Respond* (Docket No. 120), the Court conducted a contested evidentiary hearing on the Bid Procedures Motion on May 23, 2023.

19. On May 25, 2023, the Court entered the *Order (A) Approving Bid Procedures, Including a Break-Up Fee and Expense Reimbursements; (B) Scheduling Bid Deadline, Auction and Sale Hearing; (C) Approving DIP Financing on an Interim Basis Pursuant to Bankruptcy Rule 4001(c)(2); (D) Approving the Form and Manner of Notice; (E) Setting a Bar Date for Filing of Cure Claims with Respect to Executory Contracts and Unexpired Leases; (F) Waiving Stays Under Bankruptcy Rules 6004 and 6006; (G) Continuing Hearing on Motion to Sell; (H) Setting Final Hearing on DIP Financing; and (I) Granting Related Relief* (Docket No. 139) (the "Bid Procedures Order"), approving the Bid Procedures Motion in substantial part.

20. On May 31, 2023, in connection with the sale and marketing process, the Affiliate Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code. Further, on June 6, 2023, the Affiliate Debtors filed their request for joinder to the Bid Procedures Motion, which the Court granted by Order dated June 22, 2023, following a hearing. *See* Docket Nos. 149, 175.

21. Pursuant to the Bid Procedures Order, the Debtors, with the assistance of their professionals, conducted an auction for the sale of substantially all of their assets on July 18, 2023. At the conclusion of the auction, the Debtors, in consultation with their professionals, identified the Stalking Horse Bidder as the prevailing bidder with a bid that included a $1,000,000 cash payment in addition to the stalking horse bid.

22. The Court conducted a hearing on the sale of substantially all of the Debtors' assets to the Purchaser on July 26, 2023. By Orders dated July 28, 2023, the Court approved the sale and the Debtors' assumption and assignment of a majority of their executory contracts and unexpired leases the Purchaser. *See* Docket Nos. 231, 233.

23. The sale of the Debtors' assets to the Purchaser closed on or about August 7, 2023.

**Summary of Fee Application**

24. During the Application Period, Whiteford has tracked and allocated its fees to account for time spent on numerous matters.

25. Whiteford's total fees requested in this Application are $1,112,886.00, which includes $1,108,721.50 arising from the representation of all Debtors jointly; $2,176.00 arising from the representation of SaveSolar individually; and $1,988.50 arising from the representation of HoldCo individually. A chart identifying each category of service provided by Whiteford during the Application Period is set forth below:

| Matter Number | Description | Total Hours | Fee Amount |
|---|---|---|---|
| 100 | Case Administration | 265.9 | $168,323.00 |
| 101 | Secured Lender Issues | 121.0 | $74,983.50 |
| 102 | Unsecured Creditor Issues | 38.4 | $21,432.00 |
| 103 | Operational Issues | 289.1 | $173,493.00 |
| 104 | Sales of Assets | 771.8 | $465,439.50 |
| 105 | Investigations, Avoidance Actions and Affirmative Claims | 101.7 | $58,956.00 |
| 106 | Professionals, Retention and Fee Applications | 70.3 | $40,316.00 |
| 107 | Plan and Disclosure Statement | 11.6 | $5,546.00 |
| 109 | Operating Reports and Creditor Meetings | 169.9 | $100,232.50 |
| | **Total 100 Series:** | **1,839.7** | **$1,108,721.50** |
| 200 | Case Administration (SaveSolar) | 2.8 | $1,162.00 |
| 202 | Unsecured Creditor Issues (SaveSolar) | 1.3 | $1,1014.00 |
| | **Total 200 Series:** | **4.1** | **$2,176.00** |
| 300 | Case Administration (HoldCo) | 3.1 | $1,286.50 |

| 309 | Operating Reports and Creditor Meetings (HoldCo) | 0.9 | $702.00 |
|---|---|---|---|
| | **Total 300 Series:** | **4.0** | **$1,988.50** |
| | **Final Total:** | **1,847.8** | **$1,112,886.00** |

26.  Whiteford's total out-of-pocket expenses incurred during the Application Period are $29,736.67, including $29,511.39 arising from the representation of all Debtors jointly and severally, and $225.28 arising from the representation of SaveSolar.  A detailed list of the expenses incurred and charged as part of this Application is included with Exhibits A and J hereto. Additionally, a chart summarizing the expenses appears below:

| Category | Fee Amount |
|---|---|
| Federal Express | $151.04 |
| Photocopies | $609.30 |
| Courier Service | $157.50 |
| Photocopies – DLS Discovery | $4,902.55 |
| Photocopies - Whiteford | $227.00 |
| Postage – DLS Discovery | $3,340.92 |
| Postage – Whiteford | $181.62 |
| Lexis/Westlaw | $2,272.49 |
| Meals | $428.03 |
| Client Meals | $298.53 |
| Travel | $3,127.37 |
| Parking | $10.10 |
| Tolls | $38.15 |
| Mileage Reimbursement | $48.99 |
| Private Process Server | $686.10 |
| Filing Fees | $11,477.00 |
| Pacer Service | $185.30 |
| Federal Express – SaveSolar | $139.58 |
| Pacer Service – SaveSolar | $85.70 |
| **Total:** | **$29,736.67** |

