**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER APPROVING THE FIRST INTERIM APPLICATION OF
COHNREZNICK LLP FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

Upon the application (the "Application")[2] of CohnReznick LLP ("CohnReznick"), financial advisors to the debtors and debtors in possession in the above-captioned jointly

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC, (9270), Case No. 23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-ELG; SSC 1901 Brooks MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574), Case No. 23-00143-ELG; SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321 Fifth Canopy DC, LLC (3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472), Case No. 23-00146-ELG; SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-ELG; SSC 2501 N DC, LLC (6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC (9082), Case No. 23-00149-ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate Debtors are referred to collectively herein as the "**Debtors**").

administered bankruptcy cases, for interim allowance of fees and reimbursement of expenses for the period of February 2, 2023 through August 31, 2023 (the "Application Period"), pursuant to 11 U.S.C. §§ 328, 330, and 331 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules"); and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having found that Whiteford provided adequate and appropriate notice of the Application under the circumstance and that no other further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at any hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is APPROVED as set forth herein.

2. CohnReznick is allowed and awarded compensation on an interim basis in the amount of $483,972.50, as against the Debtors jointly and severally.

3. Whiteford is allowed and awarded reimbursement of expenses on an interim basis in the amount of $2,295.50, as against the Debtors jointly and severally.

4. The Debtors are authorized to pay to CohnReznick the amount of $486,268.00, which represents the sum of the foregoing amounts.

---

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**END OF ORDER**