Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:      (703) 280-9081
E-Mail:         benglander@whitefordlaw.com
                adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**AMENDED FIRST INTERIM APPLICATION OF COHNREZNICK LLP AS
FINANCIAL ADVISORS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD FROM FEBRUARY 2, 2023 THROUGH AUGUST 31, 2023**

CohnReznick LLP ("CohnReznick"), as financial advisors for debtors and debtors in

possession in the above-captioned jointly administered bankruptcy cases, files this *Amended First*

*Interim Application of CohnReznick LLP as Financial Advisors for the Debtors and Debtors in*

*Possession for Allowance of Compensation and Reimbursement of Expenses for the Period from*

---

[1]      The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits
of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar
Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC (7389), Case
No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC, (9270), Case No.
23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-ELG; SSC 1901 Brooks
MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574), Case No. 23-00143-ELG;
SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321 Fifth Canopy DC, LLC
(3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472), Case No. 23-00146-ELG;
SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-ELG; SSC 2501 N DC, LLC
(6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC (9082), Case No. 23-00149-
ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate Debtors are referred to
collectively herein as the "**Debtors**").

*February 2, 2023 through August 31, 2023* (the "Application")[2], pursuant to (i) §§ 328, 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules") and (iv) the *Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "Guidelines") for interim allowance of compensation for services rendered to the Debtors for the period February 2, 2023 through and including August 31, 2023 (the "First Interim Period") and for reimbursement of expenses incurred in connection therewith. In support of this Application and pursuant to Local Rule 2016-1, CohnReznick submits the declaration of Kevin P. Clancy of CohnReznick, which declaration is attached hereto as **Exhibit A** and incorporated by reference into this Application. CohnReznick seeks the interim allowance of fees in the amount of $483,972.50, and the reimbursement of expenses in the amount of $2,295.50.

### Summary of Application

| | |
|---|---|
| **Total Compensation Requested**: | $483,972.50 |
| **Total Expenses Requested:** | $2,295.50 |
| **Amounts Previously Requested:** | $0.00 |
| **Amounts Previously Awarded:** | $0.00 |
| **Prepetition Retainer Held**: | $0.00 |

**Summary by Professional:**

*[Remainder of Page Left Intentionally Blank]*

---

[2]     This amended Application is filed to attach the relevant exhibits for docketing purposes. No substantive changes have been made, and the Application and all exhibits are otherwise identical to Docket No. 283.

| Name of Professional | Position Title | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Kevin Clancy | Partner | $995.00 | 66.5 | $66,167.50 |
| Vinni Toppi | Partner | $995.00 | 1.5 | $1,492.50 |
| Stephanie Caragher | Partner | $995.00 | 6.3 | $6,268.50 |
| E.J. Edelman | Managing Director | $845.00 | 1.0 | $845.00 |
| Taylor Sherman | Director | $785.00 | 242.2 | $190,127.00 |
| Ying Zheng | Manager | $690.00 | 64.0 | $44,160.00 |
| Jean Almonte | Senior Associate | $640.00 | 231.3 | $148,032.00 |
| Teo Casubuan | Senior Associate | $640.00 | 24.0 | $15,360.00 |
| Paula Lourenco | Paraprofessional | $300.00 | 33.1 | $9,930.00 |
| Maria Valle | Paraprofessional | $300.00 | 5.3 | $1,590.00 |
|  | **Total** |  | **675.2** | **$483,972.50** |
|  |  |  |  |  |
| Net Fees Requested |  |  |  | **$483,972.50** |
|  |  |  |  |  |
| Blended Rate* |  | *$741.92* |  |  |
| Blended Rate (All Timekeepers) |  | *$716.78* |  |  |
| *Exclusive of Paraprofessional Time |  |  |  |  |

**Jurisdiction, Venue and Governing Law**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and

157.  Venue in this Court is proper pursuant to 28 U.S.C. § 1409.  This Application is a core

proceeding within the meaning of 28 U.S.C. § 157.

2.      The bases for the relief requested herein are sections 328(a), 330, and 331 of the

Bankruptcy Code, Bankruptcy Rule 3016, and Local Rule 2016-1.

**Background**

3.      On February 2, 2023, the Initial Debtors each filed for bankruptcy under chapter 11

of the Bankruptcy Code.

4.      Concurrently with the filing of its petition, SaveSolar Corporation, Inc. filed Form

108, electing that the above-captioned cases be treated as a Complex Case under this Court's

Complex Case Procedures. These cases are eligible for treatment under the Complex Case

3

Procedures because the aggregate liabilities of all affiliated debtors total more than $10,000,000 and/or the total number of creditors is more than 50.  *See* Complex Case Procedures I(a)(1) and I(a)(2).

5.      On May 31, 2023, the Affiliate Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.  The Debtors' cases are jointly administered pursuant to the *Orders Directing Joint Administration.  See* Docket Nos. 39, 157.

