Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:      (703) 280-9081
E-Mail:      benglander@whitefordlaw.com
             adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER CLOSING
PROJECT SUBSIDIARY CASES AND GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (together, the

"**Debtors**") move (this "**Motion**") for entry of an order substantially in the form attached hereto as

**Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 350 of title 11 of the United

States Code (the "**Bankruptcy Code**") and Rule 3022 of the Federal Rules of Bankruptcy

---

[1]      The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits
of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar
Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC (7389), Case
No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC, (9270), Case No.
23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-ELG; SSC 1901 Brooks
MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574), Case No. 23-00143-ELG;
SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321 Fifth Canopy DC, LLC
(3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472), Case No. 23-00146-ELG;
SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-ELG; SSC 2501 N DC, LLC
(6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC (9082), Case No. 23-00149-
ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate Debtors are referred to
collectively herein as the "**Debtors**").

Procedure (the "**Bankruptcy Rules**"), administratively closing the chapter 11 bankruptcy cases filed by the Affiliate Debtors (collectively, the "**Project Subsidiary Cases**"). In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. To the extent that it may be determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution, the Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion.

2. Venue of the cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory bases for the relief requested herein are sections 105(a) and 350 of the Bankruptcy Code and Bankruptcy Rule 3022.

### Background

*A.    General Background*

5. On February 2, 2023, the Initial Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.

6. Concurrently with the filing of its petition, SaveSolar Corporation, Inc. ("**SaveSolar**") filed Form 108, electing that the above-captioned cases be treated as a Complex Case under this Court's Complex Case Procedures. These cases are eligible for treatment under the Complex Case Procedures because the aggregate liabilities of all affiliated debtors total more

than $10,000,000 and/or the total number of creditors is more than 50. *See* Complex Case Procedures I(a)(1) and I(a)(2).

7.      On May 31, 2023, the Affiliate Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code. The Debtors' cases are jointly administered pursuant to the *Orders Directing Joint Administration*. *See* Docket Nos. 39, 157.

8.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

9.      As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

10.     Additional information regarding the Debtors' business may be found in the *Declaration of Karl Unterlechner In Support of Debtors' First Day Motions*, filed on February 8, 2023 (Docket No. 24).

**B.      The Sale Process**

11.     On July 28, 2023, the Court entered the *Order (A) Approving Sale of Substantially All of Debtors' Property Free and Clear of Liens, Claims, Interests and Encumbrances; (B) Approving Amended Sales Contract; (C) Waiving Stays Under Bankruptcy Rule 6004; and (D) Granting Related Relief* (Docket No. 231) (the "**Sale Order**"), approving the sale of substantially all of the Debtors' assets to Edson Redball DevCo LLC, a Delaware limited liability (the "**Purchaser**"), pursuant to that certain Asset Purchase Agreement between the Debtors and the Purchaser (as amended, the "**Sales Contract**").

12.     On July 31, 2023, the Court entered the *Order Granting Debtors' Motion for Authority to Assume and Assign Executory Contracts and Unexpired Leases* (Docket No. 233),

authorizing the Debtors to assume and assign the majority of their executory contracts and unexpired leases to the Purchaser in connection with the sale.

13.     On or about August 7, 2023, the Debtors closed the sale of substantially all of their assets to the Purchaser.  *See* Docket No. 248.

14.     Following the sale of substantially all of their assets and the assignment of a majority of their executory contracts, the Debtors took certain steps to wind-down their business, including, among other things, terminating all of their U.S.-based employees.

15.     On October 4, 2023, the Court entered the *Order Authorizing SaveSolar Corporation to Reject Executory Contracts and Unexpired Leases* (Docket No. 271), authorizing the Debtors to reject their remaining executory contracts, and the *Order Authorizing the Debtors to (I) Close Their Existing Bank Accounts; (II) Deposit Remaining Funds in Attorney Trust Account; and (III) Authorize Disbursements for the Payment of Ordinary Course Expenses* (Docket No. 274) (the "**Post-Closing Cash Management Order**"), authorizing the Debtors to safeguard their remaining assets and reduce the administrative burden on the estate by closing their pre-petition and debtor-in-possession bank accounts and transferring their remaining funds to the IOLTA client trust account maintained by their counsel.

