The order below is hereby signed.

Signed: February 27 2024



_____
Elizabeth L. Gunn
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-00045-ELG |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING APPLICATION FOR AUTHORITY TO EMPLOY AND RETAIN
SILVER BIRCH, INC. AND BA SERCURITES, LLC AS INVESTMENT BANKERS
FOR SAVESOLAR CORPORATION, INC. EFFECTIVE AS OF JANUARY 26, 2024**

Upon consideration of the application (the "**Application**")[2] to approve the employment

of Silver Birch, Inc. ("**SBG**") and BA Securities, LLC ("**BA**") as investment bankers to the

---

[1]     The Debtors in these jointly administered Chapter 11 Cases, along with the last four
digits of each Debtor's federal tax identification number, and its chapter 11 case number, are:
SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC
(7389), Case No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC,
(9270), Case No. 23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-
ELG; SSC 1901 Brooks MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574),
Case No. 23-00143-ELG; SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321
Fifth Canopy DC, LLC (3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472),
Case No. 23-00146-ELG; SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-
ELG; SSC 2501 N DC, LLC (6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC
(9082), Case No. 23-00149-ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate
Debtors are referred to collectively herein as the "**Debtors**"). On February 6, 2024, the Debtors
filed their *Motion for Entry of an Order Closing Project Subsidiary Cases and Granting Related
Relief* (Docket No. 330).

SaveSolar Corporation, Inc. ("**SaveSolar**" or the "**Debtor**"), effective January 26, 2024, and

upon consideration of the Declaration of Jeffrey R. Manning, Sr. (the "**Manning Declaration**")

in support of the Application; and the Court having jurisdiction over this matter pursuant to 28

U.S.C. §§157 and 1334; and consideration of the Application and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. §157(b)(2); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409, and due and proper notice of the Application

having been provided to the necessary parties, and the Court having found that no other or

further notice is necessary; and the Debtor being authorized under Bankruptcy Code section 327,

328 and 330, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 to retain and

employ, with the Court's approval, certain professional persons; and the Court having reviewed

the Application and the Manning Declaration and having heard statements in support of the relief

requested therein at any hearing held before the Court to consider the Application (the

"**Hearing**"); and the Court having found based on the representations made in the Application

and at the Hearing that SBG and BA are each a "disinterested person," as the term is defined in

Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a) and that

neither SBG nor BA holds or represents an interest adverse to the Debtor or its estate; and the

Court having found that the terms and conditions of the proposed employment as set forth in and

as summarized in the Application are reasonable as required by Bankruptcy Code section 328(a);

and the Court having determined that the legal and factual bases set forth in the Application and

at the Hearing establish just cause for the relief granted herein; and it appearing, and the Court

having found that the retention and employment of SBG and BA, which has the capability and

experience to provide the services described in the Application, is in the best interests of the

---

<sup>2</sup>    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed

2

Debtor's estate, its creditors and other parties in interest; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED**.

2.      The Debtor is authorized to retain and employ SBG and BA as its investment bankers effective as of January 26, 2024, in accordance with the terms and conditions set forth in the Application, except as limited or modified herein.

3.      SBG and BA are each authorized to provide the Debtor with the professional services as described in the Application.

4.      The Debtor is authorized to pay $10,000.00 retainer to SBG.  Payment may be made from the trust account that Debtor's counsel, Whiteford Taylor & Preston, LLP, is holding on account of the Debtor pursuant to this Court's *Order Authorizing The Debtors To (I) Close Their Existing Bank Accounts; (II) Deposit Remaining Fund In Attorney Trust Account; And (III) Authorize Disbursements For The Payment Of Ordinary Expen*ses, entered October 4, 2023 (clerk's docket no. 274).

5.      SBG and BA shall be entitled to compensation pursuant to section 328 of the Bankruptcy Code on a contingent fee basis, and to reimbursement of expenses, all in the amounts, and subject to the terms, conditions, and procedures set forth in the Application, except as expressly modified by this Order.  Notwithstanding any provision to the contrary herein, the U.S. Trustee shall have the right to object to SBG's and/or BA's request(s) for interim and final compensation based on the reasonableness standard provided in section 330 of the Bankruptcy

to them in the Application.

Code, not section 328(a) of the Bankruptcy Code, and in such circumstances, the Court retains the right to review the interim and final applications pursuant to section 330 of the Bankruptcy Code. In determining reasonableness, the Court shall rely on compensation standards applicable to investment bankers.

6.      Neither SBG nor BA shall be entitled to reimbursement for fees and expenses of its counsel incurred in connection with any objection to its fees or negotiation of the terms of the engagement, to the extent prohibited by *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121 (2015), or other governing caselaw. In the event that, during the pendency of these cases, SBG and/or BA seeks reimbursement for any attorney's fees or expenses, the invoices and supporting time records from such attorneys shall be included in such professional's fee applications and such invoices and time records shall be in compliance with the Local Bankruptcy Rules and shall be subject to any U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standard of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327; *provided, however*, that neither SBG nor BA shall not seek reimbursement from the Debtor's estate for any fees incurred in defending any of such professional's fee applications or negotiations of the engagement in these chapter 11 cases, to the extent prohibited by *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121 (2015), or other governing caselaw. Nothing herein shall affect SBG's or BA's rights with respect to fee or costs as may be subject to the indemnification provisions in the Engagement Letter.

7.      SBG and BA each is hereby authorized to keep reasonably detailed time records in one-quarter (.25) hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the

4

amount of compensation requested. SBG and BA, as investment banker, each shall be excused from keeping time in tenth-hour increments and shall not be required to provide or conform to any schedules of hourly rates.

8.      Notwithstanding anything to the contrary in the Engagement Letter or the Application, to the extent that the Debtor requests SBG and/or BA to perform any services other than those detailed in the Engagement Letter, the Debtor shall seek further approval by the Court by an application that shall set forth the additional services to be performed and the additional fees sought to be paid.

9.      The Debtor, SBG and BA are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

11.     To the extent there is any inconsistency between the terms of the Application and this order, the terms of this Order shall govern.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and any stay as may be applicable under Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

13.     Notwithstanding anything in the Application to the contrary, during the pendency of these Chapter 11 Cases, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**END OF ORDER**

I ASK FOR THIS:

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:      (703) 280-9081
E-Mail:          benglander@whitefordlaw.com
                 adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*


**SEEN AND NO OBJECTION:**

*/s/ Sara Kathryn Mason (with permission)*
Sara Kathryn Mayson
Trial Attorney, NC Bar # 55280
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia  22314
Telephone: (703) 557-0423 (direct dial)
Facsimile: (703) 841-8501 (office cell)
Email:  sara.kathryn.mayson@usdoj.gov

*Counsel to Gerard R. Vetter*
*United States Trustee for Region 4*