The order below is hereby signed.

Signed: March 28 2024

Elizabeth L. Gunn
U.S. Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## ORDER CLOSING PROJECT SUBSIDIARY
## CASES PURSUANT TO 11 U.S.C. § 350(A)

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (together, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC, (9270), Case No. 23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-ELG; SSC 1901 Brooks MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574), Case No. 23-00143-ELG; SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321 Fifth Canopy DC, LLC (3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472), Case No. 23-00146-ELG; SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-ELG; SSC 2501 N DC, LLC (6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC (9082), Case No. 23-00149-ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate Debtors are referred to collectively herein as the "**Debtors**").

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

105(a) and 350 of the Bankruptcy Code and Bankruptcy Rule 3022, closing the chapter 11 cases commenced by the Affiliate Debtors (the "**Project Subsidiary Cases**"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief granted herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and proper notice of the Motion having been given; and no other or further notice of the Motion being required; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **THE COURT FINDS THAT**:

    A.    <u>Findings of Fact and Conclusions of Law</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    B.    <u>Jurisdiction and Final Order</u>. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    C.    <u>Bases for Relief Requested</u>. The bases for the relief requested in the Motion are sections 105(a) and 350 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

    D.    <u>Notice</u>. Notice of the Motion and the hearing on the Motion was sufficient under the circumstances and no other or further notice need be provided. A reasonable opportunity to object and be heard regarding the relief requested in the Motion has been afforded to parties in interest.

E.  <u>Best Interests of the Estate</u>. Closing of the Project Subsidiary Cases is in the best interest of the Debtors, their creditors, their estates, and all other parties in interest. The Debtors have demonstrated both (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for this Court to close the Project Subsidiary Cases.

F.  <u>SaveSolar and Alpha HoldCo Cases</u>. Notwithstanding anything to the contrary in this Order, the closure of the Project Subsidiary Cases shall not affect the chapter 11 cases commenced by SaveSolar Corporation, Inc. ("**SaveSolar**") and SaveSolar Alpha HoldCo, LLC ("**Alpha HoldCo**"). The SaveSolar and Alpha HoldCo cases shall remain open pending further order of this Court.

G.  <u>Objections</u>. Any objections to this Motion are overruled.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to this Court at any hearing on the Motion or by stipulation filed with this Court, are **OVERRULED**.

3. The Project Subsidiary Cases, which are listed below by the Debtor's name and case number, are hereby **CLOSED** subject only to the terms and conditions as provided herein:

| Debtor | Case Number |
|---|---|
| SSC 1110 Kennebec MD, LLC | Case No. 23-00140-ELG |
| SSC 3233 Fifteenth DC, LLC | Case No. 23-00141-ELG |
| SSC 1901 Brooks MD, LLC | Case No. 23-00142-ELG |
| SSC 1323 I DC, LLC | Case No. 23-00143-ELG |
| SSC 1321 Fifth DC, LLC | Case No. 23-00144-ELG |
| SSC 1321 Fifth Canopy DC, LLC | Case No. 23-00145-ELG |
| SSC 116 Irvington DC, LLC | Case No. 23-00146-ELG |
| SSC 116 Irvington Canopy DC, LLC | Case No. 23-00147-ELG |
| SSC 2501 N DC, LLC | Case No. 23-00148-ELG |
| SSC 3320 Wheeler DC, LLC | Case No. 23-00149-ELG |

3

4. Funds held by Debtors' counsel on behalf of SSC 1110 Kennebec MD LLC and SSC 2501 N DC LLC hereby are deemed distributed to Alpha HoldCo for use and distribution pursuant to the terms of the Post-Closing Cash Management Order.

5. SaveSolar and Alpha HoldCo shall timely pay the US Trustee fees for the first quarter of 2024 on behalf of the Affiliate Debtors.

6. Entry of this Order is without prejudice to the rights of the Debtors to seek to reopen any of the Project Subsidiary Cases for good cause shown in accordance with section 350(b) of the Bankruptcy Code.

7. The Debtors are authorized and empowered to take steps and to perform such acts as may be necessary to implement and effectuate the terms of this Order.

8. This Order shall be effective immediately upon entry, and any stay as may be applicable under Federal Rule of Bankruptcy Procedure 6004(h) is deemed waived.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF ORDER**


I ASK FOR THIS:

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:    (703) 280-9081
E-Mail:    benglander@whitefordlaw.com
    adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

SEEN AND NO OBJECTION:

*/s/ Kristen S. Eustis*
Kristen S. Eustis
Trial Attorney, MD Bar # MD28984
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia 22314
Telephone: (703) 557-7227 (direct dial)
Email:  kristen.s.eustis@usdoj.gov

*Counsel to Gerard R. Vetter*
*United States Trustee for Region 4*

Copies to: Master Service List