Bradford E. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD TAYLOR & PRESTON LLP**
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042-4510
Telephone: (703) 280-9081
E-Mail:       benglander@whitefordlaw.com
              adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SAVESOLAR CORPORATION, INC., *et al.*,[1] | ) | Case No.: 23-00045-ELG |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

## APPLICATION FOR AUTHORITY TO EMPLOY
## MURRAY LAW FIRM, P.C. AS SPECIAL COUNSEL FOR
## SAVESOLAR CORPORATION, INC.

SaveSolar Corporation, Inc. ("**SaveSolar**" or the "**Debtor**"), the above-captioned debtor and debtor in possession, by and through its counsel, hereby submits this application (the "**Application**") for an entry of an Order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the employment of Noelle R. Murray and Murray Law Firm, P.C. (together, "**Murray**") as its special counsel, pursuant to sections 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar

Columbia (the "**Local Bankruptcy Rules**"), effective as of the date of this Application, for the purpose of collecting on, and enforcing, SaveSolar's rights under that certain default judgment entered on April 2, 2024, by the Superior Court of the District of Columbia in connection with Civil Case No. 2022-CAB-005352 (the "**Judgment**"). In Support of the Application, the Debtor relies upon and incorporates by reference the Declaration of Noelle R. Murray, Esq., a true and correct copy of which is attached hereto as **Exhibit B** (the "**Murray Declaration**"). In further support of this Application, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1.        The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding and the Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.        The statutory bases for the relief sought are §§ 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

3.        The Debtor consents to the entry of a final order by this Court in connection with this Application to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection with this Application consistent with Article III of the United States Constitution.

## BACKGROUND

*A.        The Bankruptcy Case*

---

Corporation, Inc. (1304), Case No. 23-00045-ELG; and SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "**Debtors**").

4.      On February 2, 2023, the Initial Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.

5.      Concurrently with the filing of its petition, SaveSolar filed Form 108, electing that the above-captioned cases be treated as a Complex Case under this Court's Complex Case Procedures. These cases are eligible for treatment under the Complex Case Procedures because the aggregate liabilities of all affiliated debtors total more than $10,000,000 and/or the total number of creditors is more than 50.  *See* Complex Case Procedures I(a)(1) and I(a)(2).

6.      On May 31, 2023, the Affiliate Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.  The Debtors' cases are jointly administered pursuant to the *Orders Directing Joint Administration*.  *See* Docket Nos. 39, 157.

7.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

8.      As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

9.      Additional information regarding the Debtors' business may be found in the *Declaration of Karl Unterlechner In Support of Debtors' First Day Motions*, filed on February 8, 2023 (Docket No. 24) (the "First Day Declaration").

**B.      *The Moxie Solar Litigation***

10.     As described in the First Day Declaration, prior to the petition date, the contractor for one of SaveSolar's projects, Moxie Solar (as defined herein), defaulted on its obligations by failing to begin construction of a project pursuant to agreed upon project timelines, cause SaveSolar to terminate the contract. After termination, Moxie Solar refused to refund

approximately $700,000 advanced by SaveSolar for equipment procurement, notwithstanding that no such equipment had been procured for the project.

11.     On November 14, 2022, SaveSolar commenced Case No. 2022-CAB-005352 in the Superior Court of the District of Columbia (the "**Superior Court**") against MSI Diversified, Inc. f/k/a Moxie Solar, Inc. d/b/a Moxie Solar and Moxie Solar, L.L.C. d/b/a Moxie Solar (collectively, "**Moxie Solar**"), Lorentzen Investments, LLC ("**Lorentzen**"), and Jason R. Hall ("**Hall**" and together with Moxie Solar and Lorentzen, the "**Defendants**") for, among other things, breach of contract and breach of the duty of good faith and fair dealing (the "**Litigation**").

12.     On April 2, 2024, the Superior Court entered the Judgment against defendants Moxie Solar and Hall (collectively, the "**Defaulting Defendants**"), jointly and severally, in the amount of $696,258.09, plus costs, in favor of SaveSolar.

