Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:       (703) 280-9081
E-Mail:            benglander@whitefordlaw.com
                   adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**FIRST INTERIM APPLICATION OF MENDELSON & MENDELSON P.C. AS
ACCOUNTANTS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM AUGUST 15, 2023 THROUGH APRIL 30, 2024**

Mendelson & Mendelson P.C. ("Mendelson"), as accountants for the debtors and debtors in possession in the above-captioned jointly administered bankruptcy cases, files this *First Interim Application of Mendelson & Mendelson P.C. as Accountants for the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses for the Period from August 15, 2023 through April 30, 2024* (the "Application"), pursuant to (i) §§ 328, 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "Debtors").

of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules") and (iv) the *Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "Guidelines") for interim allowance of compensation for services rendered to the Debtors for the period from August 15, 2023 through April 30, 2024 (the "First Interim Period") and for reimbursement of expenses incurred in connection therewith. Mendelson seeks the interim allowance of fees in the amount of $18,015.00.

## Summary of Application

**Total Compensation Requested**:     $18,015.00
**Total Expenses Requested:**     $0.00
**Amounts Previously Requested:**     $0.00
**Amounts Previously Awarded:**     $0.00
**Prepetition Retainer Held**:     $0.00

**Summary by Professional:**

| Name of Professional | Position Title | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Louis Ruebelmann | CPA | $400.00 | 44.55 | $17,820.00 |
| Edward Crawford | CPA | $390.00 | 0.5 | $195.00 |
| | Total | | 45.05 | $18,015.00 |

## Jurisdiction, Venue and Governing Law

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

2. The bases for the relief requested herein are sections 328(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 3016, and Local Rule 2016-1.

## Background

3. On February 2, 2023, the Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.

4. Concurrently with the filing of its petition, SaveSolar Corporation, Inc. ("SaveSolar") filed Form 108, electing that the above-captioned cases be treated as a Complex Case under this Court's Complex Case Procedures. These cases are eligible for treatment under the Complex Case Procedures because the aggregate liabilities of all affiliated debtors total more than $10,000,000 and/or the total number of creditors is more than 50. *See* Complex Case Procedures I(a)(1) and I(a)(2).

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

7. Additional information regarding the Debtors' business may be found in the *Declaration of Karl Unterlechner In Support of Debtors' First Day Motions*, filed on February 8, 2023, *See* Docket No. 24.

## Employment of Mendelson

8. On October 4, 2023, the Court entered the *Order Authorizing the Retention and Employment of Mendelson & Mendelson P.C. as Accountants for the Debtors and Debtors in Possession Effective as of August 15, 2023*. *See* Docket No. 275.

## Summary of Fee Application

9. By this application, Mendelson requests (i) interim allowance and award of compensation by SaveSolar for the professional services rendered by Mendelson as accountants

during the First Interim Period in the amount of $18,015.00, representing 45.05 hours of professional services.

10. The fees charged by Mendelson in these chapter 11 cases are billed in accordance with Mendelson's existing billing rates and procedures in effect during the First Interim Period and are consistent with the rates set forth in the Debtors' *Application for Authority to Employ and Retain Mendelson & Mendelson P.C. as Accountants for the Debtors and Debtors-in-Possession Effective as of August 15, 2023* (Docket No. 249).

11. During the First Interim Period, Mendelson has tracked and allocated its fees to account for time spent on numerous matters.

12. Mendelson's total fees requested in this Application are $18,015.00. Itemized time records for all services provided during the First Interim Period are attached hereto as **Exhibit A**. A chart identifying each category of service provided by Mendelson during the First Interim Period is set forth below:

| Service Category | Total Hours | Fee Amount |
| --- | --- | --- |
| Preparation of Federal and State Income Tax Returns | 37.75 | $15,100.00 |
| Preparation of Annual and Quarterly Payroll Tax Returns | 4.2 | $1,680.00 |
| Tax Consultation Matters | 3.1 | $1,235.00 |
| **Total** | **45.05** | **$18,015.00** |

13. Mendelson seeks payment of one hundred percent (100%) of its fees relating to services rendered during the First Interim Period from SaveSolar.

