**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## ORDER CLOSING CASES PURSUANT TO 11 U.S.C. § 350(A)

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (together, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a), 350 and 554(c) of the Bankruptcy Code and Bankruptcy Rule 3022, closing their chapter 11 cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief granted herein is in the best interests of the Debtors' estates,

---

[1]     The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; and SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

their creditors, and other parties in interest; and due and proper notice of the Motion having been

given; and no other or further notice of the Motion being required; and upon all of the proceedings

had before this Court; and after due deliberation and sufficient cause appearing therefor, **THE**

**COURT FINDS THAT**:

      A.     <u>Findings of Fact and Conclusions of Law</u>. The findings and conclusions set forth

herein constitute the Court's findings of fact and conclusions of law. To the extent that any of the

following findings of fact constitute conclusions of law, they are adopted as such. To the extent

any of the following conclusions of law constitute findings of fact, they are adopted as such.

      B.     <u>Jurisdiction and Final Order</u>. This Court has jurisdiction over the Motion pursuant

to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

      C.     <u>Bases for Relief Requested</u>. The bases for the relief requested in the Motion are

sections 105(a), 350 and 554(c) of title 11 of the United States Code (the "**<u>Bankruptcy Code</u>**")

and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**<u>Bankruptcy Rules</u>**").

      D.     <u>Notice</u>. Notice of the Motion and the hearing on the Motion was sufficient under

the circumstances and no other or further notice need be provided. A reasonable opportunity to

object and be heard regarding the relief requested in the Motion has been afforded to parties in

interest.

      E.     <u>Best Interests of the Estate</u>. Closing of the Debtors' cases is in the best interest of

the Debtors, their creditors, their estates, and all other parties in interest. The Debtors have

demonstrated both (i) good, sufficient, and sound business purposes and justifications and (ii)

compelling circumstances for this Court to close their cases.

      F.     <u>Objections</u>. Any objections to this Motion are overruled.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to this Court at any hearing on the Motion or by stipulation filed with this Court, are **OVERRULED**.

3.      The chapter 11 bankruptcy cases commenced by SaveSolar Corporation, Inc., Case No. 23-00045-ELG, and SaveSolar Apha HoldCo, LLC, Case No. 23-00046-ELG, are hereby **CLOSED** subject only to the terms and conditions as provided herein.

4.      Subject to the possibility of further adjustments as necessary to reflect actual fees and costs of administration as approved by this Court, the Debtors are authorized to distribute the remaining liquid funds of the estate described now held or hereafter acquired and deposited into the IOLTA accounts held by Whiteford, Taylor & Preston, L.L.P. ("**Whiteford**") on behalf of the Debtors and their subsidiaries, to the payment of allowed, approved professional fees and reimbursement of out-of-pocket expenses incurred in connection with these cases and any fees now or hereafter payable to the U.S. Trustee under 28 U.S.C. § 1930.

5.      Whiteford is hereby authorized to continue to prosecute the Moxie Litigation, to settle the Moxie Litigation, or to take other action as Whiteford deems appropriate in the exercise of its discretion, and to continue the collection of the Judgment in the exercise of its discretion, and to distribute any net proceeds, after deducting fees and expenses incurred by Whiteford in connection with the Moxie Litigation following entry of this Order, (the "**Net Proceeds**") to satisfy any deficiencies in the payment of allowed administrative expenses. In the event that the Net Proceeds exceed the amount of allowed, unpaid administrative expenses, Whiteford shall move to

reopen the Debtors' bankruptcy case to seek Court directions with respect to disposition of such Net Proceeds.

6.      The Debtors are authorized to retain the Class B Membership Interest, subject to all liens, claims and encumbrances. Notwithstanding section 350 of the Bankruptcy Code, the Class B Membership Interest is not abandoned and remains property of the Debtors' estate. Notwithstanding section 362(c)(1) of the Bankruptcy Code, the automatic stay is hereby terminated as to the Class B Membership Interest. The Debtors reserve the right to reopen the case if circumstances warrant to seek direction with respect to the disposition of the Class B Membership Interest or proceeds thereof.

7.      Entry of this Order is without prejudice to the rights of the Debtors to seek to reopen their cases in accordance with section 350(b) of the Bankruptcy Code.

8.      The Debtors are authorized and empowered to take steps and to perform such acts as may be necessary to implement and effectuate the terms of this Order.

9.      This Order shall be effective immediately upon entry, and any stay as may be applicable under Federal Rule of Bankruptcy Procedure 6004(h) is deemed waived.

10.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF ORDER**

I ASK FOR THIS:

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (Bar No. VA184)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:      (703) 280-9081
E-Mail:          benglander@whitefordlaw.com
                 adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

Copies to: Master Service List