Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (Bar No. VA184)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:	(703) 280-9081
E-Mail:	benglander@whitefordlaw.com
	adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## SECOND AND FINAL APPLICATION OF WHITEFORD, TAYLOR & PRESTON L.L.P. AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Whiteford, Taylor & Preston, L.L.P. ("Whiteford"), counsel to the debtors and debtors in possession in the above-captioned jointly administered bankruptcy cases, files this *Second and Final Application of Whiteford, Taylor & Preston, L.L.P. as Counsel to the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses for the Period* (the "Application"), pursuant to 11 U.S.C. §§ 328 and 330 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules"). By this Application, Whiteford seeks final approval and allowance of compensation for services

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG and SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "Debtors").

rendered in the amount of $1,441,296.00 during the period from February 2, 2023 through November 8, 2024, including $1,001,597.40 in compensation that was previously approved on an interim basis, and reimbursement of expenses incurred in the amount of $34,677.92, including $29,736.67 in expense reimbursement that was previously improved on an interim basis. The compensation and expense reimbursement requested herein reflects voluntary discounts in the amount of $85,441.72, taken in the exercise of Whiteford's billing discretion. In support of this Application, Whiteford represents as follows:

## Summary of Application

**Total Compensation Requested**: $1,441,296.00
**Total Expenses Requested:** $34,677.92
**Amounts Previously Requested:** $1,112,886.00
**Amounts Previously Awarded:** $1,031,334.07
**Prepetition Retainer Held**: $75,000.00

**Summary by Professional:**

| Professional/ Paraprofessional | Position | Bar Year | Average Rate[2] | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|---|
| Jeffrey C. Seaman | Counsel | 1992 | $823 | 80.8 | $66,492.00 |
| Elizabeth Atkinson | Partner | 1993 | $790 | 8.7 | $6,873.00 |
| Bradford F. Englander | Partner | 1985 | $789 | 990.9 | $781,377.50 |
| Mary Claire Chesshire | Partner | 1993 | $760 | 8.7 | $6,612.00 |
| Edward U. Lee, III | Partner | 1996 | $755 | 2.0 | $1,510.00 |
| Christopher A. Jones | Partner | 1996 | $745 | 1.4 | $1,043.00 |
| Patrick McKevitt | Partner | 2011 | $560 | 1.7 | $952.00 |
| Stephen E. Luttrell | Partner | 2011 | $544 | 600.1 | $326,650.80 |
| Patrick D. Houston | Associate | 2017 | $530 | 12.1 | $6,413.00 |
| Rafiq R. Gharbi | Associate | 2015 | $475 | 2.8 | $1,330.00 |

---

[2] Where applicable, average rates are rounded to the nearest dollar. The Firm customarily adjusts rates effective January 1 of each year. The average rates shown in the chart above reflect the average rates in effect during the time covered by this Application.

| Professional/ Paraprofessional | Position | Bar Year | Average Rate[2] | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|---|
| Alexandra L. Neifert | Associate | 2016 | $470 | 4.5 | $2,115.00 |
| Jae W. Ha | Associate | 2019 | $450 | 37.4 | $16,830.00 |
| Alexandra G. DeSimone | Associate | 2020 | $448 | 351.1 | $157,328.70 |
| Angad S. Kanwal | Associate | 2020 | $435 | 22.0 | $9,570.00 |
| Kathleen G. McCruden | Paralegal | N/A | $416 | 191.4 | $79,647.00 |
| Jacob Ziff | Associate | 2020 | $395 | 6.0 | $2,370.00 |
| Jessica Manning | Associate | 2023 | $385 | 3.3 | $1,270.50 |
| Susan Harding | Paralegal | N/A | $365 | 3.3 | $1,204.50 |
| Claire Allenbach | Associate | 2021 | $360 | 100.0 | $36,000.00 |
| Andrew Barnes | Associate | 2022 | $350 | 5.4 | $1,890.00 |
| Natasha James | Associate | 2022 | $329 | 3.2 | $1,054.00 |
| Sara A. Dimeglio | Paralegal | N/A | $275 | 21.4 | $5,885.00 |
| Monica Thompson | Paralegal | N/A | $190 | 36.2 | $6,878.00 |
| | | | Subtotals: | 2,493.4 | $1,521,296.00 |
| | | | | Discount: | ($80,000.00) |
| | | | | **Total:** | **$1,441,296.00** |

