Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (Bar No. VA184)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:      (703) 280-9081
E-Mail:      benglander@whitefordlaw.com
             adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**SECOND AND FINAL FEE APPLICATION OF COHNREZNICK LLP AS
FINANCIAL ADVISORS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
SERVICES RENDERED DURING THE (I) INTERIM PERIOD FROM SEPTEMBER 1,
2023 THROUGH AND INCLUDING OCTOBER 31, 2024, AND (II) FINAL PERIOD
FROM FEBRUARY 2, 2023 THROUGH OCTOBER 31, 2024**

CohnReznick LLP ("CohnReznick"), as financial advisors for debtors and debtors in

possession in the above-captioned jointly administered bankruptcy cases, files this *Second and Final*

*Application of CohnReznick LLP as Financial Advisors for the Debtors and Debtors in Possession*

*for Allowance of Compensation and Reimbursement of Expenses for Services Rendered During the*

*(I) Interim Period from September 1, 2023 through and including October 31, 2024, and (II) Final*

*Period from February 2, 2023 through October 31, 2024* (the "Application"), pursuant to (i) §§ 328,

330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"),

---

[1]      The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits
of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar
Corporation, Inc. (1304), Case No. 23-00045-ELG; and SaveSolar Alpha HoldCo, LLC (7389),
Case No. 23-00046-ELG (the "**Debtors**").

(ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules") and (iv) the *Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "Guidelines") for (i) allowance of compensation for services rendered to the Debtors for the period September 1, 2023 through and including March 31, 2024 (the "Second Interim Period") and for reimbursement of expenses incurred in connection therewith, and (ii) final allowance of compensation for services rendered to the Debtors for the period from February 2, 2023 through and including October 31, 2024 (the "Final Period"), inclusive of amounts requested for the Second Interim Period. In support of this Application and pursuant to Local Rule 2016-1, CohnReznick submits the declaration of Kevin P. Clancy of CohnReznick, which declaration is attached hereto as **Exhibit A** and incorporated by reference into this Application. In further support of this Application, CohnReznick respectfully represents as follows:

### Summary of Application

| | |
|---|---|
| **Total Compensation Requested-Second Interim Period**: | $145,827.00[2] |
| **Total Expenses Requested-Second Interim Period:** | $90.60 |
| **Amounts Previously Requested:** | $486,268.00 |
| **Amounts Previously Awarded:** | $486,268.00 |
| **Prepetition Retainer Held**: | $0.00 |
| | |
| **Total Compensation Requested for the Final Period**: | $629,799.50[2] |
| **Total Expenses Requested for the Final Period:** | $2,386.10 |

*[Remainder of Page Left Intentionally Blank]*

---

[2] This total compensation request during the Second and Final Period also seeks allowance of fees up to $5,700 that have been, or are, estimated to be incurred in connection with preparation and prosecution of this Application.

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| # | Date Filed and Docket No. | Period Covered | Total Fees and Expenses Requested | | Approved By Court Order | | Total Fees and Expenses Paid to Date | | Total Fees and Expenses Remaining Unpaid | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved | Fees | Expenses | Fees | Expenses |
| 1 | 11/06/23 DI #286 | 02/02/23 – 08/31/23 | $483,972.50 | $2,295.50 | $483,972.50 | $2,295.50 | $417,870.75 | | $68,397.25 | |
| TOTAL | | | **$483,972.50** | **$2,295.50** | **$483,972.50** | **$2,295.50** | **$417,870.75** | | **$68,397.25** | |

