Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (Bar No. VA184)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:      (703) 280-9081
E-Mail:      benglander@whitefordlaw.com
         adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

### FINAL APPLICATION OF SILVER BIRCH, INC.
### AND BA SECURITIES, LLC FOR ALLOWANCE OF
### COMPENSATION AND REIMBURSEMENT OF EXPENSES

Silver Birch, Inc. and BA Securities, LLC ("SBG"[2]), the court-appointed investment banker to SaveSolar Corporation (the "Debtor") in the above-captioned jointly administered bankruptcy cases, files this *Final Fee Application of Silver Birch, Inc. for Allowance of Compensation and Reimbursement of Expenses* (the "Application") for the period for the period from January 26, 2024 through October 31, 2024 (the "Application Period"), pursuant to 11 U.S.C. sections 328 and 330 of the Bankruptcy Code (the "Bankruptcy Code"), Rule 2016 of the Federal

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; and SaveSolar Alpha HoldCo, LC (7389), Case No. 23-00046-ELG (the "Debtors").

[2] For compliance with FINRA regulations, Jeffrey R. Manning, Sr. is a Registered Representative of BA Securities, LLC, and any transaction requiring FINRA license was completed under that authority.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules"). By this Application, SBG seeks final approval and allowance of compensation for services rendered in the amount of $10,000, which amount was previously paid to SBG as a retainer, and reimbursement of out-of-pocket expenses in the amount of $4,947.85. In support of this Application, SBG respectfully states as follows.

## Summary of Application

**Total Compensation Requested**: $10,000.00
**Total Expenses Requested:** $4,947.85
**Amounts Previously Requested:** $0.00
**Amounts Previously Awarded:** $0.00
**Post-petition Retainer Held**: $10,000.00
**Total Unpaid Fees and Expenses**: $4,947.85

| Vendor | Date | Purpose | Invoice # | Amount |
|---|---|---|---|---|
| SmartCloud Online | 4/3/2024-6/4/2024 | Online Data Room | I-16176-240331-1; I-16176-240531-1 | $2,080.00 |
| Database Allocation | 1/26/2024-6/30/2024 | 2 mos @ $1,250.00 | 3215.2024.02.07-01 | $2,500.00 |
| FINRA Registration | Effective 1/26/2024 | FINRA license for DC | 2024115 | $45.00 |
| Mileage Own Car | 2/28/2024 to 12/11/2024 | @ $.67 per mile | 2024115 | $100.23 |
| Lodging for Court | 2/28/2024 | One half overnight | #125730 | $182.62 |
| Parking for Court | 2/28/2024 | One half overnight | #125730 | $40.00 |
| | | | **Total:** | **$4,947.85** |

## Jurisdiction, Venue and Governing Law

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

2.      The bases for the relief requested herein are sections 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

## Background

3.      On February 2, 2023, the Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.

4.      Concurrently with the filing of its petition, SaveSolar Corporation, Inc. filed Form 108, electing that the above-captioned cases be treated as a Complex Case under this Court's Complex Case Procedures. These cases are eligible for treatment under the Complex Case Procedures because the aggregate liabilities of all affiliated debtors total more than $10,000,000 and/or the total number of creditors is more than 50. *See* Complex Case Procedures I(a)(1) and I(a)(2).

5.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6.      As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

7.      Additional information regarding the Debtors' business may be found in the *Declaration of Karl Unterlechner In Support of Debtors' First Day Motions*, filed on February 8, 2023 (Docket No. 24).

## Employment of SBG

8.      On February 27, 2024, the Court entered the *Order Approving Application for Authority to Employ and Retain Silver Birch, Inc. and BA Securities, LLC as Investment Bankers for SaveSolar Corporation, Inc. Effective as of January 26, 2024* (Docket No. 335), approving the employment of SBG and authorizing the Debtor to pay $10,000.00 as a retainer to SBG.

3

9. This is the first application for compensation filed by SBG.

### Services Provided During the Application Period

10. During the Application Period, SBG performed significant services for the Debtor. Since late January, SBG engaged in significant efforts to market the Debtor's interest in SSC SR JV Holdco LLC (the "Class B Membership Interest"). From the end of January 2024 to the end of February 2024 Silver Birch ran a broad marketing campaign, reaching out to 85 total investors and getting four indications of interest, including two written non-binding indications of interest (the "LOIs") who were prepared to take over the management of the properties. Despite this broad market test, Amalgamated determined those indications of value were insufficient to cover its security interest, and negotiations for a sale of the Class B membership ceased.

11. Pursuant to the agreement between SBG and the Debtor and the Court's approved employment of SBG in connection with these cases, SBG's transaction fee was contingent up the consummation of a transaction involving the sale of the Class B Membership Interest. If SBG had been compensated on a time and material basis, the fee would be a significant multiple of the $10,000 retainer fee paid.

### Relevant Legal Standard for Investment Banker Compensation

12. Section 328(a) of the Bankruptcy Code provides that, with the court's approval, a professional may be employed to provide services to the estate "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). As with other compensation agreements in bankruptcy, an estate professional's contingency fee agreement must have clear terms and is subject to court review in advance for reasonableness under section 330 of the Code. *ASARCO, LLC v. Barclays Capital (In re ASARCO, LLC)*, 702 F.3d 250, 257 (5th Cir. 2012). In

4

the Ninth Circuit, after approving a professional's compensation terms under section 328(a), bankruptcy courts may allow different compensation only "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of" entry. 11 U.S.C § 328(a); *In re Circle K Corp.*, 279 F.3d 669, 671-72 (9th Cir. 2002) (holding that "the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'"); *In re Reimers*, 972 F.2d 1127, 1128 (9th Cir. 1992) (holding the same). Congress intended section 328(a) to alleviate the uncertainty surrounding the compensation of professionals retained in bankruptcy, whose fees would otherwise may be subject to the court's discretion after the fact. *ASARCO*, 702 F.3d at 258; *see also In re Coho Energy Inc.*, 395 F.3d 198, 204 (5th Cir. 2004).

### Expenses

13. Expenses incurred include reasonable and necessary charges for carrying out SBG duties under the Agreement, and all expenses have been billed at the actual cost to SBG. SBG believes that the services rendered to the Debtors and the out-of-pocket expenses incurred in connection with this case were necessary and reasonable in view of the nature of the Debtors' interests in these cases. SBG believes that the requested expense reimbursement is reasonable and comparable and charged by other investment banking professionals for similar services.

### Service of Application Upon the Debtors

22. A copy of this Application was sent to Karl Unterlechner, president of the Debtors.

**WHEREFORE**, SBG respectfully requests that this Court enter an Order:

(a)  allowing and awarding the fees incurred during the Application Period in the amount of $10,000;

(b) allowing and awarding on a final basis expenses incurred during the Application Period in the amount of $4,947.85;

(c) authorizing payment by the Debtors to SBG in the amount of $4,947.85; and

(d) granting such other and further relief which is just and equitable.

Dated: November 15, 2024

Respectfully submitted,

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (Bar No. VA184)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone: (703) 280-9081
E-Mail: benglander@whitefordlaw.com
adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

-and-
*/s/ Jeffrey R. Manning (with permission)*
Jeffrey R. Manning

*Investment Banker to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, I served a copy of the foregoing Application via CM/ECF upon all parties receiving notice thereby and by e-mail, where an e-mail address was available, on all persons on the Master Service List established pursuant to Article VI of the Court's Complex Case Procedures.

*/s/ Alexandra G. DeSimone*
Alexandra G. DeSimone