Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (Bar No. VA184)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:	(703) 280-9081
E-Mail:	benglander@whitefordlaw.com
	adesimone@whitefordlaw.com

*Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAVESOLAR CORPORATION, INC., *et al.*[1] | ) | Case No. 23-00045-ELG |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**FINAL FEE APPLICATION OF MENDELSON & MENDELSON P.C. AS ACCOUNTANTS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MAY 1, 2024 THROUGH NOVEMBER 1, 2024**

Mendelson & Mendelson P.C. ("Mendelson"), as accountants for the debtors and debtors in possession in the above-captioned jointly administered bankruptcy cases, files this *Final Fee Application of Mendelson & Mendelson P.C. as Accountants for the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2024 through November 1, 2024* (the "Application"), pursuant to §§ 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LLC (7389), Case No. 23-00046-ELG (the "Debtors").

of the United States Bankruptcy Court for the District of Columbia (the "Local Rules"), and the *Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330*, effective May 17, 1996 (the "Guidelines"). In connection with this Application, Mendelson seeks: (i) final allowance of compensation for services rendered to the Debtors for the period from May 1, 2024 through November 1, 2024 (the "Application Period") in the amount of $17,920; (ii) final allowance of compensation previously approved on an interim basis in the amount of $18,015; and (iii) final allowance of compensation for services to be rendered in connection with the preparation of the Debtors' 2024 federal and state tax returns in an amount not to exceed $8,000. In support of the Application, Mendelson respectfully represents the following:

## Summary of Application

**Total Compensation Requested**: $25,920.00
**Total Expenses Requested:** $0.00
**Amounts Previously Requested:** $18,015.00
**Amounts Previously Awarded:** $18,015.00
**Prepetition Retainer Held**: N/A

**Summary by Task:**

| Task | Total Hours | Total Compensation |
|---|---|---|
| Reconciliation of books and records | 32.5 | $13,000.00 |
| Preparation of 2023 federal and state tax returns | 12.3 | $4,920.00 |
| Estimated allocation for reconciliation and preparation of 2024 federal and state tax returns | 20.0 | $8,000.00 |
| **Total** | **64.8** | **$25,920.00** |

## Jurisdiction, Venue and Governing Law

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157.  Venue in this Court is proper pursuant to 28 U.S.C. § 1409.  This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

2

2. The bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

## Background

3. On February 2, 2023, the Debtors each filed for bankruptcy under chapter 11 of the Bankruptcy Code.

4. Concurrently with the filing of its petition, SaveSolar Corporation, Inc. ("SaveSolar") filed Form 108, electing that the above-captioned cases be treated as a Complex Case under this Court's Complex Case Procedures. These cases are eligible for treatment under the Complex Case Procedures because the aggregate liabilities of all affiliated debtors total more than $10,000,000 and/or the total number of creditors is more than 50. *See* Complex Case Procedures I(a)(1) and I(a)(2).

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

7. Additional information regarding the Debtors' business may be found in the *Declaration of Karl Unterlechner In Support of Debtors' First Day Motions*, filed on February 8, 2023. *See* Docket No. 24.

## Employment of Mendelson

8. On October 4, 2023, the Court entered the *Order Authorizing the Retention and Employment of Mendelson & Mendelson P.C. as Accountants for the Debtors and Debtors in Possession Effective as of August 15, 2023*. *See* Docket No. 275.

9. On August 20, 2024, the Court entered the *Order Approving First Interim Application of Mendelson & Mendelson P.C. for Allowance of Compensation and Reimbursement of Expenses* (Docket No. 416) (the "Interim Order"), approving compensation for services rendered on an interim basis in the amount of $18,015.00.

### Summary of Fee Application

10. By this Application, Mendelson requests (i) final allowance of amounts previously approved on an interim basis by the Interim Order; (ii) final allowance of compensation for services rendered during the Application Period in the amount of $17,920; and (iii) final allowance of compensation for services to be rendered in connection with the preparation of the Debtors' 2024 federal and state tax returns in an amount not to exceed $8,000.