**Services Provided During the Application Period**

27. During the Application Period, Whiteford has performed significant services for the Debtors, including, but not limited to:

   a. Preparing and filing the First Day Motions and presenting the case at the First Day Hearing;

   b. Preparing and filing the Debtors' schedules and statements of financial affairs;

   c. Advising and representing the Debtors in connection with the section 341 meeting of creditors;

   d. Advising and representing the Debtors in connection with negotiations with the Debtors' prepetition secured lenders and other key stakeholders, including, but not limited to, lease and executory contract counterparties;

   e. Preparing and filing the Debtors' applications to employ skilled professionals and advisors, including bankruptcy counsel, financial advisors, and investment bankers;

   f. Advising and representing the Debtors in connection with the sale of substantially all of their assets, including, but not limited to, negotiating with the Stalking Horse Bidder and other interested parties, preparing and filing the Bid Procedures Motion and presenting the Bid Procedures Motion at an evidentiary hearing; preparing for and attending the in-person auction, working with the Debtors' financial advisors and investment bankers to identify the prevailing bidder, and facilitating the closing of the sale to the Purchaser; and

   g. Assisting with the assumption and assignment of a majority of the Debtors' unexpired leases and executory contracts to the Purchaser.

28. Whiteford has categorized its time by project billing categories, which are set forth below.

### A. Matter 100 – Case Administration

**Amount**: $168,323.00. Fees related to this project billing category are set forth on **Exhibit A** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period relate to the joint administration of the Debtors' bankruptcy cases and include, but are not limited to, preparing and filing certain First Day Motions, preparing for and attending the First Day Hearing, maintaining the Master Service List, preparing hearing agendas and related materials, distributing various case notices, preparing and filing the subsidiaries' bankruptcy petitions, and communicating among professionals and paraprofessionals regarding case status and open items.

### B. Matter 101 – Secured Lender Issues

**Amount**: $74,983.50. Fees related to this project billing category are set forth on **Exhibit B** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period include, but are not limited to, preparing, filing, and prosecuting the Cash Collateral Motion, corresponding with the Debtors' prepetition secured lenders and advising the Debtors in connection with same, analyzing the secured claims filed in the bankruptcy cases, and addressing issues related to the Debtors' tax equity joint venture.

### C. Matter 102 – Unsecured Creditor Issues

**Amount**: $21,432.00. Fees related to this project billing category are set forth on **Exhibit C** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period include, but are not limited to, communicating with various unsecured creditors, reviewing and analyzing unsecured claims filed in the bankruptcy cases, and distributing certain notices to unsecured creditors.

### D.      Matter 103 – Operational Issues

**Amount**: $173,493.00. Fees related to this project billing category are set forth on **Exhibit D** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period include, but are not limited to, addressing issues related to the Debtors' ongoing solar facility projects, working with the Debtors' management team and financial advisors on the Debtors' operating budget, and addressing issues related to the Debtors' cash management system, payroll, and taxes.

### E.      Matter 104 – Sales of Assets

**Amount**: $465,439.50. Fees related to this project billing category are set forth on **Exhibit E** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period include, but are not limited to, advising and representing the Debtors in connection with the sale of substantially all of their assets to the Purchaser, preparing and filings pleadings related to the sale, preparing for and attending the auction, consulting with the Debtors' investment banker, preparing for and attending the hearings on various sale-related pleadings, and facilitating the closing of the sale.

### F.      Matter 105 – Investigations, Avoidance Actions and Affirmative Claims

**Amount**: $58,956.00. Fees related to this project billing category are set forth on **Exhibit F** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period include, but are not limited to, advising and representing the Debtors in connection with the prepetition litigation

against Moxie Solar, and prosecuting an adversary proceeding for willful violation of the automatic stay, among other causes of action, against Elesavetgrad Cemetery and related defendants.

### G. Matter 106 – Professionals, Retention and Fee Applications

**Amount**: $40,316.00. Fees related to this project billing category are set forth on **Exhibit G** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period include, but are not limited to, preparing and filing applications to approve the employment and retention of bankruptcy counsel, financial advisors, investment bankers, and other estate professionals.