6.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

7.      As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

8.      Additional information regarding the Debtors' business may be found in the *Declaration of Karl Unterlechner In Support of Debtors' First Day Motions*, filed on February 8, 2023, *See* Docket No. 24.

### Employment of CohnReznick

9.      On April 14, 2023, the Court entered the *Order Authorizing the Retention and Employment of CohnReznick LLP for The Debtors and Debtors In Possession*, effective as of the Petition Date. *See* Docket No. 97.

### Significant Events During the Application Period

10.      Substantial activity occurred during the Application Period. Among other things, the Debtors, with the advice and assistance of their professionals, obtained the "first day" relief necessary to continue their normal operations in chapter 11 bankruptcy, negotiated with their prepetition stakeholders to determine the best path toward a successful reorganization, secured post-petition financing to further sustain their operations and fund these cases, filed successor

cases for approximately ten of the Initial Debtors' affiliates, and marketed and sold substantially all of their assets pursuant to section 363 of the Bankruptcy Code.

### A.  First Day Relief

11.     On February 6, 2023, the Initial Debtors filed various first day motions, including, among others, the *Debtors' Motion for Order Authorizing the Debtors to Pay Prepetition Wages, Salaries, and Other Compensation* (Docket No. 11) (the "Wages Motion"), the *Debtors' Motion to Maintain Existing Bank Accounts and Business Forms* (Docket No. 12) (the "Bank Account Motion"), and the *Debtors' Motion for Entry of Interim Order Authorizing the Debtors to Use Cash Collateral* (Docket No. 13) (the "Cash Collateral Motion" and, together with the Wages Motion and the Bank Account Motion, the "First Day Motions").  The First Day Motions requested necessary relief to allow the Debtors to continue their normal operations during these chapter 11 cases.

12.     The Debtors' prepetition secured lender, LRC SaveSolar Investco LLC ("Leyline") objected to the Wages Motion and the Cash Collateral Motion.  *See* Docket Nos. 28, 30.

13.     Pursuant to the *Order Granting Debtors' Motion to Expedite Hearing on an Shorten Time to Respond to First Day Motions* (Docket No. 20), the Court conducted a hearing on the First Day Motions on February 9, 2023.

14.     On February 13, 2023, the Court entered the *Interim Order Authorizing the Debtors to Maintain Existing Bank Accounts and Business Forms* (Docket No. 48), the *Order Authorizing the Debtors to Pay Prepetition Wags, Salaries, and Other Compensation* (Docket No. 49), and the *Interim Order Authorizing the Debtors to Use Cash Collateral* (Docket No. 50), whereby the Court granted the First Day Motions and allowed the Debtors a smooth transition to chapter 11.

### B.  Post-Petition Financing, Marketing & Sale

15.     Following the Petition Date, the Debtors, through their professionals, continued negotiations with their secured creditors to determine whether a balance sheet restructuring could occur in these cases.  Faced with dwindling resources and unsuccessful negotiations, the Debtors, in consultation with their professionals, began a marketing process seeking interest from new lenders and/or potential purchasers.

16.     On May 15, 2023, the Debtors filed the *Debtors' Motion for (A) Approval of the Sale of Substantially All of Debtors' Property Free and Clear of Liens, Claims, Interests and Encumbrances; (B) Approval of Sales Contract; (C) Approval of Bid Procedures, Including a Break-Up Fee and Expense Reimbursement; (D) Scheduling Bid Deadline, Auction and Sale Hearing; (E) Approval of Interim and Final Debtor-In-Possession Financing; (F) Approval of Form and Manner of Notice; (G) Setting a Bar Date for Filing Cure Claims with Respect to Executory Contracts and Unexpired Leases; (H) Waiver of Stays Under Bankruptcy Rules 6004 and 6006; and (I) Granting of Related Relief* (Docket No. 115) (the "Bid Procedures Motion"). By the Bid Procedures Motion, the Debtors requested approval of their Asset Purchase Agreement and their DIP Financing Loan and Security Agreement with Edson Redball Devco LLC (the "Stalking Horse Bidder" or the "Purchaser").

17.     Leyline filed and objection and the United States Trustee filed a limited objection to the Bid Procedures Motion.  *See* Docket Nos. 130 and 131.

18.     Pursuant to the *Order Granting Debtors' Motion to Expedite Hearing and Shorten Time to Respond* (Docket No. 120), the Court conducted a contested, evidentiary hearing on the Bid Procedures Motion on May 23, 2023.

19.     On May 25, 2023, the Court entered the *Order (A) Approving Bid Procedures, Including a Break-Up Fee and Expense Reimbursements; (B) Scheduling Bid Deadline, Auction*

*and Sale Hearing; (C) Approving DIP Financing on an Interim Basis Pursuant to Bankruptcy Rule 4001(c)(2); (D) Approving the Form and Manner of Notice; (E) Setting a Bar Date for Filing of Cure Claims with Respect to Executory Contracts and Unexpired Leases; (F) Waiving Stays Under Bankruptcy Rules 6004 and 6006; (G) Continuing Hearing on Motion to Sell; (H) Setting Final Hearing on DIP Financing; and (I) Granting Related Relief* (Docket No. 139) (the "Bid Procedures Order"), approving the Bid Procedures Motion in substantial part.