16.     On December 28, 2023, the Debtors received payment of the final installment of the Purchase Price under the Sales Contract ($1,000,000), and on December 29, 2023, the Debtors paid $500,000 to LRC SaveSolar Investco LLC ("**Leyline**") pursuant to the Sale Order.

C.      *The Adversary Proceeding*

17.     On June 30, 2023, in response to certain interference with the Debtors' sale process, SaveSolar and SSC 3233 Fifteenth DC, LLC ("**Fifteenth**") filed a *Complaint for Violation of the Automatic Stay, Preliminary and Permanent Injunctive Relief, Damages, Punitive Damages, and*

*Declaratory Relief*, as well as applications for a temporary restraining order and preliminary injunction, against Elesavetgrad Cemetery, also known as Elesavetgrad Cemetery Association, and Charles G. Meyers (collectively, the "**Defendants**"), thereby commencing Adversary Proceeding No. 23-10014-ELG (the "**Adversary Proceeding**").

18.     On November 17, 2023, the Court entered an Order approving the Settlement Agreement dated as of October 24, 2023, by and between SaveSolar, Fifteenth, the Defendants, and the Purchaser (the "**Settlement Agreement**"), resolving all disputes in the Adversary Proceeding. *See* Adv. Pro. No. 23-10014-ELG, Docket No. 40.

19.     In accordance with the Settlement Agreement, on November 20, 2023, the Court entered Judgment awarding damages to SaveSolar in the amount of $30,000, among other relief. *See* Adv. Pro. No. 23-10014-ELG, Docket No. 42.

20.     The Settlement Agreement provides for assignment of the Judgment to the Purchaser upon payment by the Purchaser of $20,000 to SaveSolar and Fifteenth. As of the date hereof, the Debtors have received payment by, and the Judgment has been assigned to, the Purchaser.[2]

### Relief Requested and Basis Therefor

21.     By this Motion, the Debtors request entry of the Proposed Order administratively closing the Project Subsidiary Cases in order to reduce the cost and burden of administration of the Debtors' estates.

22.     Section 350 of the Bankruptcy Code provides, in relevant part: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11

---

[2] The Debtors have prepared a form of assignment of the judgment, which they anticipate filing prior to the resolution of this Motion.

U.S.C. § 350(a). Normally, chapter 11 cases are closed after a plan has been confirmed and substantially consummated. *See, e.g., In re Lindemuth*, 638 B.R. 173, 177 (Bankr. D. Kan. 2022); *In re Gould*, 437 B.R. 34, 38 (Bankr. D. Conn. 2010); *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009). However, Section 350 does not expressly require that a plan be confirmed as a prerequisite to closing a Chapter 11 case. In appropriate circumstances, courts have closed Chapter 11 cases pursuant to Section 350 despite the absence of a plan. *See, e.g., In re Essex Constr., LLC*, Case No. 16-24661-TJC (Bankr. D. Md. 2022), Docket Nos. 952 & 983 (closing chapter 11 case prior to plan confirmation where the estate had been fully administered and all adversary proceedings had resulted in final judgments).

23.    This case presents unique circumstances warranting administrative closing of the Project Subsidiary Cases prior to plan confirmation and substantial consummation. The Project Subsidiary Cases were commenced for the sole purpose of joining the Debtors' sale process. As a result of that process, all or substantially all of their assets have been sold, assigned to the Purchaser, or otherwise disposed of. Pursuant to the Post-Closing Cash Management Order, all funds in the subsidiary bank accounts have been transferred to the client trust account of Debtors' counsel, and the Debtors either have closed the subsidiaries' bank accounts (or are in the process of doing so). Eight of the Project Subsidiaries have no cash deposits, and the remaining cash that was on deposit in the names of two of the Project Subsidiaries are being held by Debtors' counsel pursuant to the Post-Closing Cash Management Order.[3] The Project Subsidiaries do not have any employees. There is no longer any business to conduct or assets to administer. Under these

---

[3] Counsel presently holds the following funds on account of the specified Project Subsidiaries: SSC 1110 Kennebec MD LLC ($10,251.00); and SSC 2501 N DC LLC ($5,606.50). Each of the foregoing entities is a wholly owned subsidiary of SaveSolar Alpha Holdco LLC. Additionally, counsel holds funds of one non-debtor wholly owned subsidiary of SaveSolar Corporation, Inc., SSC Devco LLC, in the amount of $67,642.90.

circumstances, closing the Project Subsidiary Cases reduces the burden on the Debtors' estates by relieving them of the time, effort, and expense of preparing monthly operating reports and remitting U.S. Trustee fees in each of the Project Subsidiary Cases.