13.     SaveSolar requires special counsel to collect on and enforce its rights under the Judgment against the Defaulting Defendants, who upon information and belief are residents of, or own substantial assets located in, Iowa.

## **RELIEF REQUESTED AND BASIS THEREFOR**

14.     Pursuant to this Application, SaveSolar seeks authority to employ Murray as its special counsel pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 on the terms and conditions set forth herein and in the Murray Declaration for the purpose of collecting and enforcing SaveSolar's rights under the Judgment.

15.     SaveSolar submits that the employment of Murray under the terms described herein and in the Murray Declaration is appropriate under sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the Debtor, with the

Court's approval, to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title." 11 U.S.C. § 327(a).

16.     Section 328(a) of the Bankruptcy Code empowers the Debtor, with the Court's approval, to employ an attorney to perform services for the Debtor under any reasonable terms and conditions of employment, including on a retainer basis, on an hourly basis, or on a contingent fee basis.

### Professional Qualifications of Murray

17.     The Debtor seeks to employ Murray as its special counsel because of Murray's extensive experience in the collection and enforcement of debts under Iowa law. Noelle R. Murray has more than 25 years of experience as an attorney and specializes in the area of commercial debt collection, among other matters. More specifically, Murray is familiar with the Defaulting Defendants involved in the Litigation and in the past has successfully collected and/or enforced debts from one or more of them.

18.     Given Murray's general qualifications and experience with the specific Defendants, the Debtor believes that the employment and retention of Murray as its special counsel is the most prudent and cost-effective way to proceed with collection and enforcement of the Judgment.

### Services to be Provided

19.     The services to be rendered by Murray are necessary and essential to the Debtor's operation and will not duplicate the services to be rendered by any other professional in these cases.

20.     Subject to court approval, Murray will advise and represent SaveSolar in

connection with its efforts to collect on or otherwise enforce its rights under the Judgment against the Defendants under Iowa law. This may include, but is not limited to, domesticating the Judgment in Iowa, issuing any necessary notice or process to the Defaulting Defendants, and/or prosecuting any claims or causes of action necessary to the enforcement of the Judgment in Iowa courts.

21.    The Debtor believes that Murray possesses the requisite resources and is highly qualified and uniquely able to assist the Debtor with the collection and/or enforcement of the Judgment.

### Disinterestedness

22.    As set forth in the Murray Declaration, Murray has reviewed its electronic database to determine whether it has any relationships with any creditors and parties in interest in these chapter 11 cases, the list of which was provided by the Debtor and/or its representatives. To the best of the Debtor's knowledge, information and belief, Murray is a "disinterested person" as such term is defined in the Bankruptcy Code section 101(14) as modified by Bankruptcy Code section 1107(b) and as required by Bankruptcy Code section 327(a), and does not hold any interest materially adverse to the Debtor, its estate, creditors, and equity security holders.

23.    Murray is a "disinterested person," defined as a person that

a.    is not a creditor, an equity security holder, or an insider;

b.    is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtors; and

c.    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect

relationship to, connection with, or interest in, the debtors, or for any other reason. *See* 11 U.S.C. § 101(14).

24.     The Debtor has been advised that, as set forth in the Murray Declaration, Murray is not aware of representing any other entity in connection with these chapter 11 cases or their respective attorneys and accountants, the United States Trustee or any other person employed in the Office of the United States Trustee in any matter relating to the Debtor or its estate. To the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise during the period of Murray's employment, Murray will use reasonable efforts to promptly file a supplemental Murray Declaration if and when necessary to disclose any further relationships that require disclosure in these chapter 11 cases and as required by Bankruptcy Rule 2014(a).

25.     The Debtor is satisfied that Murray does not represent an interest adverse to the Debtor with respect to the matters for which it will be employed. The employment of Murray would be in the best interest of the Debtor and the Debtor's estate.