14. Mendelson has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application for the First Interim Period. Pursuant to Bankruptcy Rule 2016(a),

4

Mendelson has not shared, nor has Mendelson agreed to share, (i) any compensation it has received or may receive with another party or person other than with the partners and principals or (ii) any compensation another person or party has received or may receive in these chapter 11 cases.

15. All services for which compensation is requested by Mendelson were performed for or on behalf of SaveSolar.

**Services Provided During the First Interim Period**

16. During the First Interim Period, Mendelson has performed substantial and meaningful services for the Debtors, including, but not limited to: (a) preparing and filing all necessary federal and state income tax returns on behalf of SaveSolar for the year ending December 31, 2022; (b) preparing and filing all necessary annual and quarterly payroll tax returns on behalf of SaveSolar for the quarter and year ending December 31, 2023; and (c) consulting with the Debtors' professionals regarding certain tax-related matters, including, among others, SaveSolar's eligibility for the Employee Retention Tax Credit program.

17. Mendelson has recorded its time in separate billing categories, which are set forth below:

**A. Preparation of Federal and State Income Tax Returns**

| Total Hours | Fees |
|---|---|
| 37.75 | $15,100.00 |

Fees in this category relate to the preparation and filing of all necessary federal and state income tax returns on behalf of SaveSolar for the year ending December 31, 2022. This work required, among other things, reviewing and reconciling the Debtors' books and records, drafting and revising the necessary returns, and consulting with the Debtors' professionals regarding the foregoing.

### B. Preparation of Annual and Quarterly Payroll Tax Returns

| Total Hours | Fees |
|---|---|
| 4.2 | $1,680.00 |

Fees in this category relate to the preparation and filing of all necessary payroll tax returns on behalf of SaveSolar for the quarter and year ending December 31, 2023. This work required, among other things, reviewing and reconciling the Debtors' books and records, reviewing the Debtors' past returns; and consulting with the Debtors' professionals regarding the foregoing.

### C. Tax Consultation Matters

| Total Hours | Fees |
|---|---|
| 3.1 | $1,235.00 |

Services in this category, include, but are not limited to, consulting with and advising the Debtors' professionals regarding SaveSolar's eligibility under the federal Employee Retention Tax Credit Program.

## Lodestar Analysis

18. Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate professionals for all actual, necessary services rendered by such professionals based on the nature, extent, and value of the services rendered, the time spent on such services, and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

19. Courts frequently look to the "lodestar" formula in assessing accountants' fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the professionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the accountants. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

20. Bankruptcy courts often consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Ltd.*, 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904 (1977). The United States Court of Appeals for the District of Columbia Circuit adopted the *Johnson* test in *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 187 (D.C. Cir. 1974). In *Copeland v. Marshall*, 641 F.2d 880, 881 (D.C. Cir. 1980), the United States Court of Appeals for the District of Columbia reiterated the "lodestar" approach set forth in *Johnson* when determining the reasonableness of fees, which it has endorsed for use in bankruptcy cases. *In re AOV Industries, Inc.*, 797 F.2d 1004, 1007 (D.C. Cir. 1986); *see also Stewart v. Capital City Mortgage Corp.* (*In re Stewart*), 2004 Bankr. LEXIS 2185, *45-6 (Nov. 10, 2004 Bankr. D. D.C.). The following are the *Johnson* factors:

   a. the time and labor required;

   b. the novelty and difficulty of the questions;

   c. the skill required to properly perform the professional services;

   d. the preclusion of other employment by the professional due to acceptance of the case;

   e. the customary fee;

   f. whether the fee is fixed or contingent;

   g. time limitations imposed by the client or the circumstances;

   h. the amount involved and the results obtained;

   i. the experience, reputation, and ability of the professionals;

   j. the "undesirability" of the case;

   k. the nature and length of the professional relationship with the client; and

7

    l. awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

  21. Mendelson submits the following lodestar and *Johnson* factor analysis in support of its request for allowance of fees and disbursements:

    a. **The time and labor required.** As discussed herein, Mendelson has expended a substantial amount of time assisting the Debtors in addressing the various tax-related issues which have arisen during these chapter 11 cases, including but not limited to, the preparation and filing of all necessary income tax returns for the year ending December 31, 2022, the preparation and filing of all necessary payroll tax returns for the quarter and year ending December 31, 2023, and the consideration of all applicable tax credits which may be available to the Debtors. As the time records submitted with this Application amply illustrate, Mendelson's professionals have dedicated substantial time to these cases.