**Jurisdiction, Venue and Governing Law**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

2. The bases for the relief requested herein are sections 328 and 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

**Background**

3. On February 2, 2023, the Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.

3

4. Concurrently with the filing of its petition, SaveSolar Corporation, Inc. ("SaveSolar") filed Form 108, electing that the above-captioned cases be treated as a Complex Case under this Court's Complex Case Procedures. These cases are eligible for treatment under the Complex Case Procedures because the aggregate liabilities of all affiliated debtors total more than $10,000,000 and/or the total number of creditors is more than 50. *See* Complex Case Procedures I(a)(1) and I(a)(2).

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

7. Additional information regarding the Debtors' business may be found in the *Declaration of Karl Unterlechner In Support of Debtors' First Day Motions*, filed on February 8, 2023 (Docket No. 24).

## Employment of Whiteford

8. On March 9, 2023, the Court entered the *Order Authorizing the Retention and Employment of Whiteford, Taylor & Preston, LLP as Attorneys for the Debtors and Debtors in Possession,* effective as of the Petition Date. *See* Docket No. 75.

9. On November 17, 2023, the Court entered the *Order Approving the First Interim Application of Whiteford, Taylor & Preston L.L.P. for Allowance of Compensation and Reimbursement of Expenses* (Docket No. 289) (the "Interim Order"), approving total compensation and expense reimbursement in the amount of $1,031,334.07 on an interim basis.

## Summary of Fee Application

10. During this case, Whiteford has tracked and allocated its fees to account for time spent on numerous matters.

11. Whiteford's total fees requested in this Application are $1,441,296.00, including voluntary discounts in the amount of $80,000. A chart identifying each category of service provided by Whiteford during the Application Period is set forth below:

| Matter Number | Description | Total Hours | Fee Amount |
|---|---|---|---|
| | **100 Series (Joint)** | | |
| 100 | Case Administration | 315.2 | $200,183.00 |
| 101 | Secured Lender Issues | 133.3 | $84,922.50 |
| 102 | Unsecured Creditor Issues | 40.9 | $23,058.00 |
| 103 | Operational Issues | 387.5 | $234,051.00 |
| 104 | Sales of Assets | 960.1 | $578,287.00 |
| 105 | Investigations, Avoidance Actions and Affirmative Claims | 152.5 | $85,594.50 |
| 106 | Professionals, Retention and Fee Applications | 132.6 | $71,843.00 |
| 107 | Plan and Disclosure Statement | 11.6 | $5,546.00 |
| 109 | Operating Reports and Creditor Meetings | 215.9 | $135,856.50 |
| | **Total 100 Series:** | **2,349.6** | **$1,419,341.50** |
| | **200 Series (SaveSolar)** | | |
| 200 | Case Administration | 2.8 | $1,162.00 |
| 202 | Unsecured Creditor Issues | 1.3 | $1,014.00 |
| 205 | Investigations, Avoidance Actions and Affirmative Claims | 112.9 | $85,362.00 |
| 206 | Professionals, Retention and Fee Applications | 22.2 | $12,104.00 |
| 209 | Operating Reports and Creditor Meetings (SaveSolar) | 0.6 | $324.00 |
| | **Total 200 Series:** | **139.8** | **$99,966.00** |
| | **300 Series – Alpha HoldCo** | | |
| 300 | Case Administration | 3.1 | $1,286.50 |