Compensation and Expenses Sought in This Application Not Yet Paid: $214,314.85

*[Remainder of Page Left Intentionally Blank]*

**Summary by Professional-SECOND INTERIM PERIOD:**

| Name of Professional | Position Title | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Kevin Clancy | Partner | $995.00 | 21.9 | $21,790.50 |
| Stephanie Caragher | Partner | $995.00 | 0.5 | $497.50 |
| Steven Munson | Partner | $995.00 | 0.5 | $497.50 |
| Taylor Sherman | Director | $785.00 | 6.9 | $5,416.50 |
| Joonam Hwang | Senior Manager | $755.00 | 28.2 | $21,291.00 |
| Jack Elowe | Manager | $690.00 | 17.6 | $12,144.00 |
| Ying Zheng | Manager | $690.00 | 45.5 | $31,395.00 |
| Chase Crosby | Associate | $470.00 | 0.3 | $141.00 |
| Alex Donis | Associate | $470.00 | 0.2 | $94.00 |
| Paula Lourenco | Paraprofessional | $300.00 | 78.4 | $23,520.00 |
| Joshua Fernandez | Intern/Paraprofessional | $300.00 | 65.1 | $19,530.00 |
| Leo McGuinness | Intern/Paraprofessional | $300.00 | 5.5 | $1,650.00 |
| Alex Voissard | Intern/Paraprofessional | $300.00 | 7.2 | $2,160.00 |
| | **Total** | | **277.8** | **$140,127.00** |
| *See Footnote No. 2 (pg. 2)* | | | | **$5,700.00[2]** |
| | | | | |
| Net Fees Requested | | | | **$145,827.00** |
| | | | | |
| Blended Rate* | | *$767.00* | | |
| Blended Rate (All Timekeepers) | | *$504.42* | | |
| *Exclusive of Paraprofessional Time | | | | |

| Expense Category | Total Expenses |
|---|---|
| Pacer | $90.60 |
| **Total** | **$90.60** |

*[Remainder of Page Left Intentionally Blank]*

**Summary by Professional-FINAL PERIOD:**

| Name of Professional | Position Title | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Kevin Clancy | Partner | $995.00 | 88.4 | $87,958.00 |
| Vinni Toppi | Partner | $995.00 | 1.5 | $1,492.50 |
| Stephanie Caragher | Partner | $995.00 | 6.8 | $6,766.00 |
| Steven Munson | Partner | $995.00 | 0.5 | $497.50 |
| E.J. Edelman | Managing Director | $845.00 | 1.0 | $845.00 |
| Taylor Sherman | Director | $785.00 | 249.1 | $195,543.50 |
| Joonam Hwang | Senior Manager | $755.00 | 28.2 | $21,291.00 |
| Jack Elowe | Manager | $690.00 | 17.6 | $12,144.00 |
| Ying Zheng | Manager | $690.00 | 109.5 | $75,555.00 |
| Jean Almonte | Senior Associate | $640.00 | 231.3 | $148,032.00 |
| Teo Casubuan | Senior Associate | $640.00 | 24.0 | $15,360.00 |
| Chase Crosby | Associate | $470.00 | 0.3 | $141.00 |
| Alex Donis | Associate | $470.00 | 0.2 | $94.00 |
| Paula Lourenco | Paraprofessional | $300.00 | 111.5 | $33,450.00 |
| Maria Valle | Paraprofessional | $300.00 | 5.3 | $1,590.00 |
| Joshua Fernandez | Intern/Paraprofessional | $300.00 | 65.1 | $19,530.00 |
| Leo McGuinness | Intern/Paraprofessional | $300.00 | 5.5 | $1,650.00 |
| Alex Voissard | Intern/Paraprofessional | $300.00 | 7.2 | $2,160.00 |
| | **Total** | | **953.0** | **$624,099.50** |
| *See Footnote No. 2 (pg. 2)* | | | | **5,700.00[2]** |
| | | | | |
| Net Fees Requested | | | | **$629,799.50[2]** |
| | | | | |
| Blended Rate* | | *$745.94* | | |
| Blended Rate (All Timekeepers) | | *$654.88* | | |
| *Exclusive of Paraprofessional Time | | | | |

| Expense Category | Total Expenses |
|---|---|
| Airfare | $536.46 |
| Hotel | $953.36 |
| Mileage | $44.02 |
| Out-of-Town Meals | $99.96 |
| Pacer | $113.10 |
| Phone Charges | $8.00 |
| Taxi Cabs/Car Service | $175.20 |
| Trains/Metro/Subway | $456.00 |
| **Total** | **$2,386.10** |

**Jurisdiction, Venue and Governing Law**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157.  Venue in this Court is proper pursuant to 28 U.S.C. § 1409.  This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

2.      The bases for the relief requested herein are sections 328(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 3016, and Local Rule 2016-1.