11. The fees charged by Mendelson in these chapter 11 cases are billed in accordance with Mendelson's existing billing rates and procedures in effect during the Application Period and are consistent with the rates set forth in the Debtors' *Application for Authority to Employ and Retain Mendelson & Mendelson P.C. as Accountants for the Debtors and Debtors-in-Possession Effective as of August 15, 2023* (Docket No. 249).

12. During the Application Period, Mendelson has tracked and allocated its fees to account for time spent on numerous matters.

13. Mendelson's total fees requested for the Application Period are $17,920.00. Itemized time records for all services provided during the Application Period are attached hereto as **Exhibit A**. A chart identifying each category of service provided by Mendelson during the First Interim Period is set forth below:

| Service Category | Total Hours | Fee Amount |
| --- | --- | --- |
| Reconciliation of books and records | 32.5 | $13,000.00 |

| Preparation of 2023 Federal and State Income Tax Returns | 12.3 | $4,920.00 |
|---|---|---|
| **Total** | **44.8** | **$17,920.00** |

14. Additionally, in light of the fact that this Application is being filed contemporaneously with the Debtors' motion to close their chapter 11 cases and the Debtors anticipate closing their chapter 11 cases no later than December 31, 2024, the Debtors have asked Mendelson to include in this Application all services related to the preparation and filing of the Debtors' 2024 federal and state income tax returns. Approval of compensation for these services in connection with this Application will allow the Debtors to ensure that the preparation and filing of their remaining tax returns, and payment for such services, does not delay further administration of their estate. Accordingly, Mendelson is requesting an additional $8,000.00 in compensation, representing an estimated 20 hours of work, for the preparation and filing of the Debtors' 2024 federal and state income tax returns. Mendelson's explanation of this estimate and the services to be provided is attached hereto as **Exhibit B**.

15. Mendelson has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. Pursuant to Bankruptcy Rule 2016(a), Mendelson has not shared, nor has Mendelson agreed to share, (i) any compensation it has received or may receive with another party or person other than with the partners and principals or (ii) any compensation another person or party has received or may receive in these chapter 11 cases.

**Lodestar Analysis**

16. Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate professionals for all actual, necessary services rendered by such professionals based on the nature, extent, and value of the services rendered, the time spent on

5

such services, and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

17. Courts frequently look to the "lodestar" formula in assessing accountants' fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the professionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the accountants. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

18. Bankruptcy courts often consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Ltd.*, 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904 (1977). The United States Court of Appeals for the District of Columbia Circuit adopted the *Johnson* test in *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 187 (D.C. Cir. 1974). In *Copeland v. Marshall*, 641 F.2d 880, 881 (D.C. Cir. 1980), the United States Court of Appeals for the District of Columbia reiterated the "lodestar" approach set forth in *Johnson* when determining the reasonableness of fees, which it has endorsed for use in bankruptcy cases. *In re AOV Industries, Inc.*, 797 F.2d 1004, 1007 (D.C. Cir. 1986); *see also Stewart v. Capital City Mortgage Corp.* (*In re Stewart*), 2004 Bankr. LEXIS 2185, *45-6 (Nov. 10, 2004 Bankr. D. D.C.). The following are the *Johnson* factors:

    a. the time and labor required;

    b. the novelty and difficulty of the questions;

    c. the skill required to properly perform the professional services;

    d. the preclusion of other employment by the professional due to acceptance of the case;

    e. the customary fee;

    f. whether the fee is fixed or contingent;

    g. time limitations imposed by the client or the circumstances;

    h. the amount involved and the results obtained;

    i. the experience, reputation, and ability of the professionals;

    j. the "undesirability" of the case;

    k. the nature and length of the professional relationship with the client; and

    l. awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

19. Mendelson submits the following lodestar and *Johnson* factor analysis in support of its request for allowance of fees and disbursements:

    a. **The time and labor required.** As discussed herein, Mendelson has expended a substantial amount of time assisting the Debtors in addressing the various tax-related issues which have arisen during these chapter 11 cases, including but not limited to, the preparation and filing of all necessary income tax returns for the year ending December 31, 2023. As the time records submitted with this Application amply illustrate, Mendelson's professionals have dedicated substantial time to these cases.

    b. **The novelty and difficulty of the questions involved and skill applied.** At times, these cases involved certain novel and complex questions such as the tax implications of the sale of substantially all of the Debtors' assets and wind-down of their business.