### H. Matter 107 – Plan and Disclosure Statement

**Amount**: $5,546.00. Fees related to this project billing category are set forth on **Exhibit H** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period consist of preparing and filing the Debtors' motion to extend the periods in which the Debtors may exclusively file and solicit acceptances to a plan of reorganization.

### I. Matter 109 – Operating Reports and Creditor Meetings

**Amount**: $100,232.50. Fees related to this project billing category are set forth on **Exhibit I** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period include, but are not limited to, advising and representing the Debtors in connection with the initial debtor interview and section 341 meeting conducted by the U.S. Trustee, preparing and filing the Debtors' schedules and statements, and working with other estate professionals on the preparation and filing of the Debtors' monthly operating reports.

**J.      Matter 200 – Case Administration (SaveSolar)**

**Amount**: $1,162.00. Fees related to this project billing category are set forth on **Exhibit J** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period relate to the administration of SaveSolar's bankruptcy case and include maintaining SaveSolar's creditor information.

**K.      Matter 202 – Unsecured Creditor Issues (SaveSolar)**

**Amount**: $1,014.00. Fees related to this project billing category are set forth on **Exhibit K** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period relate to addressing certain matters involving unsecured creditors of SaveSolar.

**L.      Matter 300 – Case Administration (HoldCo)**

**Amount**: $1,286.50. Fees related to this project billing category are set forth on **Exhibit L** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period relate to the administration of HoldCo's bankruptcy case and include maintaining HoldCo's creditor information.

**M.      Matter 309 – Operating Reports and Creditor Meetings (HoldCo)**

**Amount**: $702.00. Fees related to this project billing category are set forth on **Exhibit M** hereto and are incorporated herein by reference.

**Description**: Services in this category during the Application Period relate to preparing and filing HoldCo's schedules and statements.

### Lodestar Analysis

17.    Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate professionals for all actual, necessary services rendered by such professionals based on the nature, extent, and value of the services rendered, the time spent on such services, and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

18.    Courts frequently look to the "lodestar" formula in assessing attorneys' fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the professionals' and paraprofessionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the attorneys and paraprofessionals. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

19.    Bankruptcy courts often consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Ltd.*, 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904 (1977). The United States Court of Appeals for the District of Columbia Circuit adopted the *Johnson* test in *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 187 (D.C. Cir. 1974). In *Copeland v. Marshall*, 641 F.2d 880, 881 (D.C. Cir. 1980), the United States Court of Appeals for the District of Columbia reiterated the "lodestar" approach set forth in *Johnson* when determining the reasonableness of fees, which it has endorsed for use in bankruptcy cases. *In re AOV Industries, Inc.*, 797 F.2d 1004, 1007 (D.C. Cir. 1986); *see also Stewart v. Capital City Mortgage Corp.* (*In re Stewart*), 2004 Bankr. LEXIS 2185, *45-6 (Nov. 10, 2004 Bankr. D. D.C.). The following are the *Johnson* factors:

    (a)    the time and labor required;

    (b)    the novelty and difficulty of the questions;

15

 (c)  the skill required to properly perform the legal services;

 (d)  the preclusion of other employment by the attorney due to acceptance of the case;

 (e)  the customary fee;

 (f)  whether the fee is fixed or contingent;

 (g)  time limitations imposed by the client or the circumstances;

 (h)  the amount involved and the results obtained;

 (i)  the experience, reputation, and ability of the attorneys;

 (j)  the "undesirability" of the case;

 (k)  the nature and length of the professional relationship with the client; and

 (l)  awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

20. Whiteford submits the following lodestar and *Johnson* factor analysis in support of its request for allowance of fees and disbursements:

 **a. The time and labor required.** As discussed herein, Whiteford has expended a substantial amount of time assisting the Debtors in addressing the multitude of issues which have arisen during these chapter 11 cases, including but not limited to, the sale of substantially all of the Debtors' assets to the Purchaser. As the time records submitted with this Application amply illustrate, Whiteford's professionals and paraprofessionals have dedicated substantial time to these cases.