20.    On May 31, 2023, in connection with the sale and marketing process, the Affiliate Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code.  Further, on June 6, 2023, the Affiliate Debtors filed their request for joinder to the Bid Procedures Motion, which the Court granted by Order dated June 22, 2023, following a hearing. *See* Docket Nos. 149, 175.

21.    Pursuant to the Bid Procedures Order, the Debtors, with the assistance of their professionals, conducted an auction for the sale of substantially all of their assets on July 18, 2023. At the conclusion of the auction, the Debtors, in consultation with their professionals, identified the Stalking Horse Bidder as the prevailing bidder with a bid that included a $1,000,000 cash payment in addition to the stalking horse bid.

22.    The Court conducted a hearing on the sale of substantially all of the Debtors' assets to the Purchaser on July 26, 2023.  By Orders dated July 28, 2023, the Court approved the sale and the Debtors' assumption and assignment of a majority of their executory contracts and unexpired leases the Purchaser.  *See* Docket Nos. 231, 233.

23.    The sale of the Debtors' assets to the Purchaser closed on or about August 7, 2023.

### Summary of Fee Application

24.    By this application, CohnReznick requests (i) interim allowance and award of compensation by the Debtors, jointly and severally, for the professional services rendered by

CohnReznick as financial advisors during the First Interim Period in the amount of $483,972.50, representing 636.8 hours of professional services and 38.4 hours of paraprofessional services; and (ii) reimbursement by the Debtors, jointly and severally, of actual and necessary expenses incurred by CohnReznick during the First Interim Period in connection with the rendition of such professional and paraprofessional services in the amount of $2,295.50.

25.    The fees charged by CohnReznick in the Chapter 11 Cases are billed in accordance with CohnReznick's existing billing rates and procedures in effect during the First Interim Period. The rates CohnReznick charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates CohnReznick charges for professionals and paraprofessionals services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation are annexed hereto as **Exhibit B**.

26.    CohnReznick maintains computerized records of the time spent by all CohnReznick professionals and paraprofessionals in connection with the Chapter 11 Cases. A summary of compensation by timekeeper is attached hereto in **Exhibit C**, and a summary of compensation requested by project category is attached hereto in **Exhibit D** and is reproduced below:

| SUMMARY BY PROJECT CATEGORY FIRST INTERIM FEE APPLICATION FEBRUARY 2, 2023 THROUGH AND INCLUDING AUGUST 31, 2023 | | |
|---|---|---|
| **Description** | **Hours Billed** | **Fees Sought** |
| Assumption/Rejection of Executory Contracts/Lease Issues | 2.9 | $2,204.00 |
| Case Administration (including retention matters) | 30.2 | $13,378.00 |
| Chapter 11 Preparation | 30.8 | $20,988.00 |
| Claims Administration and Objections | 14.0 | $9,635.00 |

8

| **SUMMARY BY PROJECT CATEGORY** **FIRST INTERIM FEE APPLICATION** **FEBRUARY 2, 2023 THROUGH AND INCLUDING AUGUST 31, 2023** | | |
| --- | --- | --- |
| **Description** | **Hours Billed** | **Fees Sought** |
| DIP Facility | 87.8 | $63,700.00 |
| Document Request/Response | 5.1 | $3,025.50 |
| Document Review/Index | 4.0 | $1,476.50 |
| Evaluate Sale of Debtors' Assets/Liquidation | 78.4 | $60,427.00 |
| First Day Motions | 1.0 | $504.00 |
| Litigation Matters/Attendance at Court | 15.5 | $12,559.50 |
| Meetings / Teleconferences with parties to case | 4.8 | $3,915.50 |
| Operating Reports/Results | 127.1 | $91,361.00 |
| Plan and Disclosure Statement (including Business Plan) | 0.8 | $796.00 |
| Prepare/Review Cash Collateral Budgets | 114.0 | $85,519.00 |
| Prepare/Review Cashflow Projections | 70.5 | $51,853.00 |
| Prepare/Review Flash Report for Period Ending | 12.5 | $8,231.00 |
| Review/Analyze Budget | 16.2 | $10,715.50 |
| Review/Analyze Historical Information | 35.3 | $25,757.50 |
| Review of Proposed Transactions of Debtors | 11.1 | $6,508.00 |
| Tax Matters | 0.2 | $163.50 |
| Travel at 50% of actual | 13.0 | $11,255.00 |
| **Services Total:** | **675.2** | **$483,972.50** |

27.     The itemized time records recorded in increments of one-tenth of an hour for CohnReznick professionals and paraprofessionals performing services during the First Interim Period by project category is attached hereto in **Exhibit E**.