24.     Furthermore, closure of the Project Subsidiary Cases will not prejudice any party with a pecuniary interest in the Project Subsidiary Cases. The deadline to file proofs of claim in the Project Subsidiary Cases expired on October 18, 2023, for non-governmental claimants, and on November 27, 2023, for governmental claimants. The only creditor who filed a proof of claim in each of the Project Subsidiary Cases is Leyline, which filed an identical proof of claim in each Project Subsidiary Case. Pursuant to the Sale Order, Leyline's claim has been paid and satisfied (other than a possible recovery in the event of sufficient distributions to other general unsecured creditors of the Debtors). Accordingly, there are no claims to be administered in the Project Subsidiary cases, and no creditors will be prejudiced by the relief requested herein.  Closure of the Project Subsidiary Cases is in the best interest of the Debtors, the estates, and their creditors.

25.     The alternative to closing the Subsidiary Cases would be either to leave them open until the Initial Debtors' cases are concluded or to dismiss them.  Neither is a practical option. Leaving the cases open would require ongoing expense to prepare and file monthly operating reports despite the absence of activity.  Further, each Debtor would be responsible for paying minimum United States Trustee fees.  Dismissing the cases would not be prudent at this time. Under the prevailing case law, when a case is dismissed, it cannot be reopened. *See In re Kent Funding Corp.*, 290 B.R. 471 (Bankr. E.D.N.Y. 2003); *In re Woodhaven, Ltd.*, 139 B.R. 745 (Bankr. N.D. Ala. 1992).  Although the Debtors do not expect that a need for reopening will arise, since the Initial Debtor cases remain pending, the possibility exists that unforeseen issues may arise.  Thus, the Debtors believe that the ability to reopen the cases should be preserved.

26.     The Debtors further request that the funds held by counsel on behalf of SSC 1110 Kennebec MD LLC ("**Kennebec**") and SSC 2501 N DC LLC ("**2501 N**") be deemed distributed to Alpha Holdco, which owns 100% of each such subsidiary.  Such funds would be available for the payment of administrative expenses and claims against Alpha Holdco.  Since the only creditor of Kennebec and 2501 N was Leyline, and its claims have been resolved as set forth in the Sale Order, the upstream distribution of such funds would not prejudice any creditor.[4]

WHEREFORE, for the reasons set forth herein, the Debtors request entry of the Proposed Order: (1) granting this Motion; (2) closing the Project Subsidiary Cases; and (3) granting such other and further relief as the Court deems just and proper.

Dated: February 6, 2024                         Respectfully submitted,

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:     (703) 280-9081
E-Mail:          benglander@whitefordlaw.com
                    adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

---

[4] Funds of SSC Devco LLC, a non-debtor, will not be affected by this Motion, and any disposition of such funds by SaveSolar will be subject to further order of the Court.  Similarly, this Motion does not affect SSC SR JV Holdco LLC (known as the "Class B Member"), which SaveSolar continues to market, as discussed in the contemporaneously filed *Application For Authority To Employ And Retain Silver Birch, Inc. and BA Securities, LLC As Investment Bankers For SaveSolar Corporation, Inc., Effective As Of January 26, 2024.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 6, 2024, I caused a copy of the foregoing Motion to be served *via* CM/ECF upon all parties receiving notice thereby and by first-class mail or e-mail, where an e-mail address was available, on all persons on the Master Service List established pursuant to Article VI of the Court's Complex Case Procedures.