**Professional Compensation**

26.     As set forth in the Murray Declaration, the Debtor proposes to engage Murray on a contingency-fee basis (the "**Contingency Fee**"). The Contingency Fee will be based on the amount collected from the Defendants pursuant to the Judgment. Pursuant to the parties' agreement, and subject to court approval, the Contingency Fee will be thirty percent (30%) of the amount recovered by Murray pursuant to the Judgment.

27.     Murray understands that any compensation paid to Murray must be approved by this Court upon application consistent with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, or further Order of this Court.   In addition, Murray will also seek

reimbursement for actual and necessary out-of-pocket expenses incurred in connection with its engagement in these chapter 11 cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, computer assisted legal research, photocopying, train fare, meals and lodging. Expenses for actual costs incurred will be charged in accordance with the applicable Rules and Guidelines of this Court.

## **NOTICE**

28.     Notice of this Application has been or will shortly be provided either by facsimile, electronic transmission, or first-class mail to all parties listed on the Master Service List prepared and maintained in accordance with Article VI of the Court's Complex Case Procedures. The Debtor submits that, given the nature of the relief requested, no further or other notice is necessary.

## **NO PRIOR REQUEST**

29.     No prior application for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests entry of the Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested in this Application and such further relief as is just, proper and equitable.

Dated: May 16, 2024                          Respectfully submitted,

                                             */s/ Bradford F. Englander*
                                             Bradford F. Englander (Bar No. 428617)
                                             Alexandra G. DeSimone (admitted *pro hac vice*)
                                             **WHITEFORD, TAYLOR & PRESTON L.L.P.**
                                             3190 Fairview Park Drive, Suite 800
                                             Falls Church, Virginia 22042-4510
                                             Telephone:     (703) 280-9081
                                             E-Mail:        benglander@whitefordlaw.com

adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2024, I caused a copy of the foregoing Application to be served *via* CM/ECF upon all parties receiving notice thereby and by first-class mail or e-mail, where an e-mail address was available, on all persons on the Master Service List established pursuant to Article VI of the Court's Complex Case Procedures.

*/s/ Alexandra G. DeSimone*
Alexandra G. DeSimone
Counsel

## **Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 23-00045-ELG |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING APPLICATION FOR AUTHORITY TO EMPLOY
MURRAY LAW FIRM, P.C. AS SPECIAL COUNSEL FOR SAVESOLAR
CORPORATION, INC.**

Upon consideration of the application (the "**Application**")[2] to approve the employment

of Murray Law Firm, P.C. ("**Murray**") as special counsel to the SaveSolar Corporation, Inc.

("**SaveSolar**" or the "**Debtor**"), effective as of the date of the Application, and upon

consideration of the Declaration of Noelle R. Murray (the "**Murray Declaration**") in support of

the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§157

and 1334; and consideration of the Application and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. §157(b)(2); and venue being proper before this Court pursuant

---

[1]     The Debtors in these jointly administered Chapter 11 Cases, along with the last four
digits of each Debtor's federal tax identification number, and its chapter 11 case number, are:
SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; and SaveSolar Alpha HoldCo,
LLC (7389), Case No. 23-00046-ELG (the "**Initial Debtors**").

to 28 U.S.C. §§ 1408 and 1409, and due and proper notice of the Application having been provided to the necessary parties, and the Court having found that no other or further notice is necessary; and the Debtor being authorized under Bankruptcy Code section 327, 328 and 330, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 to retain and employ, with the Court's approval, certain professional persons; and the Court having reviewed the Application and the Murray Declaration and having heard statements in support of the relief requested therein at any hearing held before the Court to consider the Application (the "**Hearing**"); and the Court having found based on the representations made in the Application and at the Hearing that Murray neither holds nor represents an interest adverse to the Debtor or its estate on the matter for which it is to be employed and, further that Murray is a "disinterested person" under section 101(14) of the Bankruptcy Code; and the Court having found that the terms and conditions of the proposed employment as set forth in and as summarized in the Application are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and it appearing, and the Court having found that the retention and employment of Murray, which has the capability and experience to provide the services described in the Application, is in the best interests of the Debtor's estate, its creditors and other parties in interest; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Application is **GRANTED**.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed

2.      The Debtor is authorized to employ Murray as its special counsel effective as of the date of the Application, in accordance with the terms and conditions set forth in the Application, except as limited or modified herein.