    b. **The novelty and difficulty of the questions involved and skill applied.** At times, these cases involved certain novel and complex questions such as SaveSolar's eligibility for the federal Employee Retention Tax Credit Program, which involved the interpretation and analysis of certain pandemic-related laws and regulations.

    c. **The preclusion of other employment by the firm due to acceptance of this case.** Mendelson has devoted valuable resources to serving as accountants to the Debtors in these cases. Mendelson was required to devote substantial amounts of time and effort to adequately advise the Debtors.  Acceptance of this employment entails commitment to preclude any other employment or professional engagements that may conflict with the duties and responsibilities associated with this role.

d. **The customary fee for similar work**. Mendelson has charged its standard hourly rates as approved by this Court as set forth in the Order approving the Mendelson's employment. Mendelson believes that the fees are reasonable and comparable to rates charged by other professionals in the area for similar services.

e. **Whether the fee is fixed or contingent.** Pursuant to the Bankruptcy Code, all fees sought by Mendelson are subject to final approval of this Court. The fees requested herein are based on hourly rates and are not contingent on the outcome of any particular event.

f. **Time limitations imposed by the client or circumstances.** Mendelson's work in these cases generally did not involve exigent circumstances. Mendelson's involvement ensured that the Debtors performed all income and payroll tax filing requirements on a timely basis.

g. **The amounts involved and the results obtained.** The fees requested by Mendelson are reasonable given the nature of this case, the issues that have arisen, and the results obtained, namely that the Debtors have upheld their federal and state income and payroll tax requirements.

h. **Experience, reputation, and ability of professionals**. The principal Mendelson accountants on this case have previously provided tax and accounting services to debtors and/or trustees under the Bankruptcy Code.

i. **The "undesirability" of the case.** This was not a factor.

j. **The nature and length of the professional relationship with the client.** Mendelson has not previously provided tax or accounting services to the Debtors.

k. **Awards in similar cases**. Mendelson submits that its request for compensation is well within the usual and customary awards granted in similar cases.

### Service of Application upon the Debtors

9

22. A copy of this Application and all attachments thereto was sent to Karl Unterlechner, president of the Debtors.

## Conclusion

WHEREFORE, Mendelson respectfully requests that the Court:

(a) allow and award on an interim basis the fees incurred in the amount of $18,015.00 for compensation for professional services rendered to and on behalf of SaveSolar during the First Interim Period from August 15, 2023 through and including April 30, 2024;

(b) authorize payment to Mendelson in the amount of $18,015.00, representing the total amount of fees requested herein; and

(c) grant such other and further relief as the Court deems just, proper and equitable.

Dated: July 23, 2024                                         Respectfully submitted,

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
WHITEFORD, TAYLOR & PRESTON L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone: (703) 280-9081
Email: benglander@whitefordlaw.com
             adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

-and-

*/s/ Louis B. Ruebelmann* (with permission; original on file with Bradford F. Englander)
Louis B. Ruebelmann
MENDELSON & MENDELSON P.C.
12505 Park Potomac Avenue, Suite 250
Potomac, Maryland 20854-6805
Telephone: (301) 656-0001

Email: lou@mendelsoncpa.com

*Accountants for the Debtors and Debtors-In-Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2024, I served a copy of the foregoing Application via CM/ECF upon all parties receiving notice thereby and by first-class mail or e-mail, where an e-mail address was available, on all persons on the Master Service List established pursuant to Article VI of the Court's Complex Case Procedures.

*/s/ Alexandra G. DeSimone*
Alexandra G. DeSimone

11