5

| 309 | Operating Reports and Creditor Meetings | 0.9 | $702.00 |
|---|---|---|---|
| | **Total 300 Series:** | **4.0** | **$1,988.50** |

12. Whiteford's total out-of-pocket expenses incurred during the course of representation are $34,677.92. A detailed list of the expenses incurred and charged as part of this Application is included with Exhibits A and J hereto. Additionally, a chart summarizing the expenses appears below:

| Category | Fee Amount |
|---|---:|
| Federal Express | $337.16 |
| Photocopies | $627.12 |
| Courier Service | $177.50 |
| Online Research | $31.96 |
| Meals | $1,512.55 |
| Color Photocopies | $267.50 |
| Postage | $3,850.38 |
| Lexis/Westlaw | $3,897.21 |
| Filing Fees | $2,663.40 |
| Transcripts | $2,165.75 |
| Copies | $6,033.68 |
| Discovery | $379.75 |
| Data Room Hosting | $695.00 |
| Client Travel Reimbursement | $3,914.05 |
| Private Process Server | $1,186.10 |
| Lien Searches | $11,477.00 |
| Parking | $10.10 |
| Mileage | $283.48 |
| Tolls | $38.15 |
| PACER | $571.80 |
| Subtotal: | $40,119.64 |
| Discount: | ($5,441.72) |

| Total: | $34,677.92 |
|---|---|

13. Given the Debtors' limited resources and the significant professional fees that have accrued in this case, Whiteford has exercised significant billing discretion with respect to the compensation and reimbursement requested herein. Whiteford, in its billing discretion, has applied voluntary discounts totaling $85,441.72, representing $80,000 in professional fees and $5,441.72 in out-of-pocket expenses. As to professional fees, the voluntary discount is based on Whiteford's review of its billing records and considerations of various factors that warrant billing adjustments. Whiteford considered internal conferences among Whiteford professionals and paraprofessionals, external conferences attended by more than one Whiteford professional, travel time, and inadequate time entries. The amount requested herein represents approximately 94.5% of the total fees and expenses incurred by Whiteford in connection with this case.

## Services Provided by Whiteford

14. During this case, Whiteford has performed significant services for the Debtors, including, but not limited to:

   a. Preparing and filing various first day motions, including, among others, the *Debtors' Motion for Entry of Interim Order Authorizing the Debtors to Use Cash Collateral* (Docket No. 13) (the "Cash Collateral Motion") and presenting the case at the first day hearing;

   b. Preparing and filing the Debtors' schedules and statements of financial affairs;

   c. Advising and representing the Debtors in connection with the section 341 meeting of creditors;

d. Advising and representing the Debtors in connection with negotiations with the Debtors' prepetition secured lenders and other key stakeholders, including, but not limited to, lease and executory contract counterparties;

e. Preparing and filing the Debtors' applications to employ skilled professionals and advisors, including bankruptcy counsel, financial advisors, and investment bankers;

f. Advising and representing the Debtors in connection with the sale of substantially all of their assets, including, but not limited to, negotiating with the stalking horse bidder and other interested parties, preparing and filing the *Debtors' Motion for (A) Approval of the Sale of Substantially All of Debtors' Property Free and Clear of Liens, Claims, Interests and Encumbrances; (B) Approval of Sales Contract; (C) Approval of Bid Procedures, including a Break-Up Fee and Expense Reimbursement; (D) Scheduling Bid Deadline, Auction and Sale Hearing; (E) Approval of Interim and Final Debtor-in-Possession Financing; (F) Approval of Form and Manner of Notice; (G) Setting a Bar Date for Filing Cure Claims with Respect to Executory Contracts and Unexpired Leases; (H) Waiver of Stays under Bankruptcy Rules 6004 and 6006; and (I) Granting of Related Relief* (Docket No. 115) (the "Bid Procedures Motion") and presenting the Bid Procedures Motion at an evidentiary hearing; preparing for and attending the in-person auction, working with the Debtors' financial advisors and investment bankers to identify the prevailing bidder, and facilitating the closing of the sale to Edson Redball Devco LLC (the "Purchaser"); and