**Background**

3.      On February 2, 2023, the Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.

4.      Concurrently with the filing of its petition, SaveSolar Corporation, Inc. filed Form 108, electing that the above-captioned cases be treated as a Complex Case under this Court's Complex Case Procedures. These cases are eligible for treatment under the Complex Case Procedures because the aggregate liabilities of all affiliated debtors total more than $10,000,000 and/or the total number of creditors is more than 50.  *See* Complex Case Procedures I(a)(1) and I(a)(2).

5.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6.      As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

7.      Additional information regarding the Debtors' business may be found in the *Declaration of Karl Unterlechner In Support of Debtors' First Day Motions*, filed on February 8, 2023, *See* Docket No. 24.

## Employment of CohnReznick

8.      On April 14, 2023, the Court entered the *Order Authorizing the Retention and Employment of CohnReznick LLP for The Debtors and Debtors In Possession*, effective as of the Petition Date. *See* Docket No. 97.

9.      On November 17, 2023, the Court entered the *Order Approving the First Interim Application of CohnReznick LLP for Allowance of Compensation and Reimbursement of Expenses* (Docket No. 290), awarding on an interim basis compensation in the amount of $435,575.25 and expense reimbursement in the amount of $2,295.50 for the period from February 2, 2023 through August 31, 2023.

## Summary of Fee Application

10.     By this Application, CohnReznick requests (i) allowance and award of compensation by the Debtors, jointly and severally, for the professional services rendered by CohnReznick as financial advisors during the Second Interim Period in the amount of $145,827.00, representing 121.6 hours of professional services and 156.2 hours of paraprofessional services; and (ii) reimbursement by the Debtors, jointly and severally, of actual and necessary expenses incurred by CohnReznick during the Second Interim Period in connection with the rendition of such professional and paraprofessional services in the amount of $90.60, (iii) final allowance of compensation for services rendered to the Debtors in the amount of $629,799.50 and reimbursement of expenses incurred therewith in the amount of $2,386.10 during the Final Period, which Final Period includes the Second Interim Period. CohnReznick's professionals and paraprofessionals expanded a total of 953.0 hours during the Final Period for which compensation is sought.

11.     The fees charged by CohnReznick in the Chapter 11 Cases are billed in accordance with CohnReznick's existing billing rates and procedures. The rates CohnReznick charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates CohnReznick charges for professionals and paraprofessionals services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation for the Final Period, which includes the Second Interim Period, are annexed hereto as **Exhibit B**.

12.     CohnReznick maintains computerized records of the time spent by all CohnReznick professionals and paraprofessionals in connection with the Chapter 11 Cases. A summary of compensation by timekeeper for the Second Interim Period is attached hereto in **Exhibit C**, and a summary of compensation requested by project category for the Second Interim Period is attached hereto in **Exhibit D** and is reproduced below:

| SUMMARY BY PROJECT CATEGORY SECOND AND FINAL FEE APPLICATION SEPTEMBER 1, 2023 THROUGH AND INCLUDING OCTOBER 31, 2024 SECOND INTERIM PERIOD | | |
|---|---|---|
| **Description** | **Hours Billed** | **Fees Sought** |
| Analyze Assets and Liabilities | 11.6 | $9,491.50 |
| Case Administration (including retention matters) | 2.8 | $1,242.50 |
| DIP Facility | 0.8 | $670.00 |
| Document Review/Index | 64.6 | $19,380.00 |
| Evaluate Sale of Debtors' Assets/Liquidation | 24.8 | $19,902.50 |
| Litigation Matters/Attendance at Court | 0.3 | $298.50 |
| Meetings / Teleconferences with parties to case | 0.7 | $696.50 |
| Monthly and Interim/Final Fee Applications | 11.7 | $3,927.00 |
| Operating Reports/Results | 155.9 | $80,913.50 |