    c. **The preclusion of other employment by the firm due to acceptance of this case.** Mendelson has devoted valuable resources to serving as accountants to the Debtors in these cases. Mendelson was required to devote substantial amounts of time and effort to adequately advise the

7

Debtors. Acceptance of this employment entails commitment to preclude any other employment or professional engagements that may conflict with the duties and responsibilities associated with this role.

  d. **The customary fee for similar work**. Mendelson has charged its standard hourly rates as approved by this Court as set forth in the Order approving Mendelson's employment. Mendelson believes that the fees are reasonable and comparable to rates charged by other professionals in the area for similar services.

  e. **Whether the fee is fixed or contingent.** Pursuant to the Bankruptcy Code, all fees sought by Mendelson are subject to final approval of this Court. The fees requested herein are based on hourly rates and are not contingent on the outcome of any particular event.

  f. **Time limitations imposed by the client or circumstances.** Mendelson's work in these cases generally did not involve exigent circumstances. Mendelson's involvement ensured that the Debtors performed all income tax filing requirements on a timely basis.

  g. **The amounts involved and the results obtained.** The fees requested by Mendelson are reasonable given the nature of this case, the issues that have arisen, and the results obtained, namely that the Debtors have upheld their federal and state income and payroll tax requirements.

  h. **Experience, reputation, and ability of professionals**. The principal Mendelson accountants on this case have previously provided tax and accounting services to debtors and/or trustees under the Bankruptcy Code.

  i. **The "undesirability" of the case.** This was not a factor.

  j. **The nature and length of the professional relationship with the client.** Mendelson has not previously provided tax or accounting services to the Debtors.

      k. **Awards in similar cases**. Mendelson submits that its request for compensation is well within the usual and customary awards granted in similar cases.

### Service of Application upon the Debtors

20.    A copy of this Application and all attachments thereto was sent to Karl Unterlechner, president of the Debtors.

### Conclusion

WHEREFORE, Mendelson respectfully requests that the Court:

    (a)    allow and award on a final basis the fees incurred in the amount of $18,015.00 for compensation for professional services rendered to and on behalf of SaveSolar during the period from August 15, 2023 through and including April 30, 2024, as approved in the Interim Order;

    (b)    allow and award on a final basis, fees incurred in the amount of $17,920.00 for compensation for professional services rendered to and on behalf of SaveSolar during the period from May 1, 2024 through November 1, 2024;

    (c)    allow and award on a final basis, fees in the amount of $8,000.00 for compensation for professional services to be provided to and on behalf of SaveSolar in connection with the 2024 federal and state income tax returns;

    (d)    authorize payment to Mendelson in the amount of $25,920.00, representing the total amount of unpaid fees requested herein; and

    (e)    grant such other and further relief as the Court deems just, proper and equitable.

Dated: November 15, 2024                      Respectfully submitted,

                                                            */s/ Bradford F. Englander*
                                                            Bradford F. Englander (Bar No. 428617)

>Alexandra G. DeSimone (Bar No. VA184)
>WHITEFORD, TAYLOR & PRESTON L.L.P.
>3190 Fairview Park Drive, Suite 800
>Falls Church, Virginia 22042-4510
>Telephone: (703) 280-9081
>Email: benglander@whitefordlaw.com
>           adesimone@whitefordlaw.com
>
>*Counsel to the Debtors and Debtors in Possession*
>
>-and-
>
>*/s/ Louis B. Ruebelmann* (with permission; original on file with Bradford F. Englander)
>Louis B. Ruebelmann
>MENDELSON & MENDELSON P.C.
>12505 Park Potomac Avenue, Suite 250
>Potomac, Maryland 20854-6805
>Telephone: (301) 656-0001
>Email: lou@mendelsoncpa.com
>
>*Accountants for the Debtors and Debtors-In-Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2024, I served a copy of the foregoing Application via CM/ECF upon all parties receiving notice thereby and by e-mail, where an e-mail address was available, on all persons on the Master Service List established pursuant to Article VI of the Court's Complex Case Procedures.

>*/s/ Alexandra G. DeSimone*
>Alexandra G. DeSimone