 **b. The novelty and difficulty of the questions involved and skill applied.** These chapter 11 cases involved complex issues concerning the Debtors' corporate structure and prepetition secured lending arrangements. Additionally, these cases involved the highly specialized and competitive solar energy industry, which required certain knowledge and

16

skillsets unique to these cases. Finally, Whiteford assisted with a fast-moving and complex sale process that involved filing bankruptcy petitions by ten of the original debtors' subsidiaries and affiliates.

        c.      **The preclusion of other employment by the firm due to acceptance of this case.** Whiteford has devoted valuable resources to serving as counsel to the Debtors in these cases. Whiteford was required to devote substantial amounts of time and effort to adequately advise the Debtors. Acceptance of this employment entails commitment to preclude any other employment or professional engagements that may conflict with the duties and responsibilities associated with this role.

        d.      **The customary fee for similar work**. Whiteford has charged its standard hourly rates as approved by this Court as set forth in the Order approving the professional's employment. Whiteford believes that the fees are reasonable and comparable to rates charged by other professionals in the area for similar services.

        e.      **Whether the fee is fixed or contingent.** Pursuant to the Bankruptcy Code, all fees sought by Whiteford are subject to final approval of this Court. The fees requested herein are based on hourly rates and are not contingent on the outcome of any particular event. Nevertheless, Whiteford's ability to receive payment has depended largely on its ability to assist the Debtors in the successful sale of substantially all of their assets. Whiteford was instrumental in achieving these results.

        f.      **Time limitations imposed by the client or circumstances.** The exigencies of the case, including the Debtors' limited financial resources, required that Whiteford provide services on behalf of the Debtors on an expedited basis.

    **g.** **The amounts involved and the results obtained.** The fees requested by Whiteford are reasonable given the nature of this case, the issues that have arisen, and the results obtained. Whiteford was instrumental in negotiating and closing the sale of the Debtors' assets.

    **h.** **Experience, reputation, and ability of professionals**. The principal Whiteford attorneys on this case have previously represented debtors, creditors' committees, secured creditors, and unsecured creditors in various large chapter 11 cases in this Court and elsewhere.

    **i.** **The "undesirability" of the case.** This was not a factor.

    **j.** **The nature and length of the professional relationship with the client.** Whiteford has previously provided corporate and transactional legal services to the Debtors. Whiteford's expertise in the solar renewable energy field was instrumental in assisting the Debtors in connection with this case and the sale of the Debtors' assets.

    **k.** **Awards in similar cases**. Whiteford submits that its request for compensation is well within the usual and customary awards granted in similar cases.

**Disbursements**

22. Whiteford had $29,736.67 in disbursements during the Application Period. A summary of expenses incurred is included with **Exhibits A and J**. The expenses incurred include reasonable and necessary charges for, among other things, legal research, photocopies, postage, lien searches, filing fees, and travel expenses related to Whiteford's attendance at court hearings. All expenses have been billed at the actual cost to Whiteford.

23. Whiteford believes that the services rendered to the Debtors and the out-of-pocket expenses incurred in connection with this case were necessary and reasonable in view of the

nature of the Debtors' interests in these cases and the number of the matters in which Whiteford was necessarily involved.

### Billing Discretion

24. Whiteford has reviewed its time entries in connection with this Application. Based on such review, Whiteford believes that, in the exercise of its billing discretion, its fees during the Application Period should be reduced in the amount of $20,000.00. In exercising its billing judgment, Whiteford has considered possible inefficiencies, duplication of efforts, adequacy of time descriptions and reliance on inter-office conferences.

### Service of Application Upon the Debtors

25. A copy of this Application and all attachments thereto was sent to Karl Unterlechner, president of the Debtors.

**WHEREFORE**, Whiteford respectfully requests that this Court enter an Order:

(a) allowing and awarding on an interim basis the fees incurred during the Application Period in the total amount of $1,112,886.00, to be allocated in the following manner:

(i) $1,108,721.50 as against the Debtors jointly and severally, less a voluntary discount in the amount of $20,000.00 in the exercise of Whiteford's billing discretion;

(ii) $2,176.00 against SaveSolar Corporation, Inc.; and

(iii) $1,988.50 against SaveSolar Alpha HoldCo, LLC; and

(b) allowing and awarding on an interim basis expenses incurred during the Application Period in the amount of $29,736.67, to be allocated in the amount of $29,511.39 as against the Debtors jointly and severally, and $225.28 as against SaveSolar Corporation, Inc.;

(c) authorizing Whiteford to apply the retainer currently held in escrow in the amount of $175,000.00; and

    (d)    authorizing payment to Whiteford in the amount of $947,622.67, which represents the sum of the foregoing amounts reduced by the prepetition retainer held in the amount of $175,000.00, and the $20,000.00 billing discretion discount; and

    (e)    granting such other and further relief which is just and equitable.

Dated: October 25, 2023

Respectfully submitted,

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:   (703) 280-9081
E-Mail:   benglander@whitefordlaw.com
           adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, I served a copy of the foregoing Application via CM/ECF upon all parties receiving notice thereby and by first-class mail or e-mail, where an e-mail address was available, on all persons on the Master Service List established pursuant to Article VI of the Court's Complex Case Procedures.

*/s/ Alexandra G. DeSimone*
Alexandra G. DeSimone