28.     CohnReznick also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. A summary and detailed description of the categories of expenses and amounts for which reimbursement is requested by this Application is attached hereto as **Exhibit F**. The summary is reproduced below for reference:

| Expense Category | Total Expenses |
|---|---:|
| Airfare | $536.46 |
| Hotel | $953.36 |
| Mileage | $44.02 |
| Out-of-Town Meals | $99.96 |
| Pacer | $22.50 |
| Phone Charges | $8.00 |
| Taxi Cabs/Car Service | $175.20 |
| Trains/Metro/Subway | $456.00 |
| **Total** | **$2,295.50** |

29.     CohnReznick seeks payment of one hundred percent (100%) of its fees and of its expenses relating to services rendered during the First Interim Period from the Debtors, jointly and severally.

30.     CohnReznick has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application for the First Interim Period.  Pursuant to Bankruptcy Rule 2016(a), CohnReznick has not shared, nor has CohnReznick agreed to share, (i) any compensation it has received or may receive with another party or person other than with the partners and principals or (ii) any compensation another person or party has received or may receive in these chapter 11 cases.

31.     All services for which compensation is requested by CohnReznick were performed for or on behalf of the Debtors.

**Services Provided During the First Interim Period**

32.     This application provides a brief summary of the services rendered by CohnReznick on behalf of the Debtors during the First Interim Period by category.  While it is not possible or practical to describe each and every activity undertaken by CohnReznick, CohnReznick maintains contemporaneous time records which include a detailed chronology of the daily services rendered

10

describing the precise nature of the work, the specific tasks performed, and the time expended by each professional and paraprofessional.

33.     In classifying services into tasks, CohnReznick attempted to place the services performed in the category that most closely relate to the services provided.

34.     Moreover, the following summary of services rendered during the First Interim Period is not intended to be a detailed description of the work performed.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered, as well as to identify certain of the matters and issues that CohnReznick was required to address during the First Interim Period.

### A.  Assumption/Rejection of Executory Contracts/Lease Issues

| Total Hours | Fees |
|:---:|:---:|
| 2.9 | $2,204.00 |

35.     During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, including, among others, (i) reviewed, analyzed executory contracts of the Debtors and related documents, and (ii) communicated with counsel and other professionals regarding Debtors executory contracts and related issues; and (iii) performing other necessary tasks.

### B.  Case Administration (including retention matters)

| Total Hours | Fees |
|:---:|:---:|
| 30.2 | $13,378.00 |

36.     During the Compensation Period, CohnReznick expended time attending to various case administration matters in furtherance of these Chapter 11 Cases, including, among others, (i) conducting oral and written communications with counsel for the Debtors to discuss and review pending tasks and other work in progress, (ii) communicated with Debtors' counsel to discuss

11

status of retention and related information, (iii) reviewed, analyzed and prepared retention documents, (iv) conducted internal and external calls with other professionals to discuss retention and related information, and (v) performing other necessary administrative tasks.  CohnReznick's attention to the administrative matters reflected in this category enabled CohnReznick's team to coordinate in an efficient manner.

### C.  Chapter 11 Preparation

| Total Hours | Fees |
|:---:|:---:|
| 30.8 | $20,988.00 |

37.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed, analyzed documents for Debtors' subsidiaries and related information, (ii) conducted oral and written communications with counsel for the Debtors regarding additional required statement of financial affairs and related issues; (iii) reviewed, analyzed additional Debtors' financial documents for updates to subsidiary debtors' supporting schedules, and (iv) performed other necessary and related tasks.

### D.  Claims Administration and Objections

| Total Hours | Fees |
|:---:|:---:|
| 14.0 | $9,635.00 |

38.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) conducting oral and written communications with counsel for the Debtors to discuss and review IRS submitted claims and related information, (ii) conducted internal and external calls with other professionals to discuss IRS claim, analysis and related information, (iii) written communication with other professionals regarding Leyline

objection and related information; (iv) Review, analysis of administrative claims and related documents, and (v) performed other necessary and related tasks.

### E.  DIP Facility

| Total Hours | Fees |
|:---:|:---:|
| 87.8 | $63,700.00 |

39.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed, analyzed DIP model-integration and related information, (ii) conducted oral and written communications with counsel for the Debtors and other professionals regarding DIP strategy, (iii) communicated with Debtors counsel and other professionals regarding DIP financing and related issues, (iv) communicated with counsel for the Debtors and other professionals on DIP financing considerations, strategy and related discussions, (v) reviewed, analyzed data room updates and related documents, (vi) conducted oral and written communication with other professionals on financing options and related information, (vii) communicated with Debtors' counsel on DIP visit and related financial reporting issues, (viii) reviewed, analyzed DIP budgets and related information, (ix) conducted oral and written communications with Debtors, Debtors' counsel and other professionals on DIP proposal and related information, (x) reviewed, analyzed and prepared responses to proposal vendor payments and related information, (xi) reviewed, analyzed vendor schedules, payments, inventory and related documents; (xii) internal and external communications with professionals on critical vendor payments, updates and related information, (xiii) conducted oral and written communications with counsel for the Debtors regarding payments, vendor schedules, inventory and related documents, and (xiv) performed other necessary and related tasks.