*/s/ Alexandra G. DeSimone*
Alexandra G. DeSimone
Counsel

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER CLOSING PROJECT SUBSIDIARY**
**CASES PURSUANT TO 11 U.S.C. § 350(A)**

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-

captioned cases (together, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections

---

[1]    The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC, (9270), Case No. 23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-ELG; SSC 1901 Brooks MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574), Case No. 23-00143-ELG; SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321 Fifth Canopy DC, LLC (3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472), Case No. 23-00146-ELG; SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-ELG; SSC 2501 N DC, LLC (6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC (9082), Case No. 23-00149-ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate Debtors are referred to collectively herein as the "**Debtors**").

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

105(a) and 350 of the Bankruptcy Code and Bankruptcy Rule 3022, closing the chapter 11 cases commenced by the Affiliate Debtors (the "**Project Subsidiary Cases**"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief granted herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and proper notice of the Motion having been given; and no other or further notice of the Motion being required; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **THE COURT FINDS THAT**:

A.    <u>Findings of Fact and Conclusions of Law</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Jurisdiction and Final Order</u>. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    <u>Bases for Relief Requested</u>. The bases for the relief requested in the Motion are sections 105(a) and 350 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

D.    <u>Notice</u>. Notice of the Motion and the hearing on the Motion was sufficient under the circumstances and no other or further notice need be provided. A reasonable opportunity to object and be heard regarding the relief requested in the Motion has been afforded to parties in interest.

E.    <u>Best Interests of the Estate</u>. Closing of the Project Subsidiary Cases is in the best interest of the Debtors, their creditors, their estates, and all other parties in interest. The Debtors have demonstrated both (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for this Court to close the Project Subsidiary Cases.

F.    <u>SaveSolar and Alpha HoldCo Cases</u>. Notwithstanding anything to the contrary in this Order, the closure of the Project Subsidiary Cases shall not affect the chapter 11 cases commenced by SaveSolar Corporation, Inc. ("**SaveSolar**") and SaveSolar Alpha HoldCo, LLC ("**Alpha HoldCo**"). The SaveSolar and Alpha HoldCo cases shall remain open pending further order of this Court.

G.    <u>Objections</u>. Any objections to this Motion are overruled.

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** as set forth herein.

2.    All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to this Court at any hearing on the Motion or by stipulation filed with this Court, are **OVERRULED**.

3.    The Project Subsidiary Cases, which are listed below by the Debtor's name and case number, are hereby **CLOSED** subject only to the terms and conditions as provided herein:

| Debtor | Case Number |
|---|---|
| SSC 1110 Kennebec MD, LLC | Case No. 23-00140-ELG |
| SSC 3233 Fifteenth DC, LLC | Case No. 23-00141-ELG |
| SSC 1901 Brooks MD, LLC | Case No. 23-00142-ELG |
| SSC 1323 I DC, LLC | Case No. 23-00143-ELG |
| SSC 1321 Fifth DC, LLC | Case No. 23-00144-ELG |
| SSC 1321 Fifth Canopy DC, LLC | Case No. 23-00145-ELG |
| SSC 116 Irvington DC, LLC | Case No. 23-00146-ELG |
| SSC 116 Irvington Canopy DC, LLC | Case No. 23-00147-ELG |
| SSC 2501 N DC, LLC | Case No. 23-00148-ELG |
| SSC 3320 Wheeler DC, LLC | Case No. 23-00149-ELG |

4.      Funds held by Debtors' counsel on behalf of SSC 1110 Kennebec MD LLC and SSC 2501 N DC LLC hereby are deemed distributed to Alpha HoldCo for use and distribution pursuant to the terms of the Post-Closing Cash Management Order.

5.      Entry of this Order is without prejudice to the rights of the Debtors to seek to reopen any of the Project Subsidiary Cases for good cause shown in accordance with section 350(b) of the Bankruptcy Code.

6.      The Debtors are authorized and empowered to take steps and to perform such acts as may be necessary to implement and effectuate the terms of this Order.

7.      This Order shall be effective immediately upon entry, and any stay as may be applicable under Federal Rule of Bankruptcy Procedure 6004(h) is deemed waived.

8.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF ORDER**

I ASK FOR THIS:

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:      (703) 280-9081
E-Mail:      benglander@whitefordlaw.com
             adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

Copies to: Master Service List