3.      Murray is authorized to provide the Debtor with the professional services as described in the Application.

4.      Murray shall be entitled to compensation pursuant to section 328 of the Bankruptcy Code on a contingent fee basis, and to reimbursement of expenses, all in the amounts, and subject to the terms, conditions, and procedures set forth in the Application, except as expressly modified by this Order.

5.      To the extent that the Debtor requests Murray to perform any services other than those detailed in the Application, the Debtor shall seek further approval by the Court by an application that shall set forth the additional services to be performed and the additional fees sought to be paid.

6.      The Debtor and Murray are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

8.      To the extent there is any inconsistency between the terms of the Application and this order, the terms of this Order shall govern.

---

to them in the Application.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and any stay as may be applicable under Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

10.     Notwithstanding anything in the Application to the contrary, during the pendency of these chapter 11 cases, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**END OF ORDER**

I ASK FOR THIS:

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:     (703) 280-9081
E-Mail:        benglander@whitefordlaw.com
               adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

## **Exhibit B**

### **Declaration of Noelle R. Murray, Esq.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SAVESOLAR CORPORATION, INC., *et al*[4] | )) | Case No.: 23-00045-ELG |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### DECLARATION OF NOELLE R. MURRAY, ESQ.,
### IN SUPPORT OF APPLICATION FOR AUTHORITY TO
### EMPLOY MURRAY LAW FIRM, P.C. AS SPECIAL COUNSEL
### <u>TO SAVESOLAR CORPORATION, INC.</u>

I, Noelle R. Murray, Esq., declare the following under penalty of perjury:

1.      I am the principal attorney with Murray Law Firm, P.C. ("**Murray**") and am duly authorized to make this declaration (the "**Declaration**") on behalf of Murray.  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify competently thereto.

2.      This Declaration is submitted in support of the application (the "**Application**") to employ Murray as special counsel to SaveSolar Corporation, Inc. (the "**Debtor**" or "**SaveSolar**"), pursuant to sections 327 and 328 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Columbia (the "**Local Bankruptcy Rules**"), for the purpose of collecting and enforcing SaveSolar's rights under that certain judgment entered on April 2,

---

[4]      The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; and SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "**Debtors**").

2024, by the Superior Court of the District of Columbia in connection with Case No. 2022-CAB-005352 (the "**Judgment**").

3.      **Professional Qualifications**. I am attorney duly licensed to practice law in the state of Iowa. I have more than 25 years of experience as an attorney and specialize in the area of commercial debt collection, among other matters. Based on my review of the Judgment and information provided to me by the Debtor, I am familiar with the litigation underlying the Judgment and have successfully collected from or otherwise enforced debt obligations against one or more of the judgment debtors.

4.      **Services to be Provided.**   Subject to court approval, Murray will advise and represent SaveSolar in connection with its efforts to collect on or otherwise enforce its rights under the Judgment under Iowa law. This may include, but is not limited to, domesticating the Judgment in Iowa, issuing any necessary notice or process in connection therewith, and/or prosecuting any claims or causes of action necessary to the enforcement of the Judgment in Iowa courts.

5.      **Compensation Fees and Expenses**. Murray has agreed to provide the services described in the Application to the Debtor on a contingency-fee basis to be measured as thirty percent (30%) of the amounts collected pursuant to the Judgment. Murray understands that any compensation paid to it must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules or further Order of this Court.  In addition, the Murray will also seek reimbursement for actual and necessary out-of-pocket expenses incurred in connection with its engagement in this chapter 11 case, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, computer assisted legal research,

7

photocopying, train fare, meals and lodging. Expenses for actual costs incurred will be charged in accordance with the applicable Rules and Guidelines of this Court.