Document    Page 9 of 20

g. Assisting with the assumption and assignment of a majority of the Debtors' unexpired leases and executory contracts to the Purchaser.

h. Winding down the Debtors' business following the sale of substantially all of their assets and assignment of a majority of their unexpired leases and executory contracts to the Purchaser, including, but not limited to, preparing and filing the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Close Their Existing Bank Accounts; (II) Deposit Remaining Funds in Attorney Trust Account; and (III) Authorize Disbursements for the Payment of Ordinary Course and Other Approved Expenses* (Docket No. 251) (the "Post-Closing Cash Management Motion") and the preservation and management of the Debtors' remaining funds pursuant to the Court's Order approving the Post-Closing Cash Management Motion, *see* Docket No. 274.

i. Filing and representing the Debtors in connection with certain claims against third parties, including: (1) Case No. 2022-CAB-005352 in the Superior Court of the District of Columbia against MSI Diversified, Inc. f/k/a Moxie Solar, Inc. d/b/a Moxie Solar and Moxie Solar, L.L.C. d/b/a Moxie Solar, Lorentzen Investments, LLC, and Jason R. Hall for, among other things, breach of contract and breach of the duty of good faith and fair dealing (the "Moxie Solar Litigation"); and (2) Adv. Pro. No. 23-10014-ELG against Elesavetgrad Cemetery, Elesavetgrad Cemetery Association, and Charles G. Meyers for, among other things, violation of the automatic stay and injunctive relief (the "Elesavetgrad Litigation").

15. Whiteford has categorized its time by project billing categories, which are set forth below.

### A.     Matter 100 – Case Administration

**Amount**: $200,183.00.  Fees related to this project billing category are set forth on **Exhibit A** hereto and are incorporated herein by reference.

**Description**: Services in this category relate to the joint administration of the Debtors' bankruptcy cases and include, but are not limited to, preparing and filing certain first day motions, preparing for and attending the first day hearing, maintaining the Master Service List, preparing hearing agendas and related materials, distributing various case notices, preparing and filing chapter 11 bankruptcy petitions on behalf of the Debtors' affiliates and subsidiaries, and communicating among professionals and paraprofessionals regarding case status and open items.

### B.     Matter 101 – Secured Lender Issues

**Amount**: $84,922.50.  Fees related to this project billing category are set forth on **Exhibit B** hereto and are incorporated herein by reference.

**Description**: Services in this category include, but are not limited to, preparing, filing, and prosecuting the Cash Collateral Motion, corresponding with the Debtors' prepetition secured lenders and advising the Debtors in connection with same, analyzing the secured claims filed in the bankruptcy cases, and addressing certain issues related to the Debtors' tax equity joint venture.

### A.     Matter 102 – Unsecured Creditor Issues

**Amount**: $23,058.00. Fees related to this project billing category are set forth on **Exhibit C** hereto and are incorporated herein by reference.

**Description**: Services in this category include, but are not limited to, communicating with various unsecured creditors, reviewing and analyzing unsecured claims filed in the bankruptcy cases, and distributing certain notices to unsecured creditors.

### B. Matter 103 – Operational Issues

**Amount**: $234,051.00. Fees related to this project billing category are set forth on **Exhibit D** hereto and are incorporated herein by reference.

**Description**: Services in this category include, but are not limited to, addressing issues related to the Debtors' ongoing solar facility projects, working with the Debtors' management team and financial advisors on the Debtors' operating budget, and addressing issues related to the Debtors' cash management system, payroll, and taxes.

### C. Matter 104 – Sales of Assets

**Amount**: $578,287.00. Fees related to this project billing category are set forth on **Exhibit E** hereto and are incorporated herein by reference.