| SUMMARY BY PROJECT CATEGORY<br>SECOND AND FINAL FEE APPLICATION<br>SEPTEMBER 1, 2023 THROUGH AND INCLUDING OCTOBER 31, 2024<br>SECOND INTERIM PERIOD | | |
| --- | --- | --- |
| **Description** | **Hours Billed** | **Fees Sought** |
| Prepare/Review Cash Collateral Budgets | 0.3 | $298.50 |
| Prepare/Review Cashflow Projections | 1.2 | $1,194.00 |
| Review/Analyze Budget | 0.6 | $180.00 |
| Review of Proposed Transactions of Debtors | 0.4 | $398.00 |
| Tax Matters | 2.1 | $1,534.50 |
| **Services Total:** | **277.8** | **$140,127.00** |

13.     The itemized time records recorded in increments of one-tenth of an hour for CohnReznick professionals and paraprofessionals performing services during the Second Interim Period by project category is attached hereto in **Exhibit E**.

14.     CohnReznick also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. A summary and detailed description of the categories of expenses and amounts for which reimbursement is requested by this Application during the Second Interim Period is attached hereto as **Exhibit F**. The summary is reproduced below for reference:

| **Expense Category** | **Total Expenses** |
| --- | --- |
| Pacer | $90.60 |
| **Total** | **$90.60** |

15.     CohnReznick seeks payment of one hundred percent (100%) of its fees and of its expenses relating to services rendered during the Second Interim Period from the Debtors, jointly and severally.

16.     CohnReznick has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the

matters covered by this Application for the Second Interim Period.  Pursuant to Bankruptcy Rule 2016(a), CohnReznick has not shared, nor has CohnReznick agreed to share, (i) any compensation it has received or may receive with another party or person other than with the partners and principals or (ii) any compensation another person or party has received or may receive in these chapter 11 cases.

17.     CohnReznick maintains computerized records of the time spent by all CohnReznick professionals and paraprofessionals in connection with the Chapter 11 Case.  A summary of compensation by timekeeper for the Final Period is attached hereto in **Exhibit G**, and a summary of  compensation requested by project category for the Final Period is attached hereto in **Exhibit H**.

18.     The itemized time records recorded in increments of one-tenth of an hour for CohnReznick professionals and paraprofessionals performing services during the Final Period by project category is attached hereto in **Exhibit I.**

19.     CohnReznick also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  A summary and detailed description of the categories of expenses and amounts for which reimbursement is requested by this Application during the Final Period is attached hereto as **Exhibit J**.

20.     All services for which compensation is requested by CohnReznick were performed for or on behalf of the Debtors.

### Services Provided During the Second Interim Period

21.     This application provides a brief summary of the services rendered by CohnReznick on behalf of the Debtors during the Second Interim Period by category.  While it is not possible or practical to describe each and every activity undertaken by CohnReznick, CohnReznick maintains

contemporaneous time records which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific tasks performed, and the time expended by each professional and paraprofessional.

22.     In classifying services into tasks, CohnReznick attempted to place the services performed in the category that most closely relate to the services provided.

23.     Moreover, the following summary of services rendered during the Second Interim Period is not intended to be a detailed description of the work performed.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered, as well as to identify certain of the matters and issues that CohnReznick was required to address during the Second Interim Period.

### A.  Analyze Assets and Liabilities

| Total Hours | Fees |
| --- | --- |
| 11.6 | $9,491.50 |

24.     During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) reviewed, analyzed, assessment of Class B shares and related documents, (ii) communicated with counsel and other professionals regarding Class B shares and related information; and (iii) performing other necessary tasks.