### F.  Document Request/Response

| Total Hours | Fees |
|:---:|:---:|
| 5.1 | $3,025.50 |

40.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) communicated with Debtors' professionals regarding document requests, data access and related information, (ii) reviewed, analyzed document production and related information, (iii) reviewing and analyzing document information, (iv) conducted internal and external calls with other professionals to discuss production of documents and related issues, and (v) performed other necessary tasks related to document requests/response.

### G.  Document Review/Index

| Total Hours | Fees |
|:---:|:---:|
| 4.0 | $1,476.50 |

41.     During the Compensation Period, CohnReznick expended time devoted to reviewing and analyzing information, including, among others, (i) reviewed and analyzed court docket pleadings and related information, (ii) performed other necessary document review, document index related to motions, objections and related information, (iii) reviewed professionals' fees and related information, (iv) performed other necessary document review, and related information, and (v) performed other necessary related tasks.

### H.  Evaluate Sale of Debtors' Assets/Liquidation

| Total Hours | Fees |
|:---:|:---:|
| 78.4 | $60,427.00 |

42.     During the Compensation Period, CohnReznick expended time attending to various activities related to review Debtors' assets, including, among others, (i) reviewed, analyzed inventory appraisal and related information, (ii) written and oral communication with Debtors' counsel regarding sale process, strategy and related issues, (iii) review, analyze options of sale

versus liquidation processes, (iv) written and oral communication with other professionals on considerations of sale process and related information, (v) reviewed, analyzed asset purchase agreement and related documents, (vi) communication with Debtors' counsel and other professionals on draft asset purchase agreement and related information, (vii) written and oral communication with Debtors' counsel regarding bidding procedures and related issues, (viii) communicated with Debtors' counsel and other professionals on upcoming auction, attendance at auction and related status updates, (ix) reviewed, analyzed draft sale documents and related information, (x) internal and external communications with Debtors' counsel and professionals regarding sale, next steps and related discussions, and (xi) performing other necessary tasks.

### I. First Day Motions

| Total Hours | Fees |
|:---:|:---:|
| 1.0 | $504.00 |

43.    During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, including, among others, (i) review first day Declaration of Karl Unterlechner in support of Debtors' first day motion and related information, and (ii)  performing other necessary tasks.                              .

### J. Litigation Matters/Attendance at Court

| Total Hours | Fees |
|:---:|:---:|
| 15.5 | $12,559.50 |

44.    During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) communicated with Debtors' counsel and other professionals to discuss pending hearing and related information, (ii) communicated with Debtors' counsel and other professionals regarding the §341(a) meeting, attendance and related information,

(iii) communicated with Debtors' counsel and other professionals regarding Moxie litigation and related discussions, and (iv) performed other related tasks.

### K.  Meetings / Teleconferences with parties to case

| Total Hours | Fees |
|---|---|
| 4.8 | $3,915.50 |

45.     During the Compensation Period, CohnReznick expended *de minimis* amount of time in this category related to meetings / teleconferences with parties to case, including, among others, (i) communicating with Debtors, Debtors' counsel and other professionals on initial Debtors' interview, strategy meeting and related information, and (ii)  performing other necessary meetings / teleconferences with parties to case.

### L.  Operating Reports/Results

| Total Hours | Fees |
|---|---|
| 127.1 | $91,361.00 |

46.     During the Compensation Period, CohnReznick expended time in this category, including, among others (i) reviewed and analysis of monthly operating reports and related information; (ii) communicated with Debtors' counsel regarding monthly operating reports and reporting requirements, (iii) reviewed, analyzed, updated monthly operating reporting summary schedules and related, (iv) communicated with Debtors' and other professionals in response to questions, documentation in support of preparation of monthly operating reports and related information, (v) review, analysis of financial statements, financial summary sheet for preparation of February 2023 monthly operating reports, (vi) reviewed, analyzed February 2023 monthly operating report and supporting schedules, (vii) review, analysis of financial statements for preparation of March 2023 monthly operating report, (viii) reviewed, analyzed March 2023 monthly operating report and supporting schedules, (ix) communicated with Debtors' counsel and

other professionals on timeline of April 2023 monthly operating report preparation and related information, (x) review, analysis of financial statements and related documents for April 2023 monthly operating report preparation, (xi) reviewed, analyzed April 2023 monthly operating report and supporting schedules, (xii) reviewed United States Trustee reporting/timeline for new Debtors and related correspondence, (xiii) conducted oral and written communications with Debtors' counsel and other professionals for financial documents for preparation of the monthly operating report for May 2023 and related information, (xiv) reviewed, analyzed documents for preparation of May and June 2023 monthly operating reports and supporting schedules, (xv) written communication with Debtors' counsel and other professionals for financial documents for preparation of July 2023 monthly operating report, (xvi) reviewed, analyzed documents for preparation of July 2023 monthly operating reports, and (xvii) performed other related tasks.