5.      **Murray's Disinterestedness.** In connection with the proposed engagement of Murray by the Debtor in this chapter 11 case, Murray undertook a full conflicts analysis process to determine whether it had any conflicts or other relationships that might cause it to hold or represent an interest adverse to the Debtor or might cause it to not be disinterested. Specifically, Murray obtained from the Debtor and/or its representatives the names or individuals and entities that may be parties-in-interest to this chapter 11 case (the "**Potential Parties in Interest**"). The Potential Parties in Interest are listed on Schedule 1 attached hereto. Murray's review, completed under my supervision, consisted of a query of those parties within an internal computer database containing names of individuals and entities that are present or former clients of Murray. Only individuals and entities that are party to active matters are considered in determining conflicts. Insofar as I have been able to ascertain through diligent inquiry, except as otherwise disclosed herein, neither I, nor Murray, nor any principal or professional employee of Murray have any connection with the Debtor, its creditors, any other party-in-interest, their current respective attorneys or professionals, the United States Trustee or any person employed in the office of the United States Trustee, nor do we hold or represent any entity having, an adverse interest in connection with the Debtor's chapter 11 case.

6.      Murray has previously represented certain creditors of one or more of the Defaulting Defendants (as defined in the Application). As of the date hereof, Murray does not have any ongoing engagement or representation related to collections against the Defaulting Defendants.

8

7.      I understand there is a continuing duty to disclose any adverse interest and change of disinterestedness.

8.      No promises have been received by Murray, or by an employee thereof, as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code.

9.      Murray states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedures that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the principals of Murray, or (b) any compensation another person or party has received or may receive.

10.     I am generally familiar with the Bankruptcy Code and the Bankruptcy Rules, and Murray will comply with them, subject to the Orders of this Court.

11.     I am not aware of anyone who objects to Murray's employment.

12.     I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 15, 2024
Cedar Rapids, Iowa

_____
Noelle R. Murray, Esq.

## Schedule 1

### Potential Parties in Interest

#### Accountants
Marcum LLP

#### Accounts Payable Vendors
Alvarez & Marsal Valuation Services
Antonia Zuluaga
Bennett Hanson
BRENDOCORP PTY LTD
Cardenas, Omar
CareFirst
Carlos Eduardo Huepa Bolivar
Carolina Londono
Carolina Sosa
Celis Hoyos
Clean Energy Counsel LLP-1
Cleantech Law Partners
CohnReznick LLP
Cox, Thomas J
Cristian Andres Ahumedo Gonzalez
David Angarita García
DC Health Link
Demuren, Tumi
Elkin Andrés Pardo Durán
EnergySage
Enertis Inc
Erika Carolina Londoño Sosa
Goldstein, Samuel F.
Gunter & King Pty Ltd (PANDR)
Halo Development LLC
ICAP Energy LLC
Intact Services USA LLC
Julian Celis Hoyos
Logistics Plus, Inc
Lumina Solar Inc
Maria Antonia Rincón Zuluaga
Maria Rincon
Metropolitan Exteriors Inc
Miguel Angel Santana Hernandez
N.J. Division of Consumer Affairs
Pannell House Condominium Association, Inc.

Partner Helper LLC
PEPCO
RB Hinkle Construction Inc
RER Energy Group LLC
Sarkar, Sayan
The Premium Finance Company, LLC
TRAVELERS
Zooz Technology
Adobe
Aircall
Alejandro Toro Perdomo
Atlassian
AWS services
Bill.com
Business Central
Captain Power LLC
CHESSA
Citrix
Clean Edge
Dropbox
Formstack
Grappler Construction
G-suite
Helioscope
Hubspot
Industrious
Kutler Tax Resolution, Inc.
Lucid Chart
Nearmap
Notarize.com
Office 365
Omar Enrique Cardenas Velasquez
PaperTrl, Inc
PJM EIS
Pondeca Industries Incorporated
ProTitleUSA
Quickbooks
Realtimeboard, Inc. dba Miro
Slack
Smartsheet
Solarview.IO Renewable Energy Ltd
UXPin
Vinay Jain
William Wilson
Zapier
ZOOMINFO