**Description**: Services in this category include, but are not limited to, advising and representing the Debtors in connection with the sale of substantially all of their assets to the Purchaser, preparing and filings pleadings related to the sale, preparing for and attending the auction, consulting with the Debtors' investment banker, preparing for and attending the hearings on various sale-related pleadings, facilitating the closing of the sale, and advising and representing the Debtors in connection with the potential sale of certain assets excluded from the sale to the Purchaser.

### D. Matter 105 – Investigations, Avoidance Actions and Affirmative Claims

**Amount**: $85,594.50. Fees related to this project billing category are set forth on **Exhibit F** hereto and are incorporated herein by reference.

**Description**: Services in this category include, but are not limited to, advising and representing the Debtors in connection with certain claims against third parties, including the Moxie Solar Litigation and the Elesavetgrad Litigation.

### E.  Matter 106 – Professionals, Retention and Fee Applications

**Amount**: $71,843.00. Fees related to this project billing category are set forth on **Exhibit G** hereto and are incorporated herein by reference.

**Description**: Services in this category include, but are not limited to, preparing and filing applications to approve the employment and retention of bankruptcy counsel, financial advisors, investment bankers, and other estate professionals.

### F.  Matter 107 – Plan and Disclosure Statement

**Amount**: $5,546.00. Fees related to this project billing category are set forth on **Exhibit H** hereto and are incorporated herein by reference.

**Description**: Services in this category consist of preparing and filing the Debtors' motion to extend the periods in which the Debtors may exclusively file and solicit acceptances to a plan of reorganization.

### G.  Matter 109 – Operating Reports and Creditor Meetings

**Amount**: $135,856.50. Fees related to this project billing category are set forth on **Exhibit I** hereto and are incorporated herein by reference.

**Description**: Services in this category include, but are not limited to, advising and representing the Debtors in connection with the initial debtor interview and section 341 meeting conducted by the U.S. Trustee, preparing and filing the Debtors' schedules and statements, and working with other estate professionals on the preparation and filing of the Debtors' monthly operating reports.

### H.  Matter 200 – Case Administration (SaveSolar)

**Amount**: $1,162.00. Fees related to this project billing category are set forth on **Exhibit J** hereto and are incorporated herein by reference.

**Description**: Services in this category relate to the administration of SaveSolar's bankruptcy case and include maintaining SaveSolar's creditor information.

### I.      Matter 202 – Unsecured Creditor Issues (SaveSolar)

**Amount**: $1,014.00. Fees related to this project billing category are set forth on **Exhibit K** hereto and are incorporated herein by reference.

**Description**: Services in this category relate to addressing certain matters involving unsecured creditors of SaveSolar.

### J.      Matter 205 – Investigations, Avoidance Actions and Affirmative Claims (SaveSolar)

**Amount**: $85,362.00 Fees related to this project billing category are set forth on **Exhibit L** hereto and are incorporated by reference.

**Description**: Services in this category relate primarily to the Moxie Solar Litigation.

### K.      Matter 206 – Professionals, Retention and Fee Applications (SaveSolar)

**Amount**: $12,104.00. Fees related to this project billing category are set forth on **Exhibit M** attached hereto and are incorporated by reference.

**Description**: Services in this category relate to the preparation and filing of applications to employ and compensate certain professionals on behalf of SaveSolar.

### L.      Matter 209 – Operating Reports and Creditor Meetings (SaveSolar)

**Amount**: $324.00. Fees related to this project billing category are set forth on **Exhibit N** attached hereto and are incorporated by reference.

**Description**: Services in this category relate to the preparation of certain monthly operating reports on behalf of SaveSolar.

**M.    Matter 300 – Case Administration (HoldCo)**

**Amount**: $1,286.50. Fees related to this project billing category are set forth on **Exhibit O** hereto and are incorporated herein by reference.

**Description**: Services in this category relate to the administration of HoldCo's bankruptcy case and include maintaining HoldCo's creditor information.