### B.  Case Administration (including retention matters)

| Total Hours | Fees |
| --- | --- |
| 2.8 | $1,242.50 |

25.     During the Compensation Period, CohnReznick expended *de minimis* time attending to various case administration matters in furtherance of these Chapter 11 Cases, including, among others, (i) conducting oral and written communications with counsel for the Debtors to discuss and review pending tasks and other work in progress, (ii) communicated with

Debtors' counsel to discuss interim fee applications and related information, (iii) conducted internal and external calls with other professionals to discuss interim applications and related information, and (iv) performing other necessary administrative tasks.  CohnReznick's attention to the administrative matters reflected in this category enabled CohnReznick's team to coordinate in an efficient manner.

### C.  DIP Facility

| Total Hours | Fees |
|---|---|
| 0.8 | $670.00 |

26.     During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, including, among others, (i) reviewed, analyzed DIP files and related information, (ii) conducted oral and written communications with counsel for the Debtors regarding payments and related documents, and (iii) performed other necessary and related tasks.

### D.  Document Review/Index

| Total Hours | Fees |
|---|---|
| 64.6 | $19,380.00 |

27.     During the Compensation Period, CohnReznick expended time devoted to reviewing and analyzing information, including, among others, (i) reviewed and analyzed court docket pleadings and related information, (ii) performed other necessary document review, document index related to motions, objections and related information, (iii) reviewed professionals' fees and related information, (iv) performed other necessary document review, and related information, and (v) performed other necessary related tasks.

### E.  Evaluate Sale of Debtors' Assets/Liquidation

| Total Hours | Fees |
|---|---|
| 24.8 | $19,902.50 |

28.     During the Compensation Period, CohnReznick expended time attending to various activities related to review Debtors' assets, including, among others, (i) reviewed, analyzed valuation procedures related to Class B shares and related information, (ii) written and oral communication with Debtors' counsel and professionals regarding Class B shares for sale and related issues, (iii) oral communication with Debtors' counsel, correspondence review related to Class B shares, (iv) written and oral communication with Debtors' counsel and other professionals on sale process and related information, (v) oral communication with Debtors' counsel and professionals regarding bids on Class B shares and related, (vi) internal and external communications with Debtors' counsel and professionals regarding sale, next steps and related discussions, and (vii) performing other necessary tasks.

### F.  Litigation Matters/Attendance at Court

| Total Hours | Fees |
| --- | --- |
| 0.3 | $298.50 |

29.     During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, including, among others (i) communicated with Debtors' counsel and other professionals to discuss fee application hearing and related information, and (ii) performed other related tasks.

### G.  Meetings / Teleconferences with parties to case

| Total Hours | Fees |
| --- | --- |
| 0.7 | $696.50 |

30.     During the Compensation Period, CohnReznick expended *de minimis* amount of time in this category related to meetings / teleconferences with parties to case, including, among others, (i) communicating with other professionals on Solridge and related information, and (ii) performing other necessary meetings / teleconferences with parties to case.

### H.  Monthly and Interim/Final Fee Applications

| Total Hours | Fees |
|---|---|
| 11.7 | $3,927.00 |

31.    During the Compensation Period, CohnReznick expended time in this category related to services, including, among others, (i) communicated with Debtors' counsel regarding fee applications and related information, (ii) review and analysis of documents for preparation of its first interim fee application, (iii) communicated with Debtors' counsel regarding first interim application and timelines, and (iv) performed other necessary tasks related to monthly and interim/final fee applications.

### I.   Operating Reports/Results

| Total Hours | Fees |
|---|---|
| 155.9 | $80,913.50 |

32.    During the Compensation Period, CohnReznick expended time in this category, including, among others (i) reviewed and analysis of monthly operating reports and related information; (ii) communicated with Debtors' counsel regarding monthly operating reports and reporting requirements, (iii) reviewed, analyzed, updated monthly operating reporting summary schedules and related, (iv) communicated with Debtors' and other professionals in response to questions, documentation in support of preparation of monthly operating reports and related information, (v) review, analysis of financial statements, financial summary sheet for preparation of August 2023 monthly operating reports, (vi) reviewed, analyzed August 2023 monthly operating report and supporting schedules, (vii) review, analysis of financial statements for preparation of September 2023 monthly operating report, (viii) reviewed, analyzed September 2023 monthly operating report and supporting schedules, (ix) communicated with Debtors' counsel and other professionals on timeline of August 2023 monthly operating report preparation and related