### M.   Plan and Disclosure Statement

| Total Hours | Fees |
|:---:|:---:|
| 0.8 | $796.00 |

47.    During the Compensation Period, CohnReznick expended *de minimis* amount of time in this category related to services, including, among others (i) communications with Debtors counsel regarding draft settlement structure and related discussions, and (ii) performed other related tasks.

### N.  Prepare/Review Cash Collateral Budgets

| Total Hours | Fees |
|:---:|:---:|
| 114.0 | $85,519.00 |

48.    During the Compensation Period, CohnReznick expended time in this category related to services, including among others (i) communicated with Debtors and other professionals on cash forecast model, key considerations and related discussions, (ii) reviewed, analysis of

updated cash collateral budget and related documents, (iii) communicated with professionals on the updated cash collateral budget and related discussions, (iv) communicated with Debtors and other professionals to review 13-week cash forecast and prior documents and information, (v) reviewed, analyzed cash collateral order and corresponded with Debtors' counsel regarding next steps, (vi) communicated with other professionals regarding budget, cash receipts and related information, (vii) reviewed, analyzed cash collateral motion filed in February 2023 and updated cash flow budget, (viii) communicated with Debtors and Debtors' counsel on updated budget and related discussions, (ix) reviewed, analysis of updated cash collateral scenario and related information, (x) reviewed, analysis of updated transactions report and supporting information, (xi) conducted oral and written communications with internal and external professionals regarding Debtors' budget updates,  variances between three weeks prior actuals and related information, and (xii) performed other related tasks.

### O.  Prepare/Review Cashflow Projections

| Total Hours | Fees |
|:---:|:---:|
| 70.5 | $51,853.00 |

49.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) written communication with Debtors' other professionals regarding financials for preparation of 13-week cash forecast model and related information, (ii) conducted oral communications with Debtors' counsel and other professionals for review of cashflow forecast and related discussions, (iii) reviewed, analyzed latest cash disbursements and updated cash flow statement, (iv) reviewed, analyzed bridge chart documentation and related information for current cash flow projections, (v) corresponded with professionals for updates to actuals for cash flow budget and related discussions, (vi) reviewed, analysis, update of variance report between former filed budget and latest projections, (vii)

reviewed, analysis of cash waterfall and related information, (viii) communicated with Debtors'

counsel regarding cash waterfall and related issues, and (ix) performed other related tasks.

### P.  Prepare/Review Flash Report for Period Ending

| Total Hours | Fees |
|---|---|
| 12.5 | $8,231.00 |

50.    During the Compensation Period, CohnReznick expended time in this category

related to services, including, among others (i) reviewed, prepared, updated flash report for

Debtors, (ii) internal and external communications with Debtors' counsel and professionals

regarding report for Debtors, updates and related information, and (iii) performed other related

tasks.

### Q.  Review/Analyze Budget

| Total Hours | Fees |
|---|---|
| 16.2 | $10,715.50 |

51.    During the Compensation Period, CohnReznick expended time in this category

related to services, including, among others (i) reviewed, analyzed cash receipts and disbursements

and related information, (ii) reviewed correspondence regarding cash position and related

information, (iii) reviewed, analysis of budget and related issues, (iv) corresponded with Debtors'

counsel regarding budget and related issues, (v) conducted oral and written communications with

internal and external professionals regarding latest management proposed budget and related

expenditure timeline, (vi) reviewed, analysis of budget versus actual schedule and related

information, and (vii) performed other related tasks.

### R.  Review/Analyze Historical Information

| Total Hours | Fees |
|---|---|
| 35.3 | $25,757.50 |

52.    During the Compensation Period, CohnReznick expended time in this category related to services, including, among others (i) reviewed, analysis of general ledger information, historical financial data and related information, (ii) access Debtors' data room and review, analysis of documentation, (iii) reviewed, analysis of historical reports and corresponded with counsel regarding strategy and related discussions, (iv) corresponded with Debtors' regarding updates to accounts payable aging for February 2023 and related, (v) corresponded with Debtors for budget and transaction history for subsidiaries and related information, (vi) reviewed, analysis of statement of financial affairs, schedules, statements for Debtors' subsidiaries and related documents, (vii) reviewed, analysis of latest plant, property and equipment for each subsidiary of the ten recently filed and related information, (viii) reviewed, analyzed Debtors subsidiary financial statements and related documents, and (ix) performed other related tasks.

**S.   Review of Proposed Transactions of Debtors**

| Total Hours | Fees |
|---|---|
| 11.1 | $6,508.00 |

53.    During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed, analyzed Debtors' filings and related information, (ii) reviewed, analyzed projections prepared by Debtors and related documents, (iii) written communication with Debtors and other professionals regarding details for Debtors' subsidiaries, vendor details, CAPEX items and related information, (iv) reviewed, analysis of financial for all subsidiaries filings and related information, and (v) performing other necessary tasks.