**Contract/lease parties**
Benning Park Neighborhood Corporation
Berkeley Point Capital LLC dba Newmark
Bishop's Gate Condominium
BP Energy Company
Brooks Oak Hill Properties
Community Renewable Energy Facility (CREF)
District of Columbia Sustainable Energy Utility (DCSEU)
E & G DC Co-Op Owner LLC
Elesa Vetgrad Cemetery
Charles G. Meyers
Fannie Mae
Fox Hills North Ltd Partnership
Grady Management
Grady Properties IV FC Limited Partnership
Grappler Construction
Green Power Connection
Metropolitan Exteriors
Oak Park Phase II Limited Partnership
Prime Partners Engineering
Second NW Cooperative HME
Solar Energy Services, Inc.
SolarGaines LLC
Standard RH Venture LP
aka Standard Property Company
Universal Renewables LLC
Vermont Energy Investment Corporation (VECI)
Wylie Court Condo

**Customers**
1441 Rhode Island Condominium Association
2224 Savannah DC
CATHEDRAL WEST
KAYE STERN
New Columbia Solar
VALOR DEVELOPMENT - FIREHOUSE 27
Vermont Energy Investment Corporation
We Solar Inc.
Woodberry Apartments LP

**Debtor subsidiaries and affiliates**
4601 N Park DC, LLC
Project Alpha TE JV
SA TEC, LLC
SaveSolar Alpha Holdco

SaveSolar Corporation
SaveSolar Subscriber Services LLC
SSC 1110 KENNEBEC MD, LLC
SSC 116 IRVINGTON CANOPY DC LLC
SSC 116 IRVINGTON DC LLC
SSC 1309 Fifth DC, LLC
SSC 1321 FIFTH CANOPY DC LLC
SSC 1321 FIFTH DC LLC
SSC 1323 I DC LLC
SSC 1350 E DC, LLC
SSC 1402 TWENTY SECOND DC LLC
SSC 1420 R DC, LLC
SSC 1430 Belmont DC, LLC
SSC 1441 RHODE ISLAND DC
SSC 1601 Gainseville DC, LLC
SSC 1715 FIFTEENTH DC LLC
SSC 1800 4th St DC, LLC
SSC 1811 Cabin Branch MD, LLC
SSC 1901 BROOKS MD LLC
SSC 1920 NAYLOR DC
SSC 220 Hamilton DC, LLC
SSC 2501 N DC LLC
SSC 2801 Stanton DC, LLC
SSC 2850 New York DC, LLC
SSC 3040 STANTON DC, LLC
SSC 3200 Curtis DC, LLC
SSC 3233 FIFTEENTH DC, LLC
SSC 3320 WHEELER DC
SSC 3553 EAST CAPITOL, LLC
SSC 4100 Suitland MD, LLC
SSC 4100 SUITLAND RD CANOPY, LLC
SSC 4101 Kaywood PL MD, LLC
SSC 4717 1st ST DC, LLC
SSC 5113 FITCH DC
SSC 600 Kenilworth DC, LLC
SSC 6304 Sherriff MD, LLC
SSC 6323 LUZON DC, LLC
SSC SR JV Holdco
Santa Bella Investments
SolRidge RE, LLC
SolRidge, LLC

**Employees/Contractors**
Bronson Bast
Carlos Bolivar
Carlos Huepa Bolivar

Cristian Ahumedo
David Angarita
Erika Londoño
Gomez, Catalina
Hegbe, Elie
Houghton, Kyle
Jacobs, Brendon
Juan Barragan
Juan Pablo Rojas Barragan
Ocbina, Jessamine
Power, Chris
Quiobel, Nigel
Reforsado, Nick Karl
Ro Nierre
Rodriguez, Julian David
Sam Goldstein
Thomas Cox
Toro, Alejandro
Unterlechner, Karl
Yoffee, Elicia

**<u>Lenders</u>**
Amalgamated Bank
Leyline Renewable Capital, LLC
LRC SaveSolar Investco LLC

**<u>Lien Creditors</u>**
Internal Revenue Service