**N.    Matter 309 – Operating Reports and Creditor Meetings (HoldCo)**

**Amount**: $702.00. Fees related to this project billing category are set forth on **Exhibit P** hereto and are incorporated herein by reference.

**Description**: Services in this category relate to preparing and filing HoldCo's schedules and statements.

**Lodestar Analysis**

17.    Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate professionals for all actual, necessary services rendered by such professionals based on the nature, extent, and value of the services rendered, the time spent on such services, and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

18.    Courts frequently look to the "lodestar" formula in assessing attorneys' fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the professionals' and paraprofessionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the attorneys and paraprofessionals. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

19.    Bankruptcy courts often consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Ltd.*, 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases

in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904 (1977). The United States Court of Appeals for the District of Columbia Circuit adopted the *Johnson* test in *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 187 (D.C. Cir. 1974). In *Copeland v. Marshall*, 641 F.2d 880, 881 (D.C. Cir. 1980), the United States Court of Appeals for the District of Columbia reiterated the "lodestar" approach set forth in *Johnson* when determining the reasonableness of fees, which it has endorsed for use in bankruptcy cases. *In re AOV Industries, Inc.*, 797 F.2d 1004, 1007 (D.C. Cir. 1986); *see also Stewart v. Capital City Mortgage Corp.* (*In re Stewart*), 2004 Bankr. LEXIS 2185, *45-6 (Nov. 10, 2004 Bankr. D. D.C.). The following are the *Johnson* factors:

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill required to properly perform the legal services;

(d) the preclusion of other employment by the attorney due to acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

20. Whiteford submits the following lodestar and *Johnson* factor analysis in support of its request for allowance of fees and disbursements:

a. **The time and labor required.** As discussed herein, Whiteford has expended a substantial amount of time assisting the Debtors in addressing the multitude of issues which have arisen during these chapter 11 cases, including but not limited to, the sale of substantially all of the Debtors' assets to the Purchaser, the assumption and assignment of a majority of the Debtors' unexpired leases and executory contracts to the Purchaser, filing and advising the Debtors in connection with chapter 11 bankruptcy petitions on behalf of ten of the Debtors' subsidiaries and affiliates, and the winding down of the Debtors' business following the closing of the sale to the Purchaser. As the time records submitted with this Application amply illustrate, Whiteford's professionals and paraprofessionals have dedicated substantial time to these cases.

b. **The novelty and difficulty of the questions involved and skill applied.** These chapter 11 cases involved complex issues concerning the Debtors' corporate structure and prepetition secured lending arrangements. Additionally, these cases involved the highly specialized and competitive solar energy industry, which required certain knowledge and skillsets unique to these cases. Finally, Whiteford assisted with a fast-moving and complex sale process that involved filing bankruptcy petitions by ten of the original debtors' subsidiaries and affiliates.

c. **The preclusion of other employment by the firm due to acceptance of this case.** Whiteford has devoted valuable resources to serving as counsel to the Debtors in these cases. Whiteford was required to devote substantial amounts of time and effort to adequately advise the Debtors. Acceptance of this employment entails commitment to preclude any other

16

employment or professional engagements that may conflict with the duties and responsibilities associated with this role.

      **d.**    **The customary fee for similar work**. Whiteford has charged its standard hourly rates as approved by this Court as set forth in the Order approving the professional's employment. Whiteford believes that the fees are reasonable and comparable to rates charged by other professionals in the area for similar services.

      **e.**    **Whether the fee is fixed or contingent.** Pursuant to the Bankruptcy Code, all fees sought by Whiteford are subject to final approval of this Court. The fees requested herein are based on hourly rates and are not contingent on the outcome of any particular event. Nevertheless, Whiteford's ability to receive payment has depended largely on its ability to assist the Debtors in the successful sale of substantially all of their assets. Whiteford was instrumental in achieving these results.

      **f.**    **Time limitations imposed by the client or circumstances.** The exigencies of the case, including the Debtors' limited financial resources, required that Whiteford provide services on behalf of the Debtors on an expedited basis.