information, (x) review, analysis of financial statements and related documents for October 2023 monthly operating report preparation, (xi) reviewed, analyzed October 2023 monthly operating report and supporting schedules, (xii) communicated with internal professionals regarding United States Trustee fees, supporting schedules and related documents, (xiii) conducted oral and written communications with Debtors' counsel and other professionals for financial documents for preparation of the monthly operating report for November 2023 and related information, (xiv) reviewed, analyzed documents for preparation of November 2023 monthly operating reports and supporting schedules, (xv) written communication with Debtors' counsel and other professionals for financial documents for preparation of December 2023 monthly operating report, (xvi) reviewed, analyzed documents for preparation of December 2023 monthly operating reports, (xvii) review, analysis of financial statements, financial summary sheet for preparation of January 2024 monthly operating reports, (xviii) reviewed, analyzed January 2024 monthly operating report and supporting schedules, (xix) review, analysis of financial statements for preparation of February 2024 monthly operating report, (xx) reviewed, analyzed February 2024 monthly operating report and supporting schedules, (xxi) review, analysis of financial statements for preparation of  March 2024 monthly operating report, (xxii) reviewed, analyzed March 2024 monthly operating report and supporting schedules, (xxiii) review, analysis of financial statements for preparation of April 2024 monthly operating report, (xxiv) reviewed, analyzed April 2024 monthly operating report and supporting schedules, (xxv) review, analysis of financial statements for preparation of May 2024 monthly operating report, (xxvi) reviewed, analyzed May 2024 monthly operating report and supporting schedules, (xxvii) review, analysis of financial statements for preparation of June 2024 monthly operating report, (xxviii) reviewed, analyzed June 2024 monthly operating report and supporting schedules, (xxix) review, analysis of financial statements for preparation of July 2024

monthly operating report, (xxx) reviewed, analyzed July 2024 monthly operating report and supporting schedules, and (xvii) performed other related tasks.

**J.  Prepare/Review Cash Collateral Budgets**

| Total Hours | Fees |
|---|---|
| 0.3 | $298.50 |

33.     During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, including among others (i) reviewed, analysis of updated cash collateral budget and related documents, and (ii) performed other related tasks.

**K.  Prepare/Review Cashflow Projections**

| Total Hours | Fees |
|---|---|
| 1.2 | $1,194.00 |

34.     During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, including, among others (i) reviewed, analysis of cash waterfall and related information, (ii) communicated with Debtors' counsel regarding cash waterfall and related issues, and (iii) performed other related tasks.

**L.  Review/Analyze Budget**

| Total Hours | Fees |
|---|---|
| 0.6 | $180.00 |

35.     During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, including, among others (i) reviewed, analysis of budget and related information, and (vii) performed other related tasks.

**M. Review of Proposed Transactions of Debtors**

| Total Hours | Fees |
|---|---|
| 0.4 | $398.00 |

36.     During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, including, among others, (i) reviewed correspondence regarding Class B shares and related information, and (ii) performing other necessary tasks.

### N.  Tax Matters

| Total Hours | Fees |
|---|---|
| 2.1 | $1,534.50 |

37.     During the Compensation Period, CohnReznick expended *de minimis* time in this category related to services, including, among others, (i) communicated with Debtors' counsel and other professionals regarding 2022 tax filings and required analysis, and (ii) performing other necessary related tasks.

**Actual and Necessary Expenses**

38.     CohnReznick seeks allowance of reimbursement of expenses in the amount of $90.60 for expenses incurred during the Second Interim Period in the course of providing professional services to the Debtors. In connection with the reimbursement of actual, reasonable and necessary expenses, it is CohnReznick's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to CohnReznick's clients include, among other things, telephone and telecopier, toll and other charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, out-of-town travel expenses, and computerized research.