**T.  Tax Matters**

| Total Hours | Fees |
|---|---|
| 0.2 | $163.50 |

54.     During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, including, among others, (i) communicated with Debtors counsel and other professionals regarding tax returns and required analysis, and (ii) performing other necessary related tasks.

**U.     Travel at 50% of actual**

| Total Hours | Fees |
|:---:|:---:|
| 13.0 | $11,255.00 |

55.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) travel to, from and for hearing, and (ii) performing other necessary related tasks.

## Actual and Necessary Expenses

56.     CohnReznick seeks allowance of reimbursement of expenses in the amount of $2,295.50 for expenses incurred during the First Interim Period in the course of providing professional services to the Debtors. In connection with the reimbursement of actual, reasonable and necessary expenses, it is CohnReznick's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to CohnReznick's clients include, among other things, telephone and telecopier, toll and other charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, out-of-town travel expenses, and computerized research.

57.     CohnReznick charges Debtors' estate for these expenses at rates consistent with those charged to CohnReznick's other bankruptcy clients, which rates are equal to or less than the rates charged by CohnReznick to its non-bankruptcy clients.

58.     CohnReznick believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. In providing a reimbursable expense, CohnReznick does not make a profit on that expense, whether the service is performed by CohnReznick in-house or through a third party.

**Statutory Basis for Compensation**

59.     The statutory predicates for the relief sought herein are sections 328, 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016.   CohnReznick seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Debtors during the First Interim Period.

60.     Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in section 330. Section 330(a)(1) of the Bankruptcy Code allows for the following: "(A) reasonable compensation for actual, necessary services rendered by. . . [an] professional and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses."

61.     Section 330(a)(3)(A) of the Bankruptcy Code provides that,

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11].

11 U.S.C. § 330(a)(3).

62.     The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citations and internal quotations omitted).

63.     In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *Am. Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of Am.*), 544 F.2d 1291, 1298-99 (5th Cir. 1977), superseded by statute as stated in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd.* (*In re Woerner*), 783 F.3d 266 (5th Cir. 2015), and thereafter adopted by most courts. *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *see generally* 3 Collier on Bankruptcy ¶ 330.03[9] (enumerating *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

64.     CohnReznick respectfully submits that a consideration of these factors should result

in the Court's allowance of the full compensation sought in this Application.

a.  Time and Labor Required.  CohnReznick billed a total of 636.8 hours of
professional services and 38.4 hours of paraprofessional and other non-legal
services during the First Interim Period.  As evidenced by this Application,
CohnReznick professionals and paraprofessionals worked diligently and
efficiently without unnecessary duplication of efforts throughout the First
Interim Period.  This is especially true when considering the nature and
complexity of the issues that arose in the Chapter 11 Cases during the First
Interim Period.

b.  Novelty and Difficulty of the Questions.  The work performed by CohnReznick
has involved issues of varying complexity, as described herein and, also as set
forth in substantial detail in the attached billing detail.

c.  Skill Requisite to Perform the Legal Services Properly.  CohnReznick believes
that its recognized expertise in the area of corporate reorganization, its ability
to draw from highly experienced professionals in other areas of CohnReznick's
practice and its creative approach to the resolution of issues has contributed to
the successful administration of the Chapter 11 Cases. The cases involve a
number of complex issues which required considerable knowledge and
expertise in the area of debtors' and creditors' rights under Chapter 11 of the
Bankruptcy Code.

d.  Preclusion of Other Employment by Applicant Due to Acceptance of the Case.
The professionals and paraprofessionals of CohnReznick have devoted a
substantial amount of time and resources to these cases, to the possible
preclusion of involvement in other matters.

e.  Customary Fee.  The rates CohnReznick charges for the services rendered by
its professionals and paraprofessionals in the Chapter 11 Cases are the same
rates CohnReznick charges for professional and paraprofessional services
rendered in comparable nonbankruptcy matters.  CohnReznick's fee structure
also is equivalent to the fee structure used by CohnReznick for restructuring,
workout, bankruptcy, insolvency and comparable matters, as well as similar
complex corporate and litigation matters, whether in-court or otherwise,
regardless of whether a fee application is required.  The firm's customary hourly
rates and rate structure reflect that restructuring and related matters typically
involve great complexity, numerous tasks requiring a high level of expertise and
severe time pressures, as is the case here.  CohnReznick's rate structure is
similar to the rate structure used by other, similar firms that work on other,
similar matters.