      **g.**    **The amounts involved and the results obtained.** The fees requested by Whiteford are reasonable given the nature of this case, the issues that have arisen, and the results obtained. Whiteford was instrumental in negotiating and closing the sale of the Debtors' assets.

      **h.**    **Experience, reputation, and ability of professionals**. The principal Whiteford attorneys on this case have previously represented debtors, creditors' committees, secured creditors, and unsecured creditors in various large chapter 11 cases in this Court and elsewhere.

      **i.**    **The "undesirability" of the case.** This was not a factor.

**j.   The nature and length of the professional relationship with the client.**

Whiteford has previously provided corporate and transactional legal services to the Debtors. Whiteford's expertise in the solar renewable energy field was instrumental in assisting the Debtors in connection with this case and the sale of the Debtors' assets.

**k.   Awards in similar cases**. Whiteford submits that its request for compensation is well within the usual and customary awards granted in similar cases.

### Disbursements

22. Whiteford had $40,119.64 in disbursements during this case. A summary of expenses incurred is included with **Exhibits A and J**. The expenses incurred include reasonable and necessary charges for, among other things, legal research, photocopies, postage, lien searches, filing fees, and travel expenses related to Whiteford's attendance at court hearings. All expenses have been billed at the actual cost to Whiteford.

23. Whiteford believes that the services rendered to the Debtors and the out-of-pocket expenses incurred in connection with this case were necessary and reasonable in view of the nature of the Debtors' interests in these cases and the number of the matters in which Whiteford was necessarily involved.

### Billing Discretion

24. Whiteford has reviewed its time entries in connection with this Application. Based on such review, Whiteford believes that, in the exercise of its billing discretion, its fees should be reduced in the amount of $80,000. In exercising its billing judgment, Whiteford has considered possible inefficiencies, duplication of efforts, adequacy of time descriptions and reliance on inter-office conferences. Whiteford also determined not to charge for Lexis/Westlaw fees, or meal expenses, totaling $5,441.72.

25. Whiteford notes that the total amount of the professional fees and costs that are proposed to be paid pursuant to this Application and the applications filed contemporaneously on behalf of other estate professionals is $614,822.55. The total funds presently on hand and available for distribution is $481,934.22 (prior to payment of US Trustee fees, estimated to be $18,527.37). Thus, the projected distribution to professionals is estimated to be approximately 75%. Practically speaking, this is a further discount, in addition to the discounts discussed above.

## Service of Application Upon the Debtors

26. A copy of this Application and all attachments thereto was sent to Karl Unterlechner, president of the Debtors.

**WHEREFORE**, Whiteford respectfully requests that this Court enter an Order:

(a) allowing and awarding on a final basis compensation for professional services rendered by Whiteford in the total amount of $1,441,296.00, reflecting a voluntary discount in the amount of $80,000 in the exercise of Whiteford's billing discretion; and

(b) allowing and awarding on a final basis expenses incurred by Whiteford in the amount of $34,677.92, reflecting a voluntary discount in the amount of $5,441.72;

(c) authorizing Whiteford to apply the retainer currently held in escrow in the amount of $75,000.00; and

(d) authorizing payment to Whiteford up to the amount of $369,639.85, which represents the sum of unpaid fees and expenses requested herein, reduced by the prepetition retainer held in the amount of $75,000.00, and the application of voluntary discounts; and

(e) granting such other and further relief which is just and equitable.

Dated: November 15, 2024                    Respectfully submitted,

19

/s/ *Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (Bar No. VA184)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:    (703) 280-9081
E-Mail:    benglander@whitefordlaw.com
    adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

### CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, I served a copy of the foregoing Application via CM/ECF upon all parties receiving notice thereby and by e-mail, where an e-mail address was available, on all persons on the Master Service List established pursuant to Article VI of the Court's Complex Case Procedures.

/s/ *Alexandra G. DeSimone*
Alexandra G. DeSimone