39.     CohnReznick charges Debtors' estate for these expenses at rates consistent with those charged to CohnReznick's other bankruptcy clients, which rates are equal to or less than the rates charged by CohnReznick to its non-bankruptcy clients.

40.     CohnReznick believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. In providing a reimbursable expense, CohnReznick does not make a profit on that expense, whether the service is performed by CohnReznick in-house or through a third party.

### Statutory Basis for Compensation

41.     The statutory predicates for the relief sought herein are sections 328, 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016.  CohnReznick seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Debtors during the Second Interim Period.

42.     Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in section 330. Section 330(a)(1) of the Bankruptcy Code allows for the following: "(A) reasonable compensation for actual, necessary services rendered by. . . [an] professional and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses."

43.     Section 330(a)(3)(A) of the Bankruptcy Code provides that,

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11].

11 U.S.C. § 330(a)(3).

44.     The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citations and internal quotations omitted).

45.     In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *Am. Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of Am.*), 544 F.2d 1291, 1298-99 (5th Cir. 1977), superseded by statute as stated in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd.* (*In re Woerner*), 783 F.3d 266 (5th Cir. 2015), and thereafter adopted by most courts. *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *see generally* 3 Collier on Bankruptcy ¶ 330.03[9] (enumerating *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

46.     CohnReznick respectfully submits that a consideration of these factors should result in the Court's allowance of the full compensation sought in this Application.

a.  Time and Labor Required.  CohnReznick billed a total of 121.6 hours of professional services and 156.2 hours of paraprofessional and other non-legal services during the Second Interim Period.  As evidenced by this Application, CohnReznick professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Second Interim Period.  This is especially true when considering the nature and complexity of the issues that arose in the Chapter 11 Cases during the Second Interim Period.

b.  Novelty and Difficulty of the Questions.  The work performed by CohnReznick has involved issues of varying complexity, as described herein and, also as set forth in substantial detail in the attached billing detail.

c.  Skill Requisite to Perform the Legal Services Properly.  CohnReznick believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of CohnReznick's practice and its creative approach to the resolution of issues has contributed to the successful administration of the Chapter 11 Cases. The cases involve a number of complex issues which required considerable knowledge and expertise in the area of debtors' and creditors' rights under  Chapter 11 of the Bankruptcy Code.

d.  Preclusion of Other Employment by Applicant Due to Acceptance of the Case. The professionals and paraprofessionals of CohnReznick have devoted a substantial amount of time and resources to these cases, to the possible preclusion of involvement in other matters.

e.  Customary Fee.  The rates CohnReznick charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates CohnReznick charges for professional and paraprofessional services rendered in comparable nonbankruptcy matters.  CohnReznick's fee structure also is equivalent to the fee structure used by CohnReznick for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required.  The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here.  CohnReznick's rate structure is similar to the rate structure used by other, similar firms that work on other, similar matters.

f. <u>Whether the Fee Is Fixed or Contingent</u>. Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court and are subject to adjustment depending upon the services rendered and the results obtained. CohnReznick accepted this engagement on an hourly basis, with no retainer. CohnReznick's fees and expenses are subject to Court approval. CohnReznick's fees, however, are not otherwise contingent.

g. <u>Time Limitations Imposed by the Client or Other Circumstances</u>. Certain deadlines have been applicable herein pursuant to Court orders and/or other provisions of Chapter 11 Cases.

h. <u>Amount Involved and Results Obtained</u>. CohnReznick professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors.

i. <u>Experience, Reputation and Ability of Attorneys</u>. CohnReznick has extensive experience in bankruptcy matters. CohnReznick's reputation and ability are well known in the industry.

j. <u>"Undesirability" of the Cases</u>. This factor is not applicable to the Chapter 11 Cases.

k. <u>Nature and Length of Professional Relationship</u>. CohnReznick was employed by the Debtors on April 14, 2023 *Nunc Pro Tunc* to February 2, 2023, after the commencement of the Chapter 11 Cases. CohnReznick was employed to provide financial advisory services to the Debtors.

l. <u>Awards in Similar Cases</u>. CohnReznick believes that this second interim application is in keeping with similar applications for compensation and reimbursement by financial advisors to debtors in other bankruptcy courts in similar cases.