24

     f.   <u>Whether the Fee Is Fixed or Contingent</u>.  Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court and are subject to adjustment depending upon the services rendered and the results obtained. CohnReznick accepted this engagement on an hourly basis, with no retainer. CohnReznick's fees and expenses are subject to Court approval. CohnReznick's fees, however, are not otherwise contingent.

     g.   <u>Time Limitations Imposed by the Client or Other Circumstances</u>.  Certain deadlines have been applicable herein pursuant to Court orders and/or other provisions of Chapter 11 Cases.

     h.   <u>Amount Involved and Results Obtained</u>.  CohnReznick professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors.

     i.   <u>Experience, Reputation and Ability of Attorneys</u>.  CohnReznick has extensive experience in bankruptcy matters. CohnReznick's reputation and ability are well known in the industry.

     j.   <u>"Undesirability" of the Cases</u>.  This factor is not applicable to the Chapter 11 Cases.

     k.   <u>Nature and Length of Professional Relationship</u>.  CohnReznick was employed by the Debtors on April 14, 2023 *Nunc Pro Tunc* to February 2, 2023, after the commencement of the Chapter 11 Cases. CohnReznick was employed to provide financial advisory services to the Debtors.

     l.   <u>Awards in Similar Cases</u>.  CohnReznick believes that this first interim application is in keeping with similar applications for compensation and reimbursement by financial advisors to debtors in other bankruptcy courts in similar cases.

65.    The above narrative portions of this Application are intended to serve as a summary recapitulation of the major areas of CohnReznick's activities and responsibilities. The exhibits provide complete recapitulation of the acts taken by CohnReznick on behalf of the Debtors during the First Interim Period.

66.    For the reasons set forth above, the services rendered by CohnReznick were necessary and beneficial to the Debtors and consistently performed in a timely manner.  The compensation sought in this Application is reasonable in light of the value of such services to the

Debtors, CohnReznick's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation charged by comparably skilled professionals at CohnReznick.   Accordingly, CohnReznick respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

67.     CohnReznick further states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedures that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners and principals of CohnReznick, or (b) any compensation another person or party has received or may receive.

### Statement of CohnReznick

68.     The following is provided in response to the request for additional information set forth in ¶ C.5. of the U.S. Trustee Guidelines.

**A.**     **Did you agree to any variations from, or alternatives to, your standard customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.**

CohnReznick's billing rates, fees, and terms for this engagement are consistent with standard billing rates, fees, and terms used for other engagements.

**B.**     **Have any of the professionals included in this Fee Application varied their hourly rate based on the geographic location of the bankruptcy case?**

No professional, paraprofessional or timekeeper from CohnReznick during the First Interim Period covered by this Application has varied their hourly rates based on  the geographic location of these Chapter 11 Cases.

**C.**     **Does this fee application include time or fees related to reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be**

**compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify hours and fees.**

This Application includes a reasonable amount of time and fees related to reviewing to ensure compliance with the UST Guidelines.

**D.**     **Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.**

This Application does not include time and fees related to reviewing time records to redact any privileged or other confidential information.

**E.**     **If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?**

No, this Application does not include a rate increase since CohnReznick's retention.

### Service of Application upon the Debtors

69.     A copy of this Application and all attachments thereto was sent to Karl Unterlechner, president of the Debtors.

### Notice

70.     CohnReznick has served this application in accordance with Bankruptcy Rules. CohnReznick submits that no other or further notice is necessary.

### Conclusion

**WHEREFORE**, CohnReznick respectfully request that the Court:

(a)     allow and award on an interim basis the fees incurred in the amount

of $483,972.50 for compensation for professional services rendered to and on behalf of the

Debtors, jointly and severally, during the First Interim Period from February 2, 2023

through and including August 31, 2023;

(b)     allow and award on an interim basis the reimbursement of

CohnReznick's out-of-pocket expenses incurred in connection with the rendering of such

services during the First Interim Period from February 2, 2023 through and including

August 31, 2023, in the amount of $2,295.50;

(c)     authorize payment to CohnReznick in the amount of $486,268.00,

which represents the sum of the foregoing amounts; and

(d)     such other and further relief as the Court deems just, proper and

equitable.

Dated: October 25, 2023                    Respectfully submitted,

                                           */s/ Bradford F. Englander*
                                           Bradford F. Englander (Bar No. 428617)
                                           Alexandra G. DeSimone (admitted *pro hac vice*)
                                           WHITEFORD, TAYLOR & PRESTON L.L.P.
                                           3190 Fairview Park Drive, Suite 800
                                           Falls Church, Virginia 22042-4510
                                           Telephone: (703) 280-9081
                                           Email: benglander@whitefordlaw.com
                                                    adesimone@whitefordlaw.com

                                           *Counsel to the Debtors and Debtors in
                                           Possession*

                                           -and-

                                           */s/ Kevin Clancy*
                                           Kevin Clancy, Partner
                                           14 Sylvan Way
                                           Parsippany, New Jersey 07054
                                           Phone: (732)672-0874
                                           Email: Kevin.Clancy@CohnReznick.com

*Financial Advisors for the Debtors and Debtors-In-Possession*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 6, 2023, I served a copy of the foregoing amended Application via CM/ECF upon all parties receiving notice thereby.

*<u>/s/ Alexandra G. DeSimone</u>*
Alexandra G. DeSimone