47.     The above narrative portions of this Application are intended to serve as a summary recapitulation of the major areas of CohnReznick's activities and responsibilities. The exhibits provide complete recapitulation of the acts taken by CohnReznick on behalf of the Debtors during the Second Interim Period.

48.     For the reasons set forth above, the services rendered by CohnReznick were necessary and beneficial to the Debtors and consistently performed in a timely manner. The compensation sought in this Application is reasonable in light of the value of such services to the

Debtors, CohnReznick's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation charged by comparably skilled professionals at CohnReznick. Accordingly, CohnReznick respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

49.    CohnReznick further states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedures that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners and principals of CohnReznick, or (b) any compensation another person or party has received or may receive.

### Statement of CohnReznick

50.    The following is provided in response to the request for additional information set forth in ¶ C.5. of the U.S. Trustee Guidelines.

    **A.**     **Did you agree to any variations from, or alternatives to, your standard customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.**

    CohnReznick's billing rates, fees, and terms for this engagement are consistent with standard billing rates, fees, and terms used for other engagements.

    **B.**     **Have any of the professionals included in this Fee Application varied their hourly rate based on the geographic location of the bankruptcy case?**

    No professional, paraprofessional or timekeeper from CohnReznick during the Second Interim Period covered by this Application has varied their hourly rates based on the geographic location of these Chapter 11 Cases.

    **C.**     **Does this fee application include time or fees related to reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be**

22

**compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify hours and fees.**

This Application includes a reasonable amount of time and fees related to reviewing to ensure compliance with the UST Guidelines.

**D.    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.**

This Application does not include time and fees related to reviewing time records to redact any privileged or other confidential information.

**E.    If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?**

No, this Application does not include a rate increase since CohnReznick's retention.

## Service of Application upon the Debtors

51.    A copy of this Application and all attachments thereto was sent to Karl Unterlechner, president of the Debtors.

## Notice

52.    CohnReznick has served this application in accordance with Bankruptcy Rules. CohnReznick submits that no other or further notice is necessary.

## Conclusion

**WHEREFORE**, CohnReznick respectfully request that the Court:

(a)    allow and award on a final basis the fees incurred in the amount of

23

$145,827.00 for compensation for professional services rendered to and on behalf of the Debtors, jointly and severally, during the Second Interim Period from September 1, 2023 through and including October 31, 2024;

(b)    allow and award on a final basis the reimbursement of CohnReznick's out-of-pocket expenses incurred in connection with the rendering of such services during the Second Interim Period from September 1, 2023 through and including October 31, 2024, in the amount of $90.60;

(c)    for a total award of $145,917.60 for the period from September 1, 2023 through and including October 31, 2024;

(d)    final allowance of compensation for professional services rendered during the Final Period in the amount of $629,799.50 and expense reimbursement in the amount of $2,386.10, which amounts include the amount requested in paragraph (c);

(e)    authorize payment to CohnReznick of these allowed fees and expenses; and

(f)    such other and further relief as the Court deems just, proper and equitable.

Dated: November 15, 2024                    Respectfully submitted,

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (Bar No. VA184)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:    (703) 280-9081
E-Mail:        benglander@whitefordlaw.com
               adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

-and-

*/s/Kevin Clancy*
Kevin Clancy, Partner
**COHNREZNICK LLP**
14 Sylvan Way
Parsippany, New Jersey 07054
Phone: (732)672-0874
Email: Kevin.Clancy@CohnReznick.com

*Financial Advisors for the Debtors and Debtors-In-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, I served a copy of the foregoing Application via CM/ECF upon all parties receiving notice thereby and by e-mail, where an e-mail address was available, on all persons on the Master Service List established pursuant to Article VI of the Court's Complex Case Procedures.

*/s/ Alexandra G. DeSimone*
Alexandra